UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                                              Case No.: 21-13032
                                                            Hon Judge: Nancy Edmunds

    Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

    Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC | CUMMINGS, McCLOREY, DAVIS |
| By: SAIF R. KASMIKHA (P74320) | & ACHO, P.L.C |
| 42705 Grand River Avenue | By: RONALD G. ACHO (P23913) |
| Suite 201 | 17436 College Parkway |
| Novi, MI 48375 | Livonia, MI 48152 |
| (248) 344-4570 | (734) 261-2400 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| skasmikha@midwestlegalpartners.com | racho@cmda-law.com |

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
313-739-3597
cblack618@gmail.com
Proposed Intervenor
_____/

**MOTION FOR LEAVE TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

--1--

**COMES NOW** Movant/Proposed Intervenor, Charles Blackwell, proceeding *pro se*, moves this Court for leave to intervene pursuant to Fed.R.Civ.P. 24(b)(2) for the limited purposes of unsealing exhibits. Specifically, Movant intends to ask this Court for an order to unseal the exhibits in the Complaint (ECF No.1) and Motion for Temporary Restraining Order (ECF No.3).

Pursuant to ED L.R 7.1(a), Movant certifies that he emailed the Plaintiff Counsel of Record via email on December 30th and 31st, 2021 describing the nature of the relief sought and concurrence was not obtained.

Respectfully Submitted,

/s/Charles Blackwell

**Dated: January 2nd, 2022.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D  Case No.: 21-13032
 Hon Judge: Nancy Edmunds

 Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

 Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC | CUMMINGS, McCLOREY, DAVIS |
| By: SAIF R. KASMIKHA (P74320) | & ACHO, P.L.C |
| 42705 Grand River Avenue | By: RONALD G. ACHO (P23913) |
| Suite 201 | 17436 College Parkway |
| Novi, MI 48375 | Livonia, MI 48152 |
| (248) 344-4570 | (734) 261-2400 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| skasmikha@midwestlegalpartners.com | racho@cmda-law.com |

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
313-739-3597
cblack618@gmail.com
Proposed Intervenor
_____/

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE
AND UNSEAL JUDICIAL RECORDS**

# TABLE OF CONTENT

**TABLE OF AUTHORITIES** ------------------------------------------------------------ 5

**QUESTIONS FOR REVIEW** ---------------------------------------------------------- 6

    I.   Whether The Court Should Grant The Movant Leave To Intervene In The Case For The Limited Purposes To Unseal Judicial Records? ---------------------- 6

    II.  Whether Movant As A Member Of The Public Has Common Law Standing To Unseal Judicial Records? ----------------------------------------------------------- 6

**PRELIMINARY STATEMENT** -------------------------------------------------------- 7

**ARGUMENT** ------------------------------------------------------------------------------ 9

    I.   Movant As A Member of The Public Has Standing To Unseal Public Records. ----------------------------------------------------------------------------------- 9

    II.  Plaintiff Failed To Seek Leave of The Court To Use A Pseudonym And The Court Doesn't Have Subject Matter Jurisdiction To Seal Plaintiff Exhibits From The Public. ------------------------------------------------------------------------ 10

    III.  The Public Has A Common Law Right To Access Judicial Records Such As Exhibits To Plaintiff Complaint and Motion for Temporary Restraining Order. ------------------------------------------------------------------------------------ 12

# TABLE OF AUTHORITIES[1]

**Cases**

*Baxter Intern., Inc. v. Abbott Lab'ys,* 297 F.3d 544 (7th Cir. 2002) ........................ 13

*Blount–Hill v. Zelman*, 636 F.3d 278 (6th Cir. 2011) .................................................. 9

**Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165 (6th Cir. 1983)** ..... 12

**Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630 (6th Cir. 2005)** ...... 10, 11

*Daines v. Harrison*, 838 F. Supp. 1406 (D. Colo. 1993) ............................................ 9

**Doe v. Porter, 370 F.3d 558 (6th Cir. 2004)** ........................................................ 10, 11

*Doe v. Stegall,* 653 F.2d 180 (5th Cir. 1981) ............................................................ 11

**Globe Newspaper Co. v. Superior Ct., 457 U.S. 596 (1982)** ................................ 7, 9

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) .................................................... 9

***In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473-74 (6th Cir. 1983)** 12, 14

Nixon v. Warner Commn'cs, Inc., 435 U.S. 589 (1978) ..................................... 7, 11

*Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488 (6th Cir. 2014) ..... 9

*Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, (1st Cir. 1988) ...................... 10

***Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)** ............................................................................................... **8, 12, 14**

U.S. v. McVeigh, 918 F. Supp. 1452 (W.D. Okla. 1996) ............................................ 9

*United States v. Beckham*, 789 F.2d 401 (CA6 1986) ............................................... 7

**Rules**

Fed. R. Civ. P. 24(a)(2) ............................................................................................... 8

Federal Rule of Civil Procedure 24(a)(2) .................................................................. 8

---

[1] Controlling or Most Appropriate Authorities in Bold

## QUESTIONS FOR REVIEW

I. **Whether The Court Should Grant The Movant Leave To Intervene In The Case For The Limited Purposes To Unseal Judicial Records?**

   **Movant Answers: "YES"**
   **Plaintiff Answers: "NO"**


II. **Whether Movant As A Member Of The Public Has Common Law Standing To Unseal Judicial Records?**

   **Movant Answers: "YES"**
   **Plaintiff Answers: "NO"**

## PRELIMINARY STATEMENT

The public has a substantial interest in closely observing administration of justice in this lawsuit against the Defendant, University of Michigan, which is a public institution and Plaintiff who is a Doctor at the University and a public figure. Plaintiff, Dr. Doe, alleges that the Defendant has suspended him from practicing medicine due to "three *de minimis* matters" in his own words (ECF No. 1, Page.ID 13, ¶58). Dr. Doe also alleges that he was required to attend a behavioral program in Kansas. Id. (Page.ID 11, ¶44). While these are only allegations, they are serious enough to warrant the full view of the public considering the Plaintiff working at a public academic institution and being a public figure. In a case of such gravity, judicial and societal accountability and transparency is of utmost importance. The public has a right to be satisfied that both parties are treated fairly, and that justice is rendered. Scandals at other public academic institutions involving medical professionals have enlarged the public's need and right to scrutinize the behavior of personnel at academic institutions such as the Plaintiff and Defendant. The public cannot achieve this goal with only knowing one party to a fight or selected pieces of crucial information. Taxpayers fund the University of Michigan budget and the Plaintiff salary. The public has a keen interest in the openness's of all aspects of this proceeding.

The Plaintiff has sealed not only the exhibits attached to its Complaint (ECF No.1) but also the exhibits attached to its Motion for a Temporary Restraining Order (ECF No.3). Movant seeks access to these exhibits to vindicate the rights of the public. As a member of the public, Movant has standing to pursue access to judicial records, including exhibits used in civil cases. See *Globe Newspaper Co. v. Superior Ct*., 457 U.S. 596, 609 n.25 (1982); Nixon v. Warner Commn'cs, Inc., 435 U.S. 589, 594–596 (1978); *United States v. Beckham*, 789 F.2d 401, 403 (CA6 1986). An independent judiciary is a hallmark of republican government, but independence is not freedom from scrutiny. Given the presumption of access, and the important role that access plays in self-government, the Court should grant access to the requested exhibits and Plaintiff real name. The public's interest, which already favors open judicial proceedings, is heightened when public officials and government bodies are involved. Plaintiff's status as a public figure is therefore another factor which disfavors anonymity. Plaintiff has described his actions vaguely as only "*de minimis*". If that is strictly the case, such vaguely "de minimis" actions don't nearly meet the burden to seal public records under Sixth Circuit Precedent. See. e.g., *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299 (6th Cir. 2016)

# ARGUMENT

I. **Movant As A Member of The Public Has Standing To Unseal Public Records.**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately 4 represent the applicant's interest." <u>Ohio State Conference of NAACP v. Husted</u>, 588 F. App'x 488, 490 (6th Cir. 2014) (quoting <u>Blount–Hill v. Zelman</u>, 636 F.3d 278, 283 (6th Cir. 2011); see <u>Grutter v. Bollinger</u>, 188 F.3d 394, 397-98 (6th Cir. 1999) (same).

Movant application to intervene is timely by immediately filing a motion to intervene. Movant, as a member of the public and State of Michigan taxpayer who helps fund public universities such as the University of Michigan has a substantial legal interest. There is no other party present to protect the Movant rights and

--9--

public right to improperly sealed exhibits. It is not expected or known if the Defendant will adequately protect these rights.

As the Supreme Court has held, all members of the public must be given a right to be heard on the question of their exclusion from court hearings and records, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982), and it is well-settled that non-party members of the public and press have standing to challenge the sealing of court hearings and records. *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993) (newspaper had standing to challenge sealing of settlement agreement); *U.S. v. McVeigh*, 918 F. Supp. 1452, 1456 (W.D. Okla. 1996) ("movants have standing to present these questions on behalf of themselves and the general public"); see also *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) (public advocacy group had standing to challenge protective order in tobacco litigation).

Accordingly, Movant as a member of the public has standing to bring this motion to intervene and request that this Court vacate its sealing orders in this case.

II. **Plaintiff Failed To Seek Leave of The Court To Use A Pseudonym And The Court Doesn't Have Subject Matter Jurisdiction To Seal Plaintiff Exhibits From The Public.**

The Sixth Circuit has held that a plaintiff's failure to seek permission to proceed under a pseudonym is fatal to his or her case because "federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with

--10--

respect to them." *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 637 (6th Cir. 2005) (citation omitted). After a review of the public docket, it appears the Plaintiff failed to seek permission to proceed using a pseudonym. Simply put, Plaintiff put the cart before the horse by seeking leave of the Court to file exhibits to his Complaint under seal BUT failed to seek leave to file the actual Complaint using a pseudonym (ECF No.2). As such, the Court shouldn't even have subject matter jurisdiction over this case until Plaintiff uses his real name as required by Fed. R. Civ. P. 10(a), or obtain leave of the Court to use the pseudonym by sufficiently satisfying factors set forth in *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

The Sixth Circuit has explained that a party's request to proceed anonymously requires a court to weigh "[s]everal considerations [to] determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d at 560.

> They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Stegall,* 653 F.2d 180, 185-86 (5th Cir. 1981).

Plaintiff didn't seek the Court's permission to proceed anonymously, and the Court has no subject matter jurisdiction over Plaintiff case without his name. See again, e.g., *Citizens for a Strong Ohio v. Marshe*.

### III. The Public Has A Common Law Right To Access Judicial Records Such As Exhibits To Plaintiff Complaint and Motion for Temporary Restraining Order.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files [,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473-74 (6th Cir. 1983); see also *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national

security." <u>Brown & Williamson Tobacco Corp.</u>, 710 F.2d at 1179 (citations omitted). <u>Shane Grp</u> has also told us, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." <u>Shane Grp., Inc</u>., 825 F.3d at 308 (citation and quotations omitted). Plaintiff has not alleged any of the redacted information falls into any of these categories in order to overcome the presumption of access.

The Sixth Circuit addressed the requirements that must be met by both the proponents of an order to seal and the court ruling on that motion in <u>Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299 (6th Cir. 2016). The proponent must also "analyze in detail, document by document, line-by-line the propriety of secrecy, providing reasons and legal citations." <u>Shane Grp.</u>, 825 F.3d at 305-08 (quoting <u>Baxter Intern., Inc. v. Abbott Lab'ys</u>, 297 F.3d 544, 548 (7th Cir. 2002)). A task the Plaintiff has failed to undertake. The Plaintiff has not proffered a line by line or page-by-page basis providing reasons and legal citations to warrant secrecy. The Plaintiff motion for leave to seal the exhibits attached to the complaint and motion for temporary restraining order fails to provide any legal citations to overcome and satisfy its burden for secrecy (ECF No.2 and No.4). As was the case in <u>Shane Group</u>, this explanation is similarly "brief" and

"perfunctory," and thus does not meet the heavy burden to justify sealing an entire set of documents at the adjudication stage. *Shane,* 825 F.3d at 306. Plaintiff exhibits in his Complaint and TRO will be integral to this Court's decision making and adjudication. The *Shane* Court also emphasized that, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307-08 (quoting *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001)). Also, considering the Plaintiff is a doctor at a public institution and suing the Defendant who is the public institution there is a heavier burden the Plaintiff must overcome. ("`[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain `why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.,* 825 F.3d at 306). Respectfully, this Honorable Court failed to follow this requirement by simply granting the Plaintiff motions to seal (ECF No.2 and No.4) through the Court's December 30th, 2021, text-only orders. The Court was required by *Shane Grp* to adequately explain the compelling basis to seal the Plaintiff exhibits and why the seal itself is no broader than necessary. A district court's failure to set forth the specific reasons "why the interests in support

of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary" constitute "grounds to vacate an order to seal." Id. See also In re Knoxville News-Sentinel Co., 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." Shane Grp., Inc., 825 F.3d at 306.

As such, the public has the common-law access to judicial records such as the exhibits attached to the Plaintiff Complaint and motion for temporary restraining. The Plaintiff has failed to overcome the heavy presumption to seal judicial records. Furthermore, the Court has committed a palpable error by granting Plaintiff motion to seal by not adequately explaining the compelling basis for sealing and why seal itself is not overly broad.

Respectfully Submitted

/s/CharlesBlackwell

## CONCLUSION

**WHEREFORE** Movant, Charles Blackwell, respectfully asks this Court to grant his motion to intervene for the limited purposes stated in his motion and brief in support.

## PROOF OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on January 2nd, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.