UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

     Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

     Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

---

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: Saif R. Kasmikha (P74320)<br>42705 Grand River Avenue, Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com<br><br>CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Ronald G. Acho (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com |

---

## DEFENDANTS MARIE LOZON, M.D., AND
## JUSTIN DIMICK, M.D.'s, MOTION TO DISMISS

Defendants, MARIE LOZON, M.D., and JUSTIN DIMICK, M.D., by and through their attorneys, hereby move to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

> The undersigned certifies that there was a conference between David French and Saif Kasmikha on January 4, 2022 in which the movant explained the nature of the motion or request and its legal basis and requested but was denied concurrence in the relief sought.

> For the reasons given in the attached Brief in Support, Defendants respectfully

request that this Honorable Court grant this Motion, dismiss Plaintiff's Complaint with prejudice, and award their costs and attorney's fees so wrongfully sustained.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ David A. French
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen  (P60137)
Attorney for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com

Dated: January 4, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

      Plaintiff,

                                Case No. 21-cv-13032

v.                                Hon. Gershwin Drain
                                  Hon Mag. Judge Curtis Ivy, Jr

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

      Defendants.

---

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC | HALL, RENDER, KILLIAN, HEATH & |
| By: Saif R. Kasmikha (P74320) | LYMAN, PC |
| 42705 Grand River Avenue, Suite 201 | David A. French (P31944) |
| Novi, MI 48375 | Jonathon A. Rabin (P57145) |
| (248) 344-4570 | Larry R. Jensen (P60317) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| skasmikha@midwestlegalpartners.com | 101 W. Big Beaver Rd., Suite 745 |
| | Troy, MI 48084 |
| CUMMINGS, MCCLOREY, DAVIS & | dfrench@hallrender.com |
| ACHO, P.L.C. | jrabin@hallrender.com |
| Ronald G. Acho (P23913) | ljensen@hallrender.com |
| 17436 College Parkway | |
| Livonia, MI 48152 | |
| (734) 261-2400 | |
| Attorneys for Plaintiff | |
| racho@cmda-law.com | |

---

**<u>BRIEF IN SUPPORT OF DEFENDANTS MARIE LOZON, M.D., AND
JUSTIN DIMICK, M.D.'s, MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED.................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF
SOUGHT..................................................................................................... v

INTRODUCTION .............................................................................................. 1

STATEMENT OF FACTS ................................................................................. 1

DISCUSSION OF LAW ..................................................................................... 3

I.  THE COURT LACKS PERSONAL JURISDICTION BECAUSE
    PLAINTIFF CANNOT PROSECUTE THIS ACTION
    PSEUDONYMOUSLY AND PLAINTIFF DID NOT SEEK
    PERMISSION TO DO SO ............................................................................. 3

II.  THE COURT SHOULD DISMISS PLAINTIFF'S ONLY FEDERAL-
     LAW COUNT AGAINST THE INDIVIDUAL DEFENDANTS, FOR
     VIOLATION OF 42 U.S.C. § 1983, BECAUSE IT FAILS TO PLEAD
     FACTS SUFFICIENT TO ESTABLISH LIABILITY AGAINST
     THEM ........................................................................................................ 8

III.  THE COURT ALSO SHOULD DISMISS PLAINTIFF'S ONLY
      FEDERAL-LAW COUNT AGAINST THE INDIVIDUAL
      DEFENDANTS, FOR VIOLATION OF 42 U.S.C. § 1983, FOR THE
      REASONS GIVEN IN DEFENDANT BOARD OF REGENTS'
      MOTION .................................................................................................. 11

IV.  THE COURT SHOULD DISMISS PLAINTIFF'S ONLY FEDERAL-
     LAW COUNT AGAINST THE INDIVIDUAL DEFENDANTS FOR
     VIOLATION OF 42 U.S.C. § 1983, BECAUSE THE CLAIM IS
     BARRED BY QUALIFIED IMMUNITY .................................................... 11

V.  THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION
    OVER PLAINTIFF'S STATE LAW CLAIMS .......................................... 15

VI.  PLAINTIFF'S STATE LAW CLAIMS SHOULD ALSO BE
     DISMISSED FOR FAILURE STATE CLAIMS ON WHICH RELIEF
     CAN BE GRANTED.................................................................................. 16

VII.  THE COURT SHOULD DISMISS PLAINTIFF'S STATE-LAW TORT
      CLAIMS FOR THE ADDITIONAL REASON THAT THEY ARE
      BARRED BY STATUTORY GOVERNMENTAL IMMUNITY ............. 17

i

VIII.  THE COURT SHOULD DISMISS PLAINTIFF'S COUNT VI (FOR
       INJUNCTIVE RELIEF) BECAUSE THERE IS NO UNDERLYING
       ACTIONABLE CLAIM .............................................................. 19

IX.  THE COURT SHOULD ALSO DISMISS PLAINTIFF'S COUNT VI TO
     THE EXTENT BASED ON STATE-LAW CLAIMS BECAUSE
     SUCH RELIEF IS BARRED BY THE ELEVENTH AMENDMENT...... 19

CONCLUSION ................................................................................... 21

CERTIFICATE OF SERVICE ............................................................ 22

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

1. Should the Court dismiss Plaintiff's anonymous Complaint for lack of personal jurisdiction?

   Defendants answer "yes."
   Plaintiff would answer "no."

2. Should the Court dismiss Plaintiff's claims against the individual defendants under 42 U.S.C. § 1983 because Plaintiff makes no factual allegations against them sufficient to state a claim on which relief can be granted?

   Defendants answer "yes."
   Plaintiff would answer "no."

3. Should the Court dismiss Plaintiff's claims against the individual defendants under 42 U.S.C. § 1983 because Plaintiff has not pleaded the deprivation of a property right or liberty interest in violation of the Fourteenth Amendment?

   Defendants answer "yes."
   Plaintiff would answer "no."

4. Should the Court dismiss Plaintiff's claims against the individual defendants under 42 U.S.C. § 1983 because such claims are barred by qualified immunity?

   Defendants answer "yes."
   Plaintiff would answer "no."

5. Should the Court decline to exercise jurisdiction over Plaintiff's state-law claims?

   Defendants answer "yes."
   Plaintiff would answer "no."

6. Should the Court dismiss Plaintiff's claims against the individual defendants under state law for failure to state claims on which relief can be granted?

   Defendants answer "yes."
   Plaintiff would answer "no."

7.  Should the Court dismiss Plaintiff's tort claims against them under state law based on statutory governmental immunity?

    Defendants answer "yes."
    Plaintiff would answer "no."

8.  Should the Court dismiss Plaintiff's requests for injunctive relief because they are no underlying actionable claims?

    Defendants answer "yes."
    Plaintiff would answer "no."

9.  Should the Court dismiss Plaintiff's requests for injunctive relief, to the extent based on state law, because such relief is barred by the Eleventh Amendment?

    Defendants answer "yes."
    Plaintiff would answer "no."

# CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

Cases

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ... 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 9, 14

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001) ............................... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................ 9

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. Jan.3, 2005) ...... 7

*District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 199 L.Ed.2d 453 (2018) ................................................................................................................ 14

*Doe v. Milwaukee Cty.*, No. 18-CV-503, 2018 WL 3458985 (E.D. Wis. July 18, 2018) ......................................................................................................... 5

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ................................................... 4, 6, 7

*G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589 (W.D. Mich. Feb. 6, 2012) ......................................................................................................... 4, 5, 7

*Hearring v. Sliwowski*, 712 F.3d 275 (6th Cir. 2013) .......................................... 12

*Henry v. Dow Chem. Co.*, 473 Mich. 63 (2005) .................................................. 19

*Iqbal*, 556 U.S. at 681 (2009) .................................................................... 9, 10, 16

*K.S. v. Detroit Pub. Sch.,* No. 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015) ........................................................................................................ 6

*Marillis v. Township of Redford*, 693 F.3d 589 (6th Cir. 2012) ........................... 10

*McAllister v. Kent State Univ.*, 454 F. Supp. 3d 709 (N.D. Ohio 2020) .............. 20

*Moderwell v. Cuyahoga County, Ohio*, 997 F. 3d 653 (6th Cir. 2021) ................. 14

*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240 (10th Cir.1989) .................................................................................... 7

*Odom v. Wayne County*, 482 Mich. 459; 760 N.W.2d 217 (2008) ................. 17, 18

*Otte v. Kasich*, 709 F. App'x 779 (6th Cir. 2017) ................................................ 20

*Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016) ................................... 9

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ........................................................................................ 20

*Richardson v. Cty. of Wayne*, No. 08-14248, 2009 WL 3429740, at *5 (E.D. Mich. Oct. 21, 2009) ...................................................................................... 18

*Riley–Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at *5 (E.D.Mich. Oct.18, 2013) (Rosen, C.J.) ........................................................................... 19

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979) ........................................................................................... 4

*Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ............. 13

*Terlecki v. Stewart*, 278 Mich. App. 644, 754 N.W.2d 899 (2008) ...................... 19

*Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002) ............................................................................................. 9

*Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997)........................................ 13

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ........................................................................... 15

*Wells v. Brown*, 891 F. 2d 591 (6th Cir. 1989) ...................................... 8

*West v. Atkins*, 487 U.S. 42 (1988) ........................................................ 8

*White v. Pauly*, 137 S.Ct. 548 (2017) .................................................. 14

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ........................ 8

*Williams v. Com. of Ky.*, 24 F.3d 1526 (6th Cir. 1994) ........................ 20

*Williams v. Mehra*, 186 F.3d 685 (6th Cir. 1999).................................. 13

## Statutes

42 U.S.C. § 1983.............................................................................. passim

42 U.S.C. §§ 11131, et. seq................................................................... 2

42 U.S.C. §§ 11133(a)(1)..................................................................... 2

## Other Authorities

M Civ JI 14.11 and 14.12.................................................................... 18

## Rules

Fed.R.Civ.P. 8(a)(2) ............................................................................. 9

Federal Rule of Civil Procedure 12(b)(1) and (6).................................. 1

## INTRODUCTION

In this case, Plaintiff seeks monetary and injunctive relief from Defendants Regents of the University of Michigan, Dr. Marie Lozon and Dr. Justin Dimick. He brought 6 counts against Defendants, with only one under federal law (violation of the Fourteenth Amendment to the U.S. Constitution under 42 U.S.C. § 1983) and various state law claims and for injunctive relief. He filed the action under the pseudonym "John Doe" but without permission from the Court and adequate grounds to do so.

The instant Motion seeks dismissal of Plaintiff's Complaint against the individual Defendants under Federal Rule of Civil Procedure 12(b)(1) and (6). As set forth below, Plaintiff has no basis for relief against the individual Defendants.

## STATEMENT OF FACTS

### *Plaintiff's Allegations*

According to the Complaint, Plaintiff is a physician with the University of Michigan Health System ("UMH"). As the Complaint reflects, UMH is a hospital and health system operated by the University of Michigan.[1] (Complaint, §4). Under the Michigan Constitution, the Regents of the University of Michigan are a body

---

[1] Plaintiff cannot and does not allege that the University of Michigan Health System is a private corporation.

1

corporate and are charged with the University's general supervision. Mich. Const., Article VIII § 5.

Plaintiff claims to be a member of the UMH medical staff. (Complaint, ¶103). The Complaint states that, after three recent "non-event matters," UMH suspended his clinical privileges indefinitely and reported him to the National Practitioner's Data Bank ("NPDB").[2] (Complaint, ¶¶39-40). He further states that an action to recommend the revocation of his clinical privileges was made and that his request for renewal of his clinical privileges was denied. (Complaint, ¶¶86, 91). He also complains that UMH has not yet conducted a fair hearing in accordance with its medical staff bylaws. (Complaint, ¶59). Plaintiff claims that these actions have caused harm to his reputation, mental well-being, his career and patients. (Complaint, *passim*).

The Complaint includes six counts for relief with only one being based in federal law. That claim, in Count I, seeks relief under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment to the U.S. Constitution. The other claims include breach of contract, breach of fiduciary and public duties, intentional infliction of emotional distress, retaliation, and injunctive relief.

---

[2] The NPDB is an informational database about healthcare providers established under 42 U.S.C. §§ 11131, et. seq. According to the law, all health care entities must report to the NPDB "a professional review action that adversely affects the clinical privileges of a physician for a period longer than 30 days." *Id*. § 11133(a)(1).

*Plaintiff's Bare Allegations Against the Two Individual Defendants*

Plaintiff's Complaint contains no allegations of substance against either Defendant Lozon or Defendant Dimick. Plaintiff states that they are both employees of Defendant Board of Regents. (Complaint, ¶¶7-8).

Beyond that, with respect to Defendant Lozon, Plaintiff states that she informed him of two things. Specifically, Plaintiff asserts that she told him the "'investigation' and process will take more than 30 days" and that his "suspension will be reported to the NPDB and the State of Michigan Board of Medicine because it will exceed that 30-day timeframe." (Complaint, ¶¶46-47).

Plaintiff makes <u>no</u> allegations specific to Defendant Dimick at all. His name appears only in the paragraph identifying the Regents as his employer and which also states that Dr. Dimick serves as the current Chair of the Department of Surgery. (Complaint, ¶8).

## DISCUSSION OF LAW

## I. THE COURT LACKS PERSONAL JURISDICTION BECAUSE PLAINTIFF CANNOT PROSECUTE THIS ACTION PSEUDONYMOUSLY AND PLAINTIFF DID NOT SEEK PERMISSION TO DO SO

Federal Rule 10(a) states that "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties ...." Courts "may excuse plaintiffs from identifying themselves in certain

circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). As the Sixth Circuit further explained, "[s]everal considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.*

The Hon. Janet Neff of the Western District of Michigan gave examples of situations in which courts have permitted anonymous prosecution by the plaintiff, none of which apply here. In *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589 (W.D. Mich. Feb. 6, 2012), Judge Neff stated:

> Courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir.1979) (footnotes and citation omitted). Many of the plaintiffs "also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." Id. at 713. No comparable circumstances exist here. Plaintiff's privacy interests do not "substantially outweigh the presumption of open judicial proceedings." See *Porter,* 370 F.3d at 560. Plaintiff must therefore proceed with this action, if at all, in his full name rather than merely his initials.

4

In *Shinseki*, the plaintiff sued an official with the Department of Veterans Affairs for disability discrimination. Although the first two factors arguably applied, this was not adequate for the court to allow pseudonymous prosecution. Judge Neff explained:

> Defendant asserts that only factors (1) and (2) above even arguably apply in this case, and they do not weigh in favor of allowing Plaintiff to proceed under a pseudonym. The Court agrees. Plaintiff provides no persuasive justification under factor (1), a challenge to governmental activity, which Defendant notes, usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute. With regard to factor (2), Plaintiff's alleged disabilities are not so intimate or stigmatizing that they justify proceeding pseudonymously. Disability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs.

An analogous case is *Doe v. Milwaukee Cty.*, No. 18-CV-503, 2018 WL 3458985 (E.D. Wis. July 18, 2018), where the plaintiff physician filed under a pseudonym claiming that the defendants made a wrongful report to the National Practitioner Data Bank (NPDB), thereby harming his reputation. The plaintiff argued that "revealing his identity will prevent him from being able to obtain employment in the future." He further argued that if he prevailed, "it would be a mere hollow victory if his Data Bank entry was removed but there was a public record containing the facts and circumstances of the Data Bank entry." The Court rejected this argument and held:

> As expressed by the Seventh Circuit Court of Appeals, the public has a right to open judicial proceedings and to know who is using our courts. Only under exceptional circumstances is a plaintiff allowed to proceed

anonymously. A plaintiff understands that is part of the deal when choosing to proceed in court. The present situation is not one in which the party seeking anonymity was haled into court against his will. The plaintiff brought this lawsuit, and having done so must proceed under his real name. *Id*. at *2.

Compare *K.S. v. Detroit Pub. Sch.,* No. 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015), in which the Hon. David Lawson allowed the plaintiff to continue proceeding under a pseudonym where the complaint alleged under 42 U.S.C. § 1983 that the defendants violated his 14th Amendment rights by permitting the defendant (Charles Pugh) to sexually abuse and harass him, even though it appeared at the point Judge Lawson ruled that most of the instances of abuse occurred when the plaintiff had turned 18.

Applying the principles of *Doe v. Porter,* it is clear that Plaintiff has no basis for prosecuting this case anonymously. Although Plaintiff tangentially challenges "governmental activity," he does not challenge a governmental policy or law. Instead, Plaintiff challenges how Defendants applied a policy to his unique personal situation. His claims are not so intimate or stigmatizing that he is justified in being allowed to pursue this case anonymously. Nothing about prosecuting this lawsuit will require Plaintiff to disclose information of the "utmost intimacy." He does not even claim that the litigation would compel him to disclose an intention to violate the law. And, finally, he is not a child, and was not haled into court by UMH, but instead chose himself to resort to judicial remedies.

In addition, Plaintiff never even sought permission from this Court to file pseudonymously. This failure is sufficient, standing alone, to justify dismissal of Plaintiff's Complaint. In *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636–37 (6th Cir. Jan.3, 2005), the Sixth Circuit affirmed dismissal of a complaint for failure to seek permission to file under a pseudonym. In that case, the Court said:

> Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym. See [*Porter*, 370 F.3d] at 560. In this case, however, the docket sheet does not reflect any motion or proceeding dealing with whether the three anonymous plaintiffs could proceed under pseudonyms. Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989).

*Marsh*, 123 Fed. App'x at 636–37. Based on that authority, in *Shinseki, supra*, Judge Neff also dismissed the plaintiff's complaint because he did not have permission first to file under a pseudonym.[3] 2012 WL 381589.

A review of this Court's docket reflects that Plaintiff did not seek permission to file under a pseudonym. In fact, while Plaintiff filed a motion seeking permission to file materials under seal, he did not bring a motion to allow anonymous prosecution. Accordingly, the Court should dismiss Plaintiff's Complaint.

---

[3] The court granted the plaintiff leave to amend.

7

## II.     THE COURT SHOULD DISMISS PLAINTIFF'S ONLY FEDERAL-LAW COUNT AGAINST THE INDIVIDUAL DEFENDANTS, FOR VIOLATION OF 42 U.S.C. § 1983, BECAUSE IT FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH LIABILITY AGAINST THEM

Plaintiff's first and only federal claim against Defendants rests on 42 U.S.C. § 1983, which provides: "Every person who, under color of [state law] subjects, [a] person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."[4]

Plaintiff named as Defendants Dr. Lozon and Dr. Dimick, "Individually." Defendants must assume therefore that Plaintiff has sued them in their individual, rather than official, capacities.[5] An individual-capacity claim seeks to hold an

---

[4] "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] As the Sixth Circuit observed, "the face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees." *Wells v. Brown*, 891 F. 2d 591, 593 (6th Cir. 1989). Plaintiff's reference to the defendants in the caption, "individually" (rather than in their "official capacities") plainly shows that he intended to hold them "personally accountable." See *id.* Further, a claim against employees in their official capacities are claims against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and Plaintiff here separately named the State as a defendant (the Board of Regents). For that reason, too, the individual defendants must assume that the claims are brought against them in their individual capacities.

official personally liable for the wrong alleged. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016).

In order to survive a motion to dismiss, Plaintiff must allege facts which, if true "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[6] "A claim has facial plausibility when the plaintiff **pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**." *Id*. (emphasis added).

As the Sixth Circuit explained, "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint **and what each defendant did to violate the asserted right**." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis added). Thus, Court "has adopted the requirement that a plaintiff allege 'with particularity' all material facts to be relied upon when asserting that a government official has violated a constitutional right." *Terrance*, 286 F.3d at 842. "**[A] plaintiff must plead**

---

[6] Under Rule 8 of the Federal Rules of Civil Procedure, a must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While "detailed factual allegations" are not required, Plaintiff must include more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

***that each Government-official defendant, through the official's own individual
actions, has violated the Constitution*,....**" *Iqbal*, 556 U.S. at 676 (emphasis added).

Plaintiff's Complaint contains no allegations of substance against Defendants
Lozon or Dimick with regard to the Section 1983 claim. Plaintiff states only that
Defendant Dimick was employed by the Board of Regents and that he serves as the
Chair of Surgery. It does not say what he did or did not do to violate Plaintiff's
Fourteenth Amendment rights. Similarly with Defendant Lozon, it identifies her as
an employee (without her title) and states that she told him how long the
investigation and process might take and that his suspension would be reported to
the NPDB and the State Board of Medicine. (Complaint, ¶¶46-47).

These allegations hardly establish constitutional violations and they are
plainly insufficient to make the individual Defendants liable under Section 1983. It
is irrelevant that Plaintiff uses the categorical "Defendants" in his factual allegations
or in stating his legal conclusions. See e.g., *Marillis v. Township of Redford*, 693
F.3d 589, 596-97 (6th Cir. 2012) (affirming dismissal of the two individual
defendants where the plaintiff's complaint referred to them in only one paragraph
stating they were police officers and otherwise simply made "categorical references
to 'Defendants'" without including allegations describing what each defendant
allegedly did that violated plaintiffs' rights); *Atuahene v. City of Hartford*, 10 F.
App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint because the plaintiff

did not meet the minimum pleading standard by simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct,…"). For this reason alone, Plaintiff's Section 1983 claims against the individual defendants should be dismissed.

### III. THE COURT ALSO SHOULD DISMISS PLAINTIFF'S ONLY FEDERAL-LAW COUNT AGAINST THE INDIVIDUAL DEFENDANTS, FOR VIOLATION OF 42 U.S.C. § 1983, FOR THE REASONS GIVEN IN DEFENDANT BOARD OF REGENTS' MOTION

As set forth in a separately-filed Motion to Dismiss on behalf of the Board of Regents, Plaintiff fails to state a claim on which relief can be granted for the Section 1983 claims because Plaintiff does not allege that he was deprived of constitutionally-protected property or liberty interests. The authorities and reasons that demonstrate the same are fully explicated in the separately file Motion to Dismiss on behalf of the Regents, and are adopted by reference herein. For these same reasons, the Court should dismiss Plaintiff's claims against the individual defendants.

### IV. THE COURT SHOULD DISMISS PLAINTIFF'S ONLY FEDERAL-LAW COUNT AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATION OF 42 U.S.C. § 1983, BECAUSE THE CLAIM IS BARRED BY QUALIFIED IMMUNITY

As noted, Plaintiff's only federal claim seeks relief under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment. In the heading of Count I,

Plaintiff notes that Defendants violated his "procedural" (rather than substantive) due process rights.

Section 1983 provides: "Every person who, under color of [state law] subjects, [a] person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

Plaintiff presents his Section 1983 claim on three basic fronts. First, he asserts that UMH stripped Plaintiff of his medical staff privileges without due process and in violation of the medical staff bylaws. (Complaint, ¶105). Second, he asserts that UMH harmed a liberty interest in his "good name, reputation, honor, integrity, and character, and in pursuing his chosen profession" without due process. *Id*. at ¶¶108-111. Third, he suggests that UMH arbitrarily reduced his salary without due process. *Id.* at ¶¶112 & 117.

As noted, Plaintiff named Defendants Lozon and Dimick in their individual capacities. The doctrine of qualified immunity shields governmental employees from individual liability under section 1983 "insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Hearring v. Sliwowski*, 712 F.3d 275, 279 (6th Cir. 2013) (internal quotations and citations omitted). Whether the uncontested facts demonstrate a

constitutional violation is a question of law. *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997).

Courts analyzing qualified immunity employ a two-step inquiry. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, the court must decide if the facts alleged or shown establish the violation of a constitutional right. *Id.* at 201. If the plaintiff has made this showing, the court must determine if the constitutional right was "clearly established" when the alleged misconduct occurred. *Id*.

To overcome qualified immunity, Plaintiff must show (1) that the individual Defendant violated Plaintiff's constitutional rights, and (2) that the constitutional right allegedly violated was clearly established. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

As to the first inquiry, as set forth in the separately-pending Motion on behalf of the Board of Regents, Plaintiff has not even alleged facts that would establish that Plaintiff's was deprived of a property or liberty interest protected by the Fourteenth Amendment. For that reason alone, Plaintiff's Section 1983 claims against the individual defendants are barred by qualified immunity.

With regard to the second inquiry, the Sixth Circuit recently explained Plaintiff's burden this way:

> A Government official's conduct violates clearly established law when,
> at the time of the challenged conduct, the contours of a right are

13

sufficiently clear that ***every reasonable official would have understood that what he is doing violates that right***. *Ashcroft*, 563 U.S. at 741, 131 S.Ct. 2074 (cleaned up). ***To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.*** *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 589, 199 L.Ed.2d 453 (2018). There does not need to be a case directly on point, but existing precedent must have placed the statutory or constitutional question ***beyond debate***. *Ashcroft*, 563 U.S. at 741, 131 S.Ct. 2074 (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

*Moderwell v. Cuyahoga County, Ohio*, 997 F. 3d 653, 659-660 (6ᵗʰ Cir. 2021) (internal quotations omitted; emphasis added).

Further, the Court must consider the law "in light of the specific context of the case, not as a broad general proposition." *Ashcroft v al-Kidd*, 131 S.Ct. 2074, 2084 (2011). Thus, for example, a court may not deny qualified immunity because of the general proposition that an unreasonable search or seizure violates the 4th amendment. *Id*. Instead, it must look first to Supreme Court decisions, then Sixth Circuit precedent, then other appellate courts, and then must determine if "these precedents placed the . . . constitutional question beyond debate." (emphasis added) *Id*. at 2083. As the Supreme Court explained and reiterated, "the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (2017), quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (emphasis added) (qualified immunity applied because the "plaintiff failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment").

14

Here, the Complaint does not claim (nor could it) that the individual defendants named had the <u>authority</u> to suspend or not renew his clinical privileges or to reduce his salary (they certainly did not).[7] Nevertheless, even if Plaintiff made such allegations, there would be no basis whatsoever to conclude that the actions violated clearly-established property rights or liberty interests protected by the Fourteenth Amendment. In fact, as shown in Defendant Board of Regents' separately-filed Motion to Dismiss, no Court in the Sixth Circuit has held that circumstances such as those presented violated a plaintiff's Fourteenth Amendment rights (and certainly the Supreme Court has not done so either). Accordingly, the Court should dismiss Count I against Defendants Lozon and Dimick for failure to state a claim on which relief can be granted.

## V. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Under the supplemental jurisdiction statute, 28 U.S.C. § 1367, this Court can exercise discretion to retain subject matter jurisdiction over state law claims when federal claims are dismissed. However, the <u>strong federal custom</u> since *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966),

---

[7] The UMH Medical Staff Bylaws, which Plaintiff's Complaint references is crystal clear that only the UMHS Board (referred to in the Bylaws as the Hospital and Health Centers Executive Board or "HHCEC" has the final authority to grant or revoke clinical privileges. See e.g., Article V, Sections 5.2-11, 5.3-4.

is to dismiss state law claims and allow state courts to decide claims arising under their laws. No valid reason exists to depart from this custom, and accordingly, this Court should decline the exercise of jurisdiction over Plaintiff's state-law claims.

## VI.   PLAINTIFF'S STATE LAW CLAIMS SHOULD ALSO BE DISMISSED FOR FAILURE STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED

As with Plaintiff's Section 1983 claims, the bare nature of the claims against the individual defendants are insufficient to establish the facial plausibility based on "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

With regard to Count II (breach of contract), Plaintiff cannot claim that he had a contract <u>with</u> either Dr. Dimick and Dr. Lozon since the supposed contract was the Medical Staff Bylaws, which Plaintiff does not claim were adopted by the individual defendants. With regard to Count III (breach of fiduciary or public duties), Plaintiff also cannot claim that these individuals, whom Plaintiff identifies each as <u>employees</u> of the Board of Regents, owed him such duties. (Count III). In Count IV (intentional infliction of emotional distress), Plaintiff identifies no act or conduct for which the individual defendants can be held liable. With respect to Count V (retaliation), Plaintiff can offer no legal basis for individual liability and includes no details about the conduct that they personally engaged in that constituted retaliation. Indeed, as shown in the Board of Regents' Motion to Dismiss, Plaintiff does not even offer a

legal protection that his conduct created.  For each of the above reasons, the Court should dismiss Plaintiff's state-law tort and contract claims.

## VII. THE COURT SHOULD DISMISS PLAINTIFF'S STATE-LAW TORT CLAIMS FOR THE ADDITIONAL REASON THAT THEY ARE BARRED BY STATUTORY GOVERNMENTAL IMMUNITY

Plaintiff's Count III and Count IV seek relief from the individual defendants for alleged intentional torts (breach of fiduciary and public duties, intentional infliction of emotional distress. These claims should be dismissed based on governmental immunity. Further, the basis for Count V (retaliation) is unclear and, to the extent it seeks relief in tort, it should be dismissed for the same reason.

Where the plaintiff pleads an intentional tort against a governmental employee (other than a judge, legislator, or the highest-ranking appointed executive official), the Court must determine whether: (a) the defendant's acts were undertaken during the course of employment and the employee was acting, or reasonably believed he was acting, within the scope of his authority; (b) the acts were undertaken in good faith, or were not undertaken with malice; and (c) the acts were discretionary, as opposed to ministerial. *Odom v. Wayne County*, 482 Mich. 459; 760 N.W.2d 217, 222 (2008).

Where the complaint contains no factual allegations upon which Plaintiff can avoid governmental immunity for such torts, the claim should be dismissed. See e.g., *Richardson v. Cty. of Wayne*, No. 08-14248, 2009 WL 3429740, at *5 (E.D. Mich.

Oct. 21, 2009) (dismissing plaintiff's intentional tort claims for false arrest and false imprisonment against defendant police officer for failure to state claims because, in communicating with police in Indiana regarding the plaintiff, she was reasonably acting within the scope of her employment, the plaintiff's characterization of her conduct as malicious were insufficient as factual allegations, and the act of identifying the plaintiff by photograph was discretionary).

Here, Plaintiff does not and cannot allege that Defendants Lozon and Dimick were not reasonably acting within the scope of their authority. Further, nothing in Counts III through V reflect any support for the proposition that they acted in bad faith.[8] Finally, whatever actions Plaintiff claims they took (which, as noted, are not set forth in the Complaint), are not claimed to be merely ministerial. For each of

_____

[8] As to the good-faith inquiry, whether the individual defendants' conduct was "*objectively* reasonable" is immaterial. *Odom,* 482 Mich. at 481-482. Rather, this test is "*subjective* in nature. It protects a defendant's *honest belief* and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with *malicious intent*." *Id.* (emphasis added). The Michigan Supreme Court described a lack of good faith as acting with "malicious intent, capricious action or corrupt conduct," or "willful and wanton misconduct [evincing] an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Odom*, 482 Mich. at 474-475. The Court also invited attention to the Standard Civil Jury Instructions, which define "'willful misconduct' as 'conduct or a failure to act that was intended to harm the plaintiff' and 'wanton misconduct' as 'conduct or a failure to act that shows such indifference to whether harm will result as to be equal to a willingness that harm will result.'" *Id.* (footnotes omitted); M Civ JI 14.11 and 14.12.

these reasons, the Court should dismiss Counts III through V against the individual

defendants.

## VIII. THE COURT SHOULD DISMISS PLAINTIFF'S COUNT VI (FOR INJUNCTIVE RELIEF) BECAUSE THERE IS NO UNDERLYING ACTIONABLE CLAIM

Count VI seeks injunctive relief. However, as set forth above, Plaintiff has

no underlying actionable claims. Count VI should be dismissed on this

independent ground.[9]

## IX. THE COURT SHOULD ALSO DISMISS PLAINTIFF'S COUNT VI TO THE EXTENT BASED ON STATE-LAW CLAIMS BECAUSE SUCH RELIEF IS BARRED BY THE ELEVENTH AMENDMENT

This Court cannot award injunctive relief against the individual defendants

under state law. The Eleventh Amendment to the United States Constitution

provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

---

[9] See, e.g., *Riley–Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at \*5 (E.D.Mich. Oct.18, 2013) (Rosen, C.J.); see also *Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."); *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96–97 (2005) ("It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy.").

In *Otte v. Kasich*, 709 F. App'x 779, 783 (6th Cir. 2017), the Sixth Circuit made clear that the Eleventh Amendment bars state-law claims for injunctive relief against governmental employees sued in their individual capacities, including claims for declaratory or injunctive relief. In *Otte*, the plaintiffs sued in federal court and sought declaratory and injunctive relief claiming that the participation of execution team members and a pharmacist would violate the Ohio Corrupt Practices Act. The Court ruled that these claims, brought under state law, against employees sued in their individual capacities, would violate the Eleventh Amendment. When the plaintiffs claimed that suits in the defendants' <u>individual</u> capacities distinguished their relief under the Eleventh Amendment, the Court rejected that argument because the relief would prevent the State itself from undertaking the action that the Eleventh Amendment prohibited the Court from entertaining. *Id*. at 783-784. Accord: *McAllister v. Kent State Univ*., 454 F. Supp. 3d 709, 717 (N.D. Ohio 2020) ("To the extent that Plaintiff's state law claim is for injunctive relief against the individual Defendants, this claim is foreclosed by the Eleventh Amendment") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); *Williams v. Com. of Ky*., 24 F.3d 1526, 1543 (6th Cir. 1994) ("Following *Pennhurst*, we hold that the Eleventh Amendment bars Williams' state law claims insofar as they seek injunctive relief"). Therefore, Plaintiff's request for injunctive

relief against the individual defendants, to the extent based on state law, must be dismissed.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant this Motion, dismiss the Complaint with prejudice, and award their costs and attorneys' fees so wrongfully sustained.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ David A. French
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen  (P60137)
Attorney for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

/s/ David A. French

David A. French
101 West Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com

4820-8795-0590v5

22