UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

    Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

_____

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: Saif R. Kasmikha (P74320)<br>42705 Grand River Avenue, Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH & LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.<br>Ronald G. Acho (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

_____

## DEFENDANTS' MOTION TO PERMIT FILING CERTAIN DOCUMENTS UNDER SEAL

Defendants, by and through their attorneys, hereby move this Court pursuant to LR 5.3(b), for an order authorizing the filing of certain documents under seal.

The undersigned certifies that he contacted Saif Kasmikha and Ronald Acho (both counsel for Plaintiff) by email on January 7, 2022 and explained the nature of the motion and its legal basis and requested concurrence but did not receive a response.

### **Index of Documents to be Filed Under Seal**

| Document or Section | Whether Plaintiff Objects |
|---|---|
| Unredacted copies of Defendants Marie Lozon, MD and Justin Dimick, MD's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.<br><br>A public filing would be made with redactions in portions of the Table of Contents, the entire Introduction, the entire Statement of Facts and portions of the Statement of Law (Ex. A hereto) | Unknown |
| Unredacted copies of Defendant Board of Regents of University of Michigan's Response to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued<br><br>A public filing would be made with redactions in portions each of the Introduction and Statement of Law (Ex. B hereto) | Unknown |
| Exhibits 3-10 to Defendants Marie Lozon, MD and Justin Dimick, MD's Response and Supporting Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. | Unknown |
| Exhibits 3-10 to Defendant Board of Regents of University of Michigan's Response and Supporting Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. | Unknown |

Upon entry of the order authorizing the sealing of the foregoing documents, Defendants are prepared to promptly file their respective Responses to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.

WHEREFORE, and for the reasons given in the attached Brief in Support, Defendants respectfully request that this Honorable Court grant this Motion, and enter an Order permitting them to file, under seal, the documents and portions of documents set forth in the above Index.

        Respectfully submitted,

        HALL RENDER KILLIAN HEATH & LYMAN, PC

        /s/ Jonathon A. Rabin
        Jonathon A. Rabin (P57145)
        Attorneys for Defendants
        101 W. Big Beaver Road, Suite 745
        Troy, MI 48084
        (248) 740-7505
        jrabin@hallrender.com

Dated: January 7, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

    Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

_____

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: Saif R. Kasmikha (P74320)<br>42705 Grand River Avenue, Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com |
| CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Ronald G. Acho (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PERMIT
FILING CERTAIN DOCUMENTS UNDER SEAL**

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED .................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ................................................................................................ iii

STATEMENT OF FACTS ................................................................................ 1

DISCUSSION OF LAW .................................................................................... 2

I.  THE COURT SHOULD GRANT DEFENDANTS' REQUEST TO FILE THE DOCUMENTS UNDER SEAL ............................................................. 2

    A.  The Request to Seal Satisfies Controlling Legal Authority ...................... 3

    B.  Non-Party and Third-Party Privacy Interests ............................................ 6

    C.  Materials Not Covered by Protective Order ............................................. 6

    D.  Index of Materials to Be Filed Under Seal ............................................... 6

    E.  Copies of Redacted Documents ................................................................ 6

CONCLUSION ................................................................................................. 7

CERTIFICATE OF SERVICE ......................................................................... 8

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

1. Should enter an order authorizing the sealing of documents as described herein?

Defendants answer "yes."

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

**Cases**

*In re Lieberman*, 250 Mich.App. 381, 646 N.W.2d 199 (Mich. Ct. App. 2002)

*Krusac v. Covenant Medical Center, Inc.,* 497 Mich. 251, 865 N.W.2d 908 (Mich. 2015).

*Loyd v. St. Joseph Mercy Oakland*, 2013 WL 1120040 (E.D. Mich. March 18, 2013)

*Manzo v. Petrella*, 261 Mich.App. 705, 683 N.W.2d 699 (Mich. Ct. App. 2004)

**Statutes**

M.C.L. §333.20175(8)

M.C.L. §333.21515.

M.C.L. §331.533:

**Rules**

Local Rule 5.3 of the Eastern District of Michigan

## STATEMENT OF FACTS

*Plaintiff's Allegations*

According to the Complaint, Plaintiff is a physician with the University of Michigan Health System ("UMH"). As the Complaint reflects, UMH is a hospital and health system operated by the University of Michigan. (Complaint, §4). Under the Michigan Constitution, the Regents of the University of Michigan are a body corporate and are charged with the University's general supervision. Mich. Const., Article VIII § 5.

Plaintiff claims to be a member of the UMH medical staff. (Complaint, ¶103). The Complaint states that, after three recent "non-event matters," UMH suspended his clinical privileges indefinitely and reported him to the National Practitioner's Data Bank ("NPDB"). (Complaint, ¶¶39-40). He further states that an action to recommend the revocation of his clinical privileges was made and that his request for renewal of his clinical privileges was denied. (Complaint, ¶¶86, 91). He also complains that UMH has not yet conducted a fair hearing in accordance with its medical staff bylaws. (Complaint, ¶59). Plaintiff claims that these actions have caused harm to his reputation, mental well-being, his career and patients. (Complaint, *passim*).

The Complaint includes six counts for relief with only one being based in federal law. That claim, in Count I, seeks relief under 42 U.S.C. § 1983 for alleged

1

violation of his rights under the Fourteenth Amendment to the U.S. Constitution. The other claims include breach of contract, breach of fiduciary and public duties, intentional infliction of emotional distress, retaliation, and injunctive relief.

## DISCUSSION OF LAW

### I. THE COURT SHOULD GRANT DEFENDANTS' REQUEST TO FILE THE DOCUMENTS UNDER SEAL

Under Local Rule 5.3(b)(3)(C), this Court may grant a motion to seal "upon a finding of a compelling reason why certain documents or portions thereof should be sealed." The process for such a Motion is outlined in Local Rule 5.3(b), which states, in relevant part:

> (2) A party or other person seeking to file a document under seal in a civil case under this section must file and serve a motion to authorize sealing that is narrowly tailored to seek sealing in accord with applicable law.
>
> (3) Procedure for Moving to File Under Seal.
>
> (A) Motion. Any motion to file under seal must contain:
>
> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
>
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;

(iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;

(v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit. The redacted version must be clearly marked by a cover sheet or other notation identifying the document as a "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED"; and

(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order. The unredacted version must be clearly marked by a cover sheet or other notation identifying the document as an "UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR 5.3(b)(3)(B)(iii)." The unredacted version must clearly indicate, by highlighting or other method, the portions of the document which are the subject of the motion.

(B) If the Court has not ruled on the sealing motion by the time the underlying filing must be made (e.g., a motion or brief or exhibits attached thereto), said filing shall have redactions matching those submitted under paragraph (A)(v).

**A. The Request to Seal Satisfies Controlling Legal Authority**

Michigan's peer review law provides, in relevant part, that:

The records, data, and knowledge collected for or by individuals or committees assigned a professional review function in a health facility or agency, or an institution of higher education in this state that has colleges of osteopathic and human medicine, are confidential, shall be used only for the purposes provided in this article, **are not public records, and are not subject to court subpoena**.

M.C.L. §333.20175(8) (emphasis added). Further, "[t]he records, data, and knowledge collected for or by individuals or committees assigned a review function

3

described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena. M.C.L. §333.21515. And, under M.C.L. §331.533:

> **Except as otherwise provided in [this statute], the record of a proceeding and the reports, findings, and conclusions of a review entity under this act are confidential, are not public records, and are not discoverable and shall not be used as evidence in a civil action or administrative proceeding** (emphasis added)

As this Court previously stated, in *Loyd v. St. Joseph Mercy Oakland*, 2013 WL 1120040 (March 18, 2013) (Drain, J.):

> **"[T]he peer review statutory regime protects peer review from intrusive general public scrutiny**. All the peer review communications are protected from discovery and use in any form of legal proceedings." *Armstead v. Diederich,* No. 296512, 2011 Mich.App. LEXIS 1367, *4–5, 2011 WL 2936802 (Mich.Ct.App. July 21, 2011).

*Id*. at *2 (emphasis added).

Michigan's peer review statute is broad. The "**Legislature protected peer review documents in broad terms**." *In re Lieberman*, 250 Mich.App. 381, 646 N.W.2d 199, 202–03 (Mich. Ct. App. 2002) (emphasis added) (noting that the peer review privilege statute "**demonstrates that the Legislature has imposed a comprehensive ban on the disclosure**" of peer review material") (emphasis added).

4

> The Michigan Supreme Court stated:
>
> Essential to the peer review process is the candid and conscientious assessment of hospital practices. *Feyz v. Mercy Mem. Hosp.*, 475 Mich. 663, 680, 719 N.W.2d 1 (2006). To encourage such an assessment by hospital staff, the Legislature has protected from disclosure the records, data, and knowledge collected for or by peer review committees. Id. at 680–681, 719 N.W.2d 1.

*Krusac v. Covenant Medical Center, Inc.,* 497 Mich. 251, 256, 865 N.W.2d 908 (2015).

> In fact, peer review documents:
>
> are not subject to disclosure in a criminal investigation pursuant to a search warrant, a civil suit concerning an assault on a hospital patient, a medical malpractice claim, or an investigation by the Board of Medicine.

*Manzo v. Petrella*, 261 Mich.App. 705, 683 N.W.2d 699, 705 (Mich.Ct.App.2004) (internal citations omitted). Further, the "peer review statutes do not contain an exception for objective facts contained in an otherwise privileged incident report." *Krusac*, 407 Mich. at 260.[1]

---

[1] While federal law controls privilege for Plaintiff's single federal claim in this case, as a matter of comity – even with respect to that federal claim - "[c]onsiderations of comity require that we at least consider these 'privileges,' as well as the confidentiality interests otherwise protected...." *Seales v. Macomb Cty.,* 226 F.R.D. 572, 577 (E.D. Mich. 2005) (quoting *Pearson v. Miller*, 211 F.3d 57, 73 (3rd Cir.2000)). See also *In re Grand Jury Subpoena for New York State Income Tax Records*, 468 F. Supp. 575, 577 (N.D.N.Y. 1979) ("[t]he [federal] Courts have nonetheless recognized that policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions." Further, the bulk of Plaintiff's claims were brought under state law.

5

### B. Non-Party and Third-Party Privacy Interests

As reflected in the Briefs in Response and exhibits, non-parties affected by the filing of these submissions include patients and staff of UMH and the allegations concern professional, behavioral and patient safety matters. Moreover, as this Court noted in *Loyd*, "peer review statutory regime protects peer review from intrusive general public scrutiny." 2013 WL 1120040 at *2 (emphasis added).

### C. Materials Not Covered by Protective Order

None of the materials involved are covered by a current protective order.[2]

### D. Index of Materials to Be Filed Under Seal

The index of documents to be filed under seal is contained in the foregoing Motion.

### E. Copies of Redacted Documents and Sealed Documents

The following documents are submitted with this Motion:

- Attached as Ex. A and Ex. B to this Motion are redacted copies of the Briefs which Defendants propose to file.

- Attached as Ex. C and Ex. D are blank pages representing the sealed copies of the unredacted Briefs that Defendants propose to file. Actual copies of those briefs are submitted as sealed documents herewith (with those sections of the Briefs which Defendants propose to redact being highlighted in yellow).

- Attached as Ex. E through Ex. L are blank pages representing the sealed copies of Exs. 3 through 10 to the Briefs (two Declarations, four letters to

---

[2] The parties may disagree about the scope of the materials that should be sealed, as Plaintiff seeks to prevent his entire identity from being disclosed, while Defendants seek to protect only its peer review rights and obligations.

Plaintiff and one document signed by Plaintiff). Actual copies of Exs. E through L are submitted as sealed documents.

Upon entry of the order authorizing the sealing of the foregoing documents, Defendants are prepared to promptly file their respective Responses to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant this Motion and enter an Order permitting them to file, under seal, the documents and portions of documents set forth in the Index outlined in the foregoing Motion.

    Respectfully submitted,

    HALL RENDER KILLIAN HEATH & LYMAN, PC

    /s/ Jonathon A. Rabin
    Jonathon A. Rabin (P57145)
    Attorneys for Defendants
    101 W. Big Beaver Road, Suite 745
    Troy, MI  48084
    (248) 740-7505
    jrabin@hallrender.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

Copies of sealed documents are also being separately sent by e-mail to counsel of record.

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com

4820-8795-0590v5