**REDACTED VERSION OF
DOCUMENT(S) TO BE SEALED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Exhibit A to Motion to Seal**

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

    Defendants.

Case No. 21-cv-13032
Hon. Gershwin A. Drain

_____

MIDWEST LEGAL PARTNERS, PLLC
By: SAIF R. KASMIKHA (P74320)
42705 Grand River Avenue, Ste. 201
Novi, MI 48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
David A. French (P31944)
Attorneys for Defendants
101 W. Big Beaver Rd., Suite 745
Troy, MI 48084
dfrench@hallrender.com

CUMMINGS, MCCLOREY, DAVIS &
ACHO, P.L.C.
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

_____

**<u>DEFENDANTS MARIE LOZON, M.D. AND JUSTIN DIMICK, M.D.'S
RESPONSE AND SUPPORTING BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD
NOT BE ISSUED</u>**

Individual Defendants Dr. Marie Lozon and Dr. Justin Dimick ("Lozon and Dimick") hereby oppose the Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (ECF No. 3) filed by Plaintiff "John Doe, M.D." ("Plaintiff")[1]  Plaintiff's motion seeking injunctive relief from individual Defendants Lozon and Dimick must be denied because Plaintiff cannot demonstrate a strong likelihood of success on the merits, or any irreparable injury. The balance of harm and the public interest also weigh against issuance of the extraordinary relief Plaintiff seeks.

For those reasons, the reasons set forth in the following Response Brief in Support, and the separately filed Motion to Dismiss on behalf of individual Defendants (ECF No. 15), individual Defendants Lozon and Dimick respectfully requests the denial of Plaintiff's motion.

---

[1] Plaintiff filed this action and this Motion under the pseudonym "John Doe" without authorization from the Court to do so.

**TABLE OF CONTENTS**

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

STATEMENT OF ISSUE PRESENTED .................................................................v

INTRODUCTION ...................................................................................................1

STATEMENT OF RELEVANT FACTS .................................................................2

A.  PLAINTIFF'S MEDICAL STAFF MEMBERSHIP........................................3

G.  CONTINUED COMPLIANCE ......................................................................10

H.  PLAINTIFF'S CLAIMS TO ENJOIN INDIVIDUAL DEFENDANTS LOZON
    AND DIMICK ...............................................................................................11

STATEMENT OF LAW........................................................................................13

I.  LEGAL STANDARD FOR INJUNCTIVE RELIEF .....................................13

II.  PLAINTIFF'S INTENTIONAL BYPASS AND FAILURE TO EXHAUST
     REQUIRED ADMINISTRATIVE REMEDIES FOUND IN UMH'S
     BYLAWS AND FHP PRECLUDE ENTRY OF INJUNCTIVE RELIEF ...14

III.  PLAINTIFF HAS NOT DEMONSTRATED *ANY* LIKELIHOOD OF
      SUCCESS ON THE MERITS.......................................................................17

IV.  PLAINTIFF FAILS TO DEMONSTRATE IRREPARABLE HARM ...........19

V.  ISSUANCE OF A TRO OR PRELIMINARY INJUNCTION WOULD NOT
    SERVE THE PUBLIC INTEREST AND ENDANGERS OTHERS...........23

CONCLUSION......................................................................................................25

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*Abney v. Amgen, Inc.*, 443 F.3d 540 (6th Cir. 2006) .............................................. 15

*Advocacy Organization For Patients and Providers v. Mercy Health Services*, 987 F.Supp. 967 (E.D. Mich. 1997) .............................................. 22, 23

Apex Tool Grp., LLC v. Wessels, 119 F. Supp. 3d 599 (E.D. Mich. 2015) ......... 15

Contech Casting, LLC v. ZF Steering Sys., LLC, 931 F.Supp. 2d  809 (E.D. Mich. 2013) ............................................................................... 13, 21, 24

Eberspaecher N. Am., Inc. v. Van-Rob, Inc., 544 F. Supp. 2d 592 (E.D. Mich. 2008) ............................................................................................... 21

*Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D.Mich. July 12, 2006) (Paul Borman, J.) ............................................................................................... 15

*Eight Unnamed Physicians v. Medical Executive Com., 150 Cal.App.4th 503; 59 Cal.Rptr.3d 100 (2007)* ............................................................. 17, 18, 26

*Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962 (W.D. Mich. 2008) ... 14, 15, 20, 24

*Hacker v. Federal BOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept. 1, 2006) (Lawson, J.) ...................................................................................................... 15

*Kaiser Foundation Hospitals et al. v. The Sacramento County Superior Court, 128 Cal App 4th 85; 26 Cal.Rptr.3d 744 (2005)* ................................... 16

Karhani v. Meijer, 270 F. Supp. 2d 926 (E.D. Mich. 2003) ................................. 14

Lucero v. Detroit Public Schools, 160 F. Supp. 2d 767 (E.D. Mich. 2001).......... 21

*McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) ............................................................................................................. 19

Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566 (6th Cir. 2002) ............................................................................................................ 14

*Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373 (6th Cir.1995) ....................................................................................................... 14

*Purugganan v. AFC Franchising, LLC*, 2020 WL 6946558, (Slip Copy) (D.C. Conn. 2020) ........................................................................................... 24

*Sampson v. Murray*, 415 U.S. 61, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) ..... 19, 21

Siegel v. LePore, 234 F.3d 1163 (11th Cir. 2000) .................................................. 21

*Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir.1991) .......................... 25

Teamsters Local Union 299 v. U.S. Truck Co. Holdings, 87 F. Supp. 2d 726 (E.D. Mich. 2000) ........................................................................................ 14

*Unnamed Physician v. Board of Trustees*, 93 Cal.App.4th 607, 113 Cal.Rptr.2d 309 (2001) ...................................................................................... 17

*Wells Fargo & Co., et. al. v. Whenu.com, Inc.*, 293 F.Supp.2d 734 (E.D. Mich. 2003) .................................................................................... 22

*Westlake Community Hosp. v. Superior Court* 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410 (1976) .................................................................... 17

Statutes

42 U.S.C. § 1983 ................................................................................. 17

Other Authorities

UMH Medical Staff Bylaws .......................................................... passim

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether Plaintiff should be denied his request for a temporary restraining order and preliminary injunction because he cannot demonstrate a likelihood of success on the merits, he presents no irreparable injury, and the public interest weighs against issuance of the extraordinary relief Plaintiff seeks.

Individual Defendants Lozon and Dimick answer "yes."

Plaintiff would answer "no."

# INTRODUCTION

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

███████████████████████████████████████████
██████████████████████████████





4



6











11



## STATEMENT OF LAW

### I.  Legal Standard for Injunctive Relief

A temporary restraining order or preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Contech Casting, LLC* v. *ZF Steering Sys.,* LLC, 931 F.Supp. 2d  809 (E.D. Mich. 2013) (citing *Overstreet* v. *Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)).  A district court should consider the following factors when deciding whether to enter a temporary restraining order or preliminary injunction: (1) whether the movant has demonstrated a strong likelihood of success on the merits, (2) whether the movant has demonstrated irreparable injury, (3) whether issuance of the injunction will cause substantial harm to others, and (4) whether public interest is served by issuance of the injunction. *Karhani* v. *Meijer*, 270 F. Supp. 2d 926, 929 (E.D. Mich. 2003) (citing *Teamsters Local Union 299* v. *U.S. Truck Co. Holdings,* 87 F. Supp. 2d 726, 733 (E.D. Mich. 2000)).[18]  However, Plaintiff's "failure to show any likelihood of success on the merits—let alone a strong or substantial likelihood of success—is enough, by itself, to warrant denial of preliminary injunctive relief." *Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962, 969 (W.D. Mich. 2008) (*quoting Abney*

---

[18] "The four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny injunctive relief." *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995).

*v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) ("a finding of no likelihood of success 'is usually fatal'")).  And, to be granted a temporary restraining order or preliminary injunction, a movant must also demonstrate by clear and convincing evidence, actual irreparable harm or the existence of an actual threat of such injury.[19]

## II.   Plaintiff's Intentional Bypass And Failure To Exhaust Required Administrative Remedies Found In UMH's Bylaws And FHP Preclude Entry Of Injunctive Relief

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████Plaintiff now attempts to ignore his prior voluntary consent to "follow and abide by the remedies afforded by the Bylaws and [the] Fair Hearing Plan *before resorting to formal legal action*."  (Ex. 2, Fair Hearing Plan, Part One, 1.1)████████████████████████████████████████████████

---

[19] *Apex Tool Grp., LLC* v. *Wessels*, 119 F. Supp. 3d 599, 609 (E.D. Mich. 2015). Importantly, "[t]he failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors." *Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962, 969 (W.D. Mich. 2008) (quoting *Hacker v. Federal BOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept. 1, 2006) (Lawson, J.) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction. Therefore, the Court need not evaluate the other factors.")). *See also Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D.Mich. July 12, 2006) (Paul Borman, J.) ("Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors—substantial harm to others and the public interest.").

███████████████████████████████████████████████████

████████████████████████████████████████.

In *Kaiser Foundation Hospitals et al. v. The Sacramento County Superior Court*,[20] the hospital suspended a physician with surgical privileges and she subsequently requested a hearing under the bylaws.  The medical staff bylaws prescribed that the hearing was to begin within 60 days after receipt of her request for hearing. A judicial review committee (i.e., hearing panel) was appointed to act as fact finder, and the hospital also appointed a hearing officer to oversee the hearing. Following a disagreement between the parties over who could appoint members to comprise the judicial review committee, the physician filed a lawsuit seeking declaratory and injunctive relief and damages, claiming the hospital's bylaws and policies "violate due process."  The physician claimed she was not required to exhaust the hospital's hearing process because "it is an inadequate remedy."[21] Although the trial court held the physician was excused from exhausting her administrative remedy because the "hearing was not timely held," the appellate court reversed.  The appellate court vacated the trial court's orders and granted summary adjudication and declaratory judgment to the hospital, holding that "before a doctor may initiate litigation challenging the propriety of a hospital's denial or withdrawal

---

[20] 128 Cal App 4th 85, 91; 26 Cal.Rptr.3d 744 (2005)
[21] *Id*. at 94-95.

of privileges, he ***must*** exhaust the available internal remedies afforded by the hospital."[22] (emphasis added).

Similarly, the court in *Eight Unnamed Physicians v. Medical Executive Com.*[23] denied Plaintiff's request for injunctive relief and held that physicians must exhaust their administrative remedies prior to a court obtaining jurisdiction. The court in *Eight Unnamed Physicians* stated:

> It is the general and well established jurisdictional rule that a plaintiff who seeks judicial relief against an organization of which he is a member must first invoke and exhaust the remedies provided by that organization applicable to his grievance… the exhaustion doctrine applies in medical disciplinary proceedings such as those here.  Before a doctor may initiate litigation challenging the propriety of a hospital's denial or withdrawal of privileges, he must exhaust the available internal remedies afforded by the hospital… the Legislature has granted to individual hospitals, acting on the recommendations of their peer review committees, the primary responsibility for monitoring the professional conduct of physicians… ***If an administrative remedy is available and has not yet been exhausted, an adequate remedy exists and the petitioner is not entitled to extraordinary relief***.

---

[22] *Id*. (*quoting Westlake Community Hosp. v. Superior Court* 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410 (1976)  *See also Unnamed Physician v. Board of Trustees*, 93 Cal.App.4th 607, 619-620, 113 Cal.Rptr.2d 309 (2001) ("a doctor who is challenging the propriety of a hospital's denial or withdrawal of staff privileges must pursue the internal remedies afforded by that hospital to a final decision on the merits before resorting to the courts for relief. This requirement both accords recognition to the expertise of the organization's quasi-judicial tribunal and promotes judicial efficiency by unearthing the relevant evidence and providing a record that the court may review. The exhaustion doctrine 'is not a matter of judicial discretion, but is a fundamental rule of procedure' under which 'relief must be sought from the administrative body and this remedy exhausted before the courts will act.'" (citations omitted))

[23] 150 Cal.App.4th 503, 512; 59 Cal.Rptr.3d 100 (2007).

*Id.* at 510-511 (internal quotations and citations removed, and emphasis added). The *Eight Unnamed Physicians* court further reasoned that this doctrine "of remedies rests on a notion of judicial restraint and a deference to disciplinary proceedings that satisfy basic due process to which all members of the medical staff agreed." *Id.* at 515. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████

## III. Plaintiff Has Not Demonstrated *Any* Likelihood of Success on the Merits

Plaintiff's six counts against Defendants, including individual Defendants Lozon and Dimick, seek relief: (1) under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment to the U.S. Constitution; (2) for breach of contract; (3) for breach of fiduciary and public duties; (4) for intentional infliction

---

█ ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████ ) The exhaustion doctrine is also applicable, of course, in other non-peer review applications. *See McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (when a prisoner seeks injunctive relief, the court need not ignore the inmate's failure to take advantage of prison procedures, and inmate who needlessly bypasses such procedures may be properly compelled to pursue them); *Sampson v. Murray*, 415 U.S. 61, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) (injunctive relief sought by probationary government employee was improper when administrative remedy was available and subsequent reviewing bodies, Civil Service Commission and District Court, would not be frustrated).

17

of emotional distress; (5) for retaliation; and (6) for injunctive relief.  Plaintiff's

Complaint contains no allegations of substance against either of the individual

Defendants Lozon and Dimick, instead simply stating that they are both employees

of Defendant Board of Regents. (Complaint, ¶¶7-8).

As set forth in a separate Motion to Dismiss filed on behalf of individual

Defendants Marie Lozon, M.D. and Justin Dimick, M.D. (ECF No. 15), Plaintiff

cannot demonstrate *any* likelihood of success on the merits of his claims against the

individual Defendants. In sum, Plaintiff's claims will fail because he failed to plead

how each individual government-official defendant violated the Constitution

through his/her own individual actions; ██████████████████████████

████████████████████████████████████████████████████████

Plaintiff cannot claim or identify any alleged breach of fiduciary or public duty by

the individual Defendants, who are employees of UMH; Plaintiff identifies no act or

conduct for which the individual Defendants can be held liable; Plaintiff offers no

legal basis for individual liability and includes no details about the alleged conduct

that each personally engaged in that constituted retaliation.  The authorities, reasons

and support that demonstrate the same are fully explicated in the separately filed

Motion to Dismiss on behalf of individual Defendants Marie Lozon, M.D. and Justin

Dimick, M.D. (ECF No. 15), and are adopted by reference herein.  Because Plaintiff

fails to show *any* likelihood of success on the merits—let alone a strong or

substantial likelihood of success— his request for injunctive relief must be denied on this ground alone. *See Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp.2d 962, 969 (W.D. Mich. 2008), *supra*.

### IV.    Plaintiff Fails To Demonstrate Irreparable Harm

Plaintiff fails to demonstrate, by clear and convincing evidence, any actual irreparable harm he may suffer if injunctive relief is not granted. A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Eberspaecher N. Am., Inc.* v. *Van-Rob, Inc.*, 544 F. Supp. 2d 592, 603 (E.D. Mich. 2008 (quoting *Lucero* v. *Detroit Public Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001)).[25] A party's harm is irreparable only when it cannot be adequately compensated by money damages. *Eberspaecher,* 544 F. Supp. 2d at 603. Thus, even "the possibility that adequate compensatory or other correct relief will be available at a later date . . .  weighs heavily against a claim of irreparable harm." *Sampson* v. *Murray*, 415 U.S. 61, 90 (1974). "[I]rreparable harm will not be found where alternatives already available to the plaintiff make injunction unnecessary." *Contech Casting, LLC* v. *ZF Steering Sys.,* LLC, 931F.Supp. 2d 809, 818 (E.D. Mich. 2013) (citations omitted)

---

[25] *See also Siegel* v. *LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

██████████████████████████████████████

████████████████████████████████████████

████  ████  ███  ████  ██████  ████  ███  █  ███  ████  ██  ████

████████████████████████████████████████

██████████████████ ) However, Plaintiff waited until December 29, 2021, almost

10 months later, before filing this action seeking injunctive relief.[26]  Plaintiff's delay

for filing, for which he offers no excuse, rebuts any claim of irreparable harm.  *See*

*Wells Fargo & Co., et. al. v. Whenu.com, Inc*., 293 F.Supp.2d 734, 771-772 (E.D.

Mich. 2003) ("Although plaintiffs were aware of the alleged effects of [ ] on their

businesses as early as August, 2002, they delayed nine months before bringing a

motion for injunctive relief. Plaintiffs' delay in seeking a preliminary injunction

undermines their allegation of irreparable harm.")

The holding in *Advocacy Organization For Patients and Providers v. Mercy*

*Health Services*, 987 F.Supp. 967 (E.D. Mich. 1997) is also applicable and negates

any claim of irreparable harm.  In *Mercy Health Services,* the plaintiff brought an

action alleging that merger of two health service corporations violated antitrust laws

and filed a motion for temporary restraining order (TRO) to prevent the merger. In

---

[26] Defendants are in no way culpable for any delay in Plaintiff's decision to seek

injunctive  relief. ████████████████████████████

██████████████████████████████████

██████████████████████████

denying the motion for injunctive relief, the court stated "[p]laintiffs have not been diligent in pursuing their request for a TRO" because they had "known about this proposed merger at least three months, and presumably longer since the merger was announced." *Id.* at 970. The *Mercy Health Services* court held that the plaintiff "was attempting to throw a monkey wrench into the merger at a very late stage in the game." *Id.*

Plaintiff in this case attempts to play the same game as plaintiffs in *Mercy Health Services*, filing a delayed motion for injunctive relief during the holiday season, the equivalent of throwing a monkey wrench into the a███████████████

████████████████████████████████████████████████████

███. Plaintiff's delay shows a clear absence of any irreparable harm.[27]

In addition, Plaintiff not only has adequate remedies available to him, they are explicitly set forth in the Bylaws and FHP. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[27] ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████ █████████████████████
████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

Further, Plaintiff offers only conclusory and speculative allegations (with no supporting factual evidence) to support his claims of irreparable harm.[28]  These are insufficient as a matter of law to demonstrate irreparable harm.  *See Purugganan v. AFC Franchising, LLC*, 2020 WL 6946558, (Slip Copy) (D.C. Conn. 2020) ("Because Plaintiff offers little more than conclusory allegations and/or speculative and conjectural predictions of irreparable harm, and because the concrete harms he does identify can be addressed through an award of money damages, the motion for a temporary restraining order is DENIED.")

████████████████████████████████████████████████

████████████████████████████████████████     ████████████████

────────────────────────────

■ ████████████████████     ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████  And, Plaintiff nowhere alleges that he cannot serve on *any* boards or committees.  Other boards or committees are clear alternatives.  And when "alternatives" are available, under Michigan law, injunctive relief is unnecessary.  *Contech Casting, supra.*  Plaintiff's supposed loss of employment opportunities with national boards or committees, even when temporary, is also compensable via money damages.  *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp.2d 962 (W.D. Mich. 2008) ("even temporary unemployment or other total loss of income, remediable later by payment of money, is not irreparable harm.")

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

Plaintiff's claims of suffering alleged personal stress and potential loss of visibility or position in his specialty are also insufficient to show irreparable harm. Allegations of decline in confidence,  visibility or position in the market are not irreparable harm.  *See  Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir.1991) (district court did not abuse discretion in denying agricultural cooperative's motion for PI, notwithstanding cooperative's allegation that the defendants' continued breaches "will lead to a decline in confidence in the cooperative" and, in turn, "difficulty in acquiring milk, loss of customers, and ultimately . . . the dissolution of the cooperative").

V.    **Issuance of a TRO or Preliminary Injunction Would Not Serve the Public Interest and Endangers Others**

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████. ████████████

████████████████████████████████████████████████

███████████████████████████████████   ███████████

████████████████████████████████████.

     The Court in *Eight Unnamed Physicians, supra*[29] made clear that the public interest is *served* when hospitals implement any necessary discipline regarding medical staff privileges.  "[I]t must be remembered," the court wrote, "that license suspension, revocation or other similar disciplinary proceedings involving licensees are not for the purpose of punishment but ***primarily to protect the public*** served by the licensee employed by a hospital." *Id.* (emphasis added)



_____

[29] 150 Cal.App.4th 503, 512; 59 Cal.Rptr.3d 100 (2007) (*quoting Bollengier v. Doctors Medical Center* (1990) 222 Cal.App.3d 1115, 272 Cal.Rptr. 273**)**



## **CONCLUSION**

For the foregoing reasons, individual Defendants Dr. Marie Lozon and Dr. Justin Dimick respectfully requests that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (ECF No. 3).

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ David A. French
David A. French (P31944)
Larry R. Jensen  (P60137)
Jonathon A. Rabin (P57145)
Attorney for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505  dfrench@hallrender.com

---

[30] Plaintiff's Brief, pp. 4-5

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

/s/_____