## REDACTED VERSION OF DOCUMENT(S) TO BE SEALED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN     **Exhibit B to**
SOUTHERN DIVISION               **Motion to Seal**

JOHN DOE, M.D.,

     Plaintiff,

                              Case No. 21-cv-13032

v.                                Hon. Gershwin A. Drain

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

     Defendants.

_____

MIDWEST LEGAL PARTNERS, PLLC
By: SAIF R. KASMIKHA (P74320)
42705 Grand River Avenue, Ste. 201
Novi, MI 48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
David A. French (P31944)
Attorneys for Defendants
101 W. Big Beaver Rd., Suite 745
Troy, MI 48084
dfrench@hallrender.com

CUMMINGS, MCCLOREY, DAVIS &
ACHO, P.L.C.
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

_____

## DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN'S RESPONSE AND SUPPORTING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Defendant Board of Regents of the University of Michigan ("Board of Regents") hereby opposes the Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (ECF No. 3) filed by Plaintiff "John Doe, M.D." ("Plaintiff")[1]  Plaintiff's motion seeking injunctive relief from the Board of Regents must be denied because Plaintiff cannot demonstrate a strong likelihood of success on the merits, or any irreparable injury. The balance of harm and the public interest also weigh against issuance of the extraordinary relief Plaintiff seeks.

For those reasons, the reasons set forth in the following Response Brief in Support, and the separately filed Motion to Dismiss on behalf of the Board of Regents (ECF No. 14), the Board of Regents respectfully request the denial of Plaintiff's motion.

---

[1] Plaintiff filed this action and this Motion under the pseudonym "John Doe" without authorization from the Court to do so.

# <u>TABLE OF CONTENTS</u>

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ ii

STATEMENT OF ISSUE PRESENTED ................................................................ iv

INTRODUCTION ................................................................................................. 1

STATEMENT OF RELEVANT FACTS ............................................................... 3

STATEMENT OF LAW ........................................................................................ 3

I.   LEGAL STANDARD FOR INJUNCTIVE RELIEF .................................... 3

II.  PLAINTIFF HAS NOT DEMONSTRATED *ANY* LIKELIHOOD OF
     SUCCESS ON THE MERITS .......................................................................... 5

III. PLAINTIFF FAILS TO DEMONSTRATE IRREPARABLE HARM ........... 9

IV.  PLAINTIFF'S INTENTIONAL BYPASS AND FAILURE TO
     EXHAUST ADMINISTRATIVE REMEDIES FOUND IN UMH'S
     BYLAWS AND FHP PRECLUDE ENTRY OF INJUNCTIVE
     RELIEF ......................................................................................................... 16

V.   ISSUANCE OF A TRO OR PRELIMINARY INJUNCTION WOULD
     NOT SERVE THE PUBLIC INTEREST AND WILL CAUSE HARM
     TO OTHERS ................................................................................................. 20

CONCLUSION ................................................................................................... 22

CERTIFICATE OF SERVICE ............................................................................ 23

# <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Cases

*Abney v. Amgen, Inc.*, 443 F.3d 540 (6th Cir. 2006) ..................................................4

*Advocacy Organization For Patients and Providers v. Mercy Health Services*, 987 F.Supp. 967 (E.D. Mich. 1997)..........................................................................11

Apex Tool Grp., LLC v. Wessels, 119 F. Supp. 3d 599 (E.D. Mich. 2015) .............4

*Bollengier v. Doctors Medical Center,* 222 Cal.App.3d 1115, 272 Cal.Rptr. 273 (1990) .......................................................................................................................20

*City of New York v. U.S.*, 346 F. Supp. 151 (S.D. N.Y. 1972) ................................20

*Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (unpublished) (N.D.Tex. 2013) ......................................................................................................15

Contech Casting, LLC v. ZF Steering Sys., LLC, 931 F.Supp. 2d 809 (E.D. Mich. 2013) ........................................................................................... 3, 10, 14

*Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579 (5th Cir. 2013)..........................................................................................................15

Eberspaecher N. Am., Inc. v. Van-Rob, Inc., 544 F. Supp. 2d 592 (E.D. Mich. 2008) .......................................................................................................................10

*Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D.Mich. July 12, 2006) (Paul Borman, J.) ..............................................................................................................5

*Eight Unnamed Physicians v. Medical Executive Com* 150 Cal.App.4th 503; 59 Cal.Rptr.3d 100 (2007) ................................................................... 18, 19, 20

*Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp.2d 962 (W.D. Mich. 2008) .. 4, 5, 14

*Hacker v. Federal BOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept. 1, 2006) (Lawson, J.)...............................................................................................................5

*Incantalupo v. Lawrence Union Free School Dist. No. 15*, 652 F.Supp.2d 314 (E.D.N.Y. 2009).......................................................................................................15

*Kaiser Foundation Hospitals et al. v. The Sacramento County Superior Court*, 128 Cal App 4th 85, 91; 26 Cal.Rptr.3d 744 (2005) ........................................... 17, 18

Karhani v. Meijer, 270 F. Supp. 2d 926 (E.D. Mich. 2003) .....................................4

Lucero v. Detroit Public Schools, 160 F. Supp. 2d 767 (E.D. Mich. 2001)............10

*McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) .....19

*Mitchell v. Sizemore*, 2010 WL 457145 at *3 (unpublished) (E.D. Tex. 2010)......15

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ....................................................8

Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566 (6th Cir. 2002)..3

*Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373 (6th Cir.1995) ..4

*Purugganan v. AFC Franchising, LLC*, 2020 WL 6946558, (Slip Copy) (D.C. Conn. 2020)..............................................................................................................14

ii

*Ram v. Lal*, 906 F.Supp.2d 59, 78 (E.D. NY 2012)....................................................8

*Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90 (D.C.Cir. 1986) ...........................................................................................................................12

*Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 S. Ct. 1028, 39 L. Ed. 2d 123 (1974) ................................................................................................20

*Renegotiation Board v. Bannercroft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974) ................................................................................................12

*Riley–Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at *5 (E.D.Mich. Oct.18, 2013) (Rosen, C.J.)........................................................................................ 7

Sampson v. Murray, 415 U.S. 61 (1974) ........................................................... 10, 19

S*hepard Industries, Inc. v. 135 East 57th Street, LLC.*, 1999 WL 728641 at * 7 (unpublished) (S.D.N.Y.1999)..................................................................................15

Siegel v. LePore, 234 F.3d 1163 (11th Cir. 2000).....................................................10

*Smith v. Illinois Bell Telephone Co*, 46 S.Ct. 408 (1926)........................................13

*Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir.1991) ............................16

Teamsters Local Union 299 v. U.S. Truck Co. Holdings, 87 F. Supp. 2d 726 (E.D. Mich. 2000)................................................................................................................4

*Unnamed Physician v. Board of Trustees*, 93 Cal.App.4th 607, 113 Cal.Rptr.2d 309 (2001) ...............................................................................................................18

*Wells Fargo & Co., et. al. v. Whenu.com, Inc.*, 293 F.Supp.2d 734 (E.D. Mich. 2003) ........................................................................................................................11

*Westlake Community Hosp. v. Superior Court* 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410 (1976)........................................................................................................18

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)......................................6

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) .................16

## Statutes

42 U.S.C. § 1983 ......................................................................................................... 5

## Other Authorities

Bylaws...................................................................................................... 9, 18, 19

Medical Staff Rules and Regulations......................................................................... 9

## Rules

MCL § 691.1407(1) ..................................................................................................... 6

MCL 333.21513 .......................................................................................................... 7

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether Plaintiff should be denied his request for a temporary restraining order and preliminary injunction because he cannot demonstrate a likelihood of success on the merits, he presents no irreparable injury, and the public interest weighs against issuance of the extraordinary relief Plaintiff seeks.

Defendant Board of Regents answer "yes."

Plaintiff would answer "no."

# INTRODUCTION



and he previously agreed in writing that he would do so *prior to* initiating any legal action against UMH.  No basis exists for issuance of injunctive relief in this matter.  Plaintiff's Complaint fails to state any claim upon which relief can be granted.

---

UMHS Board is referred to in the UMH Medical Staff Bylaws as the "Hospital and Health Centers Executive Board" of the University of Michigan Hospitals and Health Centers ("HHCEB").  The HHCEB was recently renamed the University Michigan Health System Board ("UMHS Board").

███ and there is no likelihood that he will prevail on the merits.  Moreover, Plaintiff has an adequate remedy at law, can show no irreparable harm if injunctive relief is not granted, and the public interest is served if injunctive relief is not granted.  The motion for injunctive relief should be denied and the case dismissed forthwith.

## STATEMENT OF RELEVANT FACTS

The comprehensive Statement of Relevant Facts set forth in Defendants Marie Lozon, M.D. and Justin Dimick, M.D.'s concurrently filed Response and Supporting Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Show Cause Why A Preliminary Injunction Should Not Be Issued, are adopted by reference and incorporated herein.[4]

## STATEMENT OF LAW

### I.    Legal Standard for Injunctive Relief

A temporary restraining order or preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Contech Casting, LLC* v. *ZF Steering Sys.,* LLC, 931 F.Supp. 2d  809 (E.D. Mich. 2013) (citing *Overstreet* v. *Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)).

---

[4] All supporting exhibits and declarations included within Defendants Marie Lozon, M.D. and Justin Dimick, M.D.'s Response and Supporting Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Show Cause Why A Preliminary Injunction Should Not Be Issued are also adopted by reference and incorporated herein.

A district court should consider the following factors when deciding whether to enter a temporary restraining order or preliminary injunction: (1) whether the movant has demonstrated a strong likelihood of success on the merits, (2) whether the movant has demonstrated irreparable injury, (3) whether issuance of the injunction will cause substantial harm to others, and (4) whether public interest is served by issuance of the injunction. *Karhani* v. *Meijer*, 270 F. Supp. 2d 926, 929 (E.D. Mich. 2003) (citing *Teamsters Local Union 299* v. *U.S. Truck Co. Holdings*, 87 F. Supp. 2d 726, 733 (E.D. Mich. 2000)).

"The four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny injunctive relief." *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995).  However, Plaintiff's "failure to show any likelihood of success on the merits—let alone a strong or substantial likelihood of success—is enough, by itself, to warrant denial of preliminary injunctive relief." *Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962, 969 (W.D. Mich. 2008) (*quoting Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) ("a finding of no likelihood of success 'is usually fatal'"))

To be granted a temporary restraining order or preliminary injunction, a movant must also demonstrate by clear and convincing evidence, actual irreparable harm or the existence of an actual threat of such injury.  *Apex Tool Grp., LLC* v. *Wessels*, 119 F. Supp. 3d 599, 609 (E.D. Mich. 2015).  Importantly, "[t]he failure to

4

show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors." *Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962, 969 (W.D. Mich. 2008) (quoting *Hacker v. Federal BOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept. 1, 2006) (Lawson, J.) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction. Therefore, the Court need not evaluate the other factors.")).[5]

## II.   Plaintiff Has Not Demonstrated *Any* Likelihood of Success on the Merits

Plaintiff's six counts against Defendants, including Defendant Board of Regents, seek relief: (1) under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment to the U.S. Constitution; (2) for breach of contract; (3) for breach of fiduciary and public duties; (4) for intentional infliction of emotional distress; (5) for retaliation; and (6) for injunctive relief.  As set forth in its separate Motion to Dismiss filed on behalf of Defendant Board of Regents (ECF No. 14), which is adopted herein by reference, Plaintiff cannot demonstrate *any* likelihood of success on the merits of his claims against Defendant Board of Regents.

Plaintiff's only claim under federal law is brought under 42 U.S.C. § 1983 for alleged violation of his rights under the Fourteenth Amendment.  But, this claim fails

---

[5] *See also Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D.Mich. July 12, 2006) (Paul Borman, J.) ("Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors—substantial harm to others and the public interest.").

to state a valid cause of action and therefore has no likelihood of success on the merits. State entities, including the University of Michigan Board of Regents, are not "persons" subject to suit for constitutional violations under 42 U.S.C. § 1983.[6] Further, Eleventh Amendment immunity bars Plaintiff's claims against the Board of Regents for prospective relief, including injunctive relief.[7]

In view of the fact that Plaintiff has stated no valid claim under federal law, this Court should not exercise pendent jurisdiction over Plaintiff's state law claims. Further, as the Motion to Dismiss demonstrates, none of the allegations state valid claims against the Board of Regents under Michigan law.[8]

In addition to the above, Plaintiff's claim for injunctive relief (Count VI), an

---

[6] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)

[7] See Defendant Board of Regents' Motion to Dismiss. And, as further demonstrated in the Regents Motion to Dismiss, Plaintiff also has no valid §1983 claim inasmuch as, among other reasons, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiff also cannot establish deprivation of a property or liberty interest when seeking to be free of salary reductions, and alleged injury to his reputation. Thus, Plaintiff has no likelihood of success on his constitutional claims.

[8] For example, Plaintiff's tort claims for breach of fiduciary and public duties, and intentional infliction of emotional distress, similarly have no likelihood of success on the merits. Defendant Board of Regents are immune from tort liability when, as in this case, engaged in the exercise or discharge of a governmental function. M.C.L. § 691.1407(1). And Plaintiff's retaliation claim has no likelihood of success on the merits inasmuch as Plaintiff identifies no statutory or other legal protection created by two letters sent to a former Chairman of his Department, one dated approximately eight years ago. The authorities, reasons and support that demonstrate the same are fully explicated in the separately filed Motion to Dismiss on behalf of Defendant Board of Regents (ECF No. 14), and are adopted by reference herein.

equitable remedy and not an independent cause of action,[9] has no application here because none of the named Defendants, including the Defendant Board of Regents, have authority to exercise or implement any order for injunction entered.  (Ex. 5, Marie Lozon Declaration, ¶53) (hereinafter "Lozon Dec., ¶__")  Under state law, the authority to exercise control over the medical staff and privileging decisions lies with governing board of the hospital.  See MCL 333.21513.[10] ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████   ████████████████████

████████████████████████████████████████████████████

██████████████████████████████.

---

[9] *Riley–Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at *5 (E.D.Mich. Oct.18, 2013) (Rosen, C.J.)

[10] MCL 333.21513 states in relevant part that the "governing body of a hospital licensed under this article: (a) Are responsible for all phases of the operation of the hospital, selection of the medical staff, and quality of care rendered in the hospital . . . . (c) Shall assure that physicians and dentists admitted to practice in the hospital are granted privileges consistent with their individual training, experience, and other qualifications. (d) Shall assure that physicians and dentists admitted to practice in the hospital are organized into a medical staff to enable an effective review of the professional practices in the hospital for reducing morbidity and mortality and improving care provided in the hospital for patients."

████████████████████████████

████████████████.  For example, in *Ram v. Lal*, 906 F.Supp.2d 59, 78, 80 (E.D. NY 2012), the defendants argued that the injunction sought by plaintiffs sought "to bind parties who have not been named in this action—namely, the State Court and the Receiver—and that because the State Court and the Receiver are therefore necessary parties to this action, the requested relief should be denied."  Plaintiffs responded that the court "may enjoin the State Court even though the State Court is not a party" and "that imposing an injunction on a non-party would be 'routine.'" The court disagreed, finding that the "conduct alleged in the Complaint for which . . . plaintiffs seek relief seems to be ***solely*** the responsibility of the State Court and the Receiver it appointed."  Thus the "court is unable to see how it can afford the requested relief without the State Court and/or the Receiver being named as defendants in this case."  In short, because "the parties necessary to effectuate that order are not before the Court," it denied plaintiffs' request for a preliminary injunction.  *See also Okpalobi v. Foster*, 244 F.3d 405, 427-28 (5th Cir. 2001) ("a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place" and "plaintiffs must sue those individuals authorized to exercise the orders of the injunction.")

████████████████████████████



Plaintiff's failure to name the UMHS Board precludes and vitiates his claim for injunctive relief, and for this reason alone, such request must be denied.

## III.   Plaintiff Fails To Demonstrate Irreparable Harm

Plaintiff fails to demonstrate, by clear and convincing evidence, any actual irreparable harm he may suffer if injunctive relief is not granted. A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Eberspaecher N. Am., Inc.* v. *Van-Rob, Inc.*, 544 F. Supp.

---

[11] The FHP plan is found within the Medical Staff Rules and Regulations.

2d 592, 603 (E.D. Mich. 2008 (quoting *Lucero* v. *Detroit Public Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001)).[12] A party's harm is irreparable only when it cannot be adequately compensated by money damages. *Eberspaecher,* 544 F. Supp. 2d at 603. Thus, even "the possibility that adequate compensatory or other correct relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Sampson* v. *Murray*, 415 U.S. 61, 90 (1974). "[I]rreparable harm will not be found where alternatives already available to the plaintiff make injunction unnecessary." *Contech Casting, LLC* v. *ZF Steering Sys.,* LLC,931F.Supp. 2d 809, 818 (E.D. Mich. 2013) (citations omitted) Here, Plaintiff can attempt to bring any valid claims in state court in order to obtain compensatory damages. As such, he has no irreparable injury.

Plaintiff's delay in bringing his claims for injunctive relief is a separate ground, standing alone, that negates the claim of irreparable harm. ██████



However, Plaintiff waited until December 29, 2021,

---

[12] *See also Siegel* v. *LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

almost 10 months later, before filing this action seeking injunctive relief.[14]
Plaintiff's delay for filing, for which he offers no excuse, rebuts any claim of
irreparable harm. *See Wells Fargo & Co., et. al. v. Whenu.com, Inc*., 293 F.Supp.2d
734, 771-772 (E.D. Mich. 2003) ("Although plaintiffs were aware of the alleged
effects of [ ] on their businesses as early as August, 2002, they delayed nine months
before bringing a motion for injunctive relief. Plaintiffs' delay in seeking a
preliminary injunction undermines their allegation of irreparable harm.")

The holding in *Advocacy Organization For Patients and Providers v. Mercy
Health Services*, 987 F.Supp. 967 (E.D. Mich. 1997) is also applicable and negates
any claim of irreparable harm.  In *Mercy Health Services*, the plaintiff brought an
action alleging that merger of two health service corporations violated antitrust laws
and filed a motion for temporary restraining order (TRO) to prevent the merger. In
denying the motion for injunctive relief, the court stated "[p]laintiffs have not been
diligent in pursuing their request for a TRO" because they had "known about this
proposed merger at least three months, and presumably longer since the merger was
announced." *Id.* at 970.  The *Mercy Health Services* court held that the plaintiff "was

---

[14] Defendants are in no way culpable for any delay in Plaintiff's decision to seek
injunctive relief.  Plaintiff voluntarily chose to engage in negotiations with
University of Michigan representatives, which continued in good faith until
September 2021.  (Ex. 3, Gloria Hage Declaration, ▐11-12) (hereinafter "Hage Dec.,
▐__"). ██████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

attempting to throw a monkey wrench into the merger at a very late stage in the game." *Id.*

Plaintiff in this case attempts to play the same game as plaintiffs in *Mercy Health Services*, filing a delayed motion for injunctive relief during the holiday season. ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████. Plaintiff's delay shows a clear absence of any irreparable harm.

In addition to his own delay in seeking injunctive relief, Plaintiff cannot show irreparable harm by the fact that the hearing has not yet occurred. In *Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90 (D.C.Cir. 1986) *Vendors of America v. Weinberger*, 795 F.2d 90 (D.C.Cir. 1986) the court stated "the usual time and effort required to pursue an administrative remedy does not constitute irreparable injury" and "[o]nly under extraordinary circumstances will administrative delay lead to a 'clear showing of irreparable injury.'"[15] The U.S. Supreme Court "found administrative delay by a state commerce commission to result in irreparable injury where 'the commission, for a ***period of two years, remained practically dormant***; and ***nothing in the circumstances suggests that it***

---

[15] *citing Renegotiation Board v. Bannercroft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974)

*had any intention of going further with the matter*. For this apparent neglect on the part of the commission, no reason or excuse has been given." *Id.* at 108 (*quoting Smith v. Illinois Bell Telephone Co*, 46 S.Ct. 408, 409 (1926) (emphasis added).

In the case at bar, the primary reason for any claimed delay in the hearing was that representatives of the University of Michigan and Plaintiff and his counsel actively pursued resolution of claims and were in multiple negotiations until September 2021. (Ex. 3, Hage Dec., ⁋11-12). Further, the matter has not remained entirely dormant during the only three month period after the breakdown of negotiations. ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████.[16]

In addition, Plaintiff not only has adequate remedies available to him, they are explicitly set forth in the Bylaws and FHP. ██████████████████████████

████████████████████████████████████████████████████████

---

[16] Beginning in the fall 2021, UMH has also been inundated with COVID admissions that has required "all hands on deck" to deal with the latest surge of cases during the pandemic, which has required it to prioritize patient care over addressing administrative issues. (Ex. 5, Lozon Dec., ⁋54-57)

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████   █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████

    Further, Plaintiff offers only conclusory and speculative allegations (with no supporting factual evidence) to support his claims of irreparable harm.[17]  These are insufficient as a matter of law to demonstrate irreparable harm.  *See Purugganan v. AFC Franchising, LLC*, 2020 WL 6946558, (Slip Copy) (D.C. Conn. 2020) ("Because Plaintiff offers little more than conclusory allegations and/or speculative and conjectural predictions of irreparable harm, and because the concrete harms he does identify can be addressed through an award of money damages, the motion for a temporary restraining order is DENIED."); *Daniels Health Sciences, L.L.C. v.*

---

[17] Plaintiff's Brief, p. 13-14.  ███████████████████  he "cannot ***become*** a candidate or serve on boards of national committees." And if not immediately reinstated, "he ***could*** lose his imprimatur of a 'Top Candidate' for many leadership positions."  (emphasis added). And, Plaintiff nowhere alleges that he cannot serve on *any* boards or committees.  Other boards or committees are clear alternatives. And when "alternatives" are available, under Michigan law, injunctive relief is unnecessary. *Contech Casting, supra.* Plaintiff's supposed loss of employment opportunities with national boards or committees, even when temporary, is also compensable via money damages.  *Essroc Cement Corp. v. CPRIN, Inc*., 593 F.Supp.2d 962 (W.D. Mich. 2008) ("even temporary unemployment or other total loss of income, remediable later by payment of money, is not irreparable harm.")

*Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (Mere speculation or conclusory allegations of an irreparable injury is insufficient); *Incantalupo v. Lawrence Union Free School Dist. No. 15*, 652 F.Supp.2d 314 (E.D.N.Y. 2009) (in finding no irreparable harm, the Court denied injunctive relief to plaintiff stating it did "not accept as true Plaintiff's unsupported conclusory allegation that the Defendants sought to 'funnel tax dollars . . . to private religious interests.'"); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (unpublished) (N.D.Tex. 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (unpublished) (E.D. Tex. 2010) ("vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief."); S*hepard Industries, Inc. v. 135 East 57th Street, LLC*., 1999 WL 728641 at * 7 (unpublished) (S.D.N.Y.1999) (holding that conclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm).

Plaintiff's claim that he will not be able to engage in his profession if he is not

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████, again, negating any claim of irreparable harm. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (Irreparable injury must be "***likely*** in the absence of an injunction"; it is not enough for a plaintiff to face some "possibility" of irreparable harm.).

Plaintiff's claims of suffering alleged personal stress and potential loss of visibility or position in his specialty are also insufficient to show irreparable harm. Allegations of decline in confidence, visibility or position in the market are not irreparable harm. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir.1991) (district court did not abuse discretion in denying agricultural cooperative's motion for PI, notwithstanding cooperative's allegation that the defendants' continued breaches "will lead to a decline in confidence in the cooperative" and, in turn, "difficulty in acquiring milk, loss of customers, and ultimately . . . the dissolution of the cooperative").

**IV.    Plaintiff's Intentional Bypass And Failure To Exhaust Administrative Remedies Found In UMH's Bylaws And FHP Preclude Entry Of Injunctive Relief**

It is uncontroverted that Plaintiff, as a member of the UMH medical staff, explicitly agreed that ██████████████████████████████████████

███████████████████████████████████████████████████████

16

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████

In *Kaiser Foundation Hospitals et al. v. The Sacramento County Superior Court*,[18] a physician with surgical privileges was suspended and she subsequently requested a hearing under the bylaws.  The hearing was supposed to begin (per the bylaws) within 60 days after receipt of her request for hearing. A judicial review committee (i.e., hearing panel) was appointed to act as fact finder, and a hearing officer was also appointed to oversee the administrative proceeding. Following a disagreement between the parties over who could appoint members to comprise the judicial review committee, the physician filed a lawsuit seeking declaratory and injunctive relief and damages, claiming the hospital's bylaws and policies "violate due process."  The physician claimed she was not required to exhaust the hospital's hearing process because "it is an inadequate remedy."  The trial court held the physician was excused from exhausting her administrative remedy and completing

---

[18] 128 Cal App 4th 85, 91; 26 Cal.Rptr.3d 744 (2005)

the peer review process because the "hearing was not timely held"[19] and the peer review process "does not square with the requirements of due process."  However, the appellate court in *Kaiser* reversed, vacating the trial court's orders and granting summary adjudication and declaratory judgment to the hospital.  The appellate court held that "before a doctor may initiate litigation challenging the propriety of a hospital's denial or withdrawal of privileges, he ***must*** exhaust the available internal remedies afforded by the hospital."[20]

Similarly, the court in *Eight Unnamed Physicians v. Medical Executive Com* 150 Cal.App.4th 503; 59 Cal.Rptr.3d 100 (2007) denied Plaintiff's request for injunctive relief and held that physicians must exhaust their administrative remedies

---

[19] *Id*. at 94-95. ████████████████████████████████████
████████████████ █████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████

[20] *Id*. (*quoting Westlake Community Hosp. v. Superior Court* 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410 (1976)  *See also Unnamed Physician v. Board of Trustees*, 93 Cal.App.4th 607, 619-620, 113 Cal.Rptr.2d 309 (2001) ("a doctor who is challenging the propriety of a hospital's denial or withdrawal of staff privileges must pursue the internal remedies afforded by that hospital to a final decision on the merits before resorting to the courts for relief. This requirement both accords recognition to the expertise of the organization's quasi-judicial tribunal and promotes judicial efficiency by unearthing the relevant evidence and providing a record that the court may review. The exhaustion doctrine 'is not a matter of judicial discretion, but is a fundamental rule of procedure' under which 'relief must be sought from the administrative body and this remedy exhausted before the courts will act.'" (citations omitted))

prior to a court obtaining jurisdiction.[21]  The court stated:

> It is the general and well established jurisdictional rule that a plaintiff
> who seeks judicial relief against an organization of which he is a
> member must first invoke and exhaust the remedies provided by that
> organization applicable to his grievance… the exhaustion doctrine
> applies in medical disciplinary proceedings such as those here.  Before
> a doctor may initiate litigation challenging the propriety of a hospital's
> denial or withdrawal of privileges, he must exhaust the available
> internal remedies afforded by the hospital… the Legislature has granted
> to individual hospitals, acting on the recommendations of their peer
> review committees, the primary responsibility for monitoring the
> professional conduct of physicians… ***If an administrative remedy is
> available and has not yet been exhausted, an adequate remedy exists
> and the petitioner is not entitled to extraordinary relief***.

*Id*. at 510-511 (internal quotations, citations removed and emphasis added). The

*Eight Unnamed Physicians* court further reasoned that this doctrine "of remedies

rests on a notion of judicial restraint and a deference to disciplinary proceedings that

satisfy basic due process to which all members of the medical staff agreed." *Id*. at

515. ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████[22]

---

[21] 150 Cal.App.4th 503, 512; 59 Cal.Rptr.3d 100 (2007).

[22] This doctrine is also applicable in other non-peer review applications. *See
McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (when
a prisoner seeks injunctive relief, the court need not ignore the inmate's failure to
take advantage of prison procedures, and inmate who needlessly bypasses such
procedures may be properly compelled to pursue them); *Sampson v. Murray*, 415
U.S. 61, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) (injunctive relief sought by
probationary government employee was improper when administrative remedy was
available and subsequent reviewing bodies, Civil Service Commission and District

## V. Issuance of a TRO or Preliminary Injunction Would Not Serve the Public Interest and Will Cause Harm To Others



—are not only unsupported by any record evidence, but also afford no basis to order the extraordinary relief of an injunction. To the contrary, it is in the public's interest and Plaintiff has exhausted all administrative remedies.

The Court in *Eight Unnamed Physicians, supra*[23] made clear that the public interest is *served* when hospitals implement any necessary discipline regarding medical staff privileges. "[I]t must be remembered," the court wrote, "that license suspension, revocation or other similar disciplinary proceedings involving licensees are not for the purpose of punishment but ***primarily to protect the public*** served by

---

Court, would not be frustrated); *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 S. Ct. 1028, 39 L. Ed. 2d 123 (1974) (contractor was obliged to pursue its administrative remedy and, when failing to do so, could not attain its ends through the route of judicial interference by way of an injunction against the continuation thereof for failure of the agency to produce documents under the Freedom of Information Act); *City of New York v. U.S.*, 346 F. Supp. 151 (S.D. N.Y. 1972)(City seeking to temporarily enjoin a price commission order approving a rate increase of the telephone company for coin telephone service and hotel guest calls was not entitled to an injunction when it had failed to exhaust its administrative remedy)
[23] 150 Cal.App.4th 503, 512; 59 Cal.Rptr.3d 100 (2007) (*quoting Bollengier v. Doctors Medical Center,* 222 Cal.App.3d 1115, 272 Cal.Rptr. 273 (1990))

the licensee employed by a hospital." *Id.* (emphasis added).

---

[24] Plaintiff's Brief, pp. 4-5

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Board of Regents of the University of Michigan respectfully requests that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (ECF No. 3).


Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC


/s/ David A. French_____
David A. French (P31944)
Larry R. Jensen (60137)
Jonathon A. Rabin (57145)
Attorney for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

/s/_____