UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

      Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

      Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

---

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: Saif R. Kasmikha (P74320)<br>42705 Grand River Avenue, Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com |
| CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Ronald G. Acho (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

---

**DEFENDANTS' RESPONSE IN OPPOSITION OF TO CHARLES
BLACKWELL'S MOTION TO INTERVENE
AND UNSEAL JUDICIAL RECORDS**

NOW COME Defendants, by and through their attorneys, HALL, RENDER, KILLIAN, HEATH & LYMAN, PC, and for the reasons set forth in the Brief attached hereto, respectfully request that this Honorable Court deny the Motion for Leave to Intervene and Unseal Records in its entirety.

Alternatively, if the Court allows Mr. Blackwell to intervene, Defendants request that the Honorable Court:

A. Maintain as sealed:

    1. The following Exhibits to Plaintiff's Complaint:

        Exhibit B (3/27/21 Notice)

        Exhibit C (Plaintiff's 4/27/2021 Request)

    2. The following Exhibits to Plaintiff's Motion for Temporary Restraining Order and to Show Cause:

        Exhibit C (3/27/21 Notice)

        Exhibit D (4/20/21 Letter)

        Exhibit E (Plaintiff's 4/27/2021 Request)

        Exhibit F (Email)

B. Unseal:

    1. Exhibit A to Plaintiff's Complaint; and

    2. Exhibits B to Plaintiff's Motion for Temporary Restraining Order and to Show Cause.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com

Dated: January 14, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

     Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

     Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

---

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC | HALL, RENDER, KILLIAN, HEATH & LYMAN, PC |
| By: Saif R. Kasmikha (P74320) | David A. French (P31944) |
| 42705 Grand River Avenue, Suite 201 | Jonathon A. Rabin (P57145) |
| Novi, MI 48375 | Larry R. Jensen (P60317) |
| (248) 344-4570 | Attorneys for Defendants |
| Attorneys for Plaintiff | 101 W. Big Beaver Rd., Suite 745 |
| skasmikha@midwestlegalpartners.com | Troy, MI 48084 |
| | dfrench@hallrender.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C. | jrabin@hallrender.com |
| | ljensen@hallrender.com |
| Ronald G. Acho (P23913) | |
| 17436 College Parkway | |
| Livonia, MI 48152 | |
| (734) 261-2400 | |
| Attorneys for Plaintiff | |
| racho@cmda-law.com | |

---

**DEFENDANTS' BRIEF IN RESPONSE TO CHARLES BLACKWELL'S
MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUE PRESENTED ...................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF
    SOUGHT ............................................................................................ iii

STATEMENT OF FACTS ....................................................................... 1

DISCUSSION OF LAW .......................................................................... 2

  I.  PROPOSED INTERVENOR MR. BLACKWELL HAS NO RIGHT TO
      INTERVENE UNDER FEDERAL RULE 24(A)(2) ..................................... 2

    A.  Mr. Blackwell Has No Substantial Legal Interest In This Peer Review
        Dispute ..................................................................................... 3

    B.  Any Interest This Court May Recognize Is Adequately Represented By
        The Existing Parties. .................................................................. 4

    C.  If Mr. Blackwell is Allowed to Intervene, The Court Should Restrict Him
        From Service of Sealed Papers Or Limit His Intervention Solely to
        Litigating the Instant Motion ....................................................... 6

  II. ALL EXHIBITS RELATED TO THE PEER REVIEW PROCESS SHOULD
      BE KEPT UNDER SEAL.............................................................. 7

  III. PLAINTIFF'S EXHIBITS UNRELATED TO THE PEER REVIEW
       PROCESS SHOULD BE UNSEALED........................................... 12

CONCLUSION ................................................................................... 13

i

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

1. Should the Court deny Mr. Blackwell's request to intervene in this action?

   Defendants answer "yes."

   Plaintiff would answer "yes."

   Proposed intervening party Charles Blackwell would answer "no."

2. Should the Court deny Mr. Blackwell's request to unseal certain records that are fully listed in the relief requested herein?

   Defendants answer "yes."

   Plaintiff would answer "yes."

   Proposed intervening party Charles Blackwell would answer "no."

3. Should the Court grant Mr. Blackwell's request to unseal Exhibit A to Plaintiff's Complaint and Exhibit B to Plaintiff's Motion for Temporary Restraining Order and to Show Cause?

   Defendants answer "yes."

   Plaintiff would answer "no."

   Proposed intervening party Charles Blackwell would answer "yes."

# CONTROLLING OR MOST APPROPRIATE
# AUTHORITY FOR RELIEF SOUGHT

**Cases**

*Gulfport Energy Corp. v. Vill. of Barnesville, Ohio*,
  No. 2:15-CV-780, 2015 WL 4068797, at *4 (S.D. Ohio July 2, 2015) ...............4

*In re Grand Jury Subpoena for New York State Income Tax Records*,
  468 F. Supp. 575 (N.D.N.Y. 1979).......................................................................12

*Kamakana v. City & Cnty. Of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006)...............................................................................5

*Krusac v. Covenant Medical Center, Inc.*,
  497 Mich. 251, 865 N.W.2d 908 (2015).........................................................7, 11

*Loyd v. St. Joseph Mercy Oakland*,
  2013 WL 1120040 (March 18, 2013) ...................................................................10

*Michigan State AFL–CIO v. Miller*,
  103 F.3d 1240 (6th Cir.2007) ...............................................................................4

*Pearson v. Miller*,
  211 F.3d 57 (3rd Cir.2000) ...................................................................................11

*Seales v. Macomb Cty.*,
  226 F.R.D. 572 (E.D. Mich. 2005) .......................................................................11

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 302 (6th
  Cir. 2016). ..............................................................................................................6

*Trbovich v. United Mine Workers of America*,
  404 U.S. 528 (1972)...............................................................................................3

*U.S. v. Michigan*,
  424 F.3d 438 (6th Cir. 2005)..................................................................................3

**Other Authorities**

§ 1920 Status of Intervenor, 7C Fed. Prac. & Proc. Civ. § 1920 (3d ed.) .................7

42 U.S.C. § 1983 ...........................................................................................................5

Health Insurance Portability and Accountability Act ("HIPAA") ...........................6

**Rules**

Fed. R.Civ. P. 24(a)(2).................................................................................................5

Federal Rule of Civil Procedure 24(a)(2) ..................................................................2

Local Rule 5.3(b)(3)(C) ........................................................................10

M.C.L. §331.533 ..............................................................................9, 10

M.C.L. §333.20175(8) ..........................................................................10

M.C.L. §333.21075(b) ............................................................................6

## **STATEMENT OF FACTS**

Plaintiff is a physician employed by the University of Michigan who held medical staff privileges at the University of Michigan Hospitals ("UMH") until November 2021.[1] Plaintiff filed his Complaint under the name "John Doe, MD," without first obtaining permission from the Court to proceed under a pseudonym. On the same day, Plaintiff filed a Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Be Issued. He also filed (on the same date) two Motions seeking leave to file certain exhibits to the Complaint and his Motion under seal. The basis for Plaintiff's request to seal records was simply to prevent the disclosure of his identity.

Just before service of the Complaint on Defendants, and before this matter was reassigned to the Hon. Gershwin Drain, the Court entered two text-only orders granting Plaintiff's requests to seal records. On that same date, non-party Charles Blackwell filed the instant Motion to Intervene and Unseal Records. In the Motion, Mr. Blackwell seeks to unseal all records that the Court permitted Plaintiff to file under seal. Mr. Blackwell's Motion rests generally on the public's right of access to judicial records and relies solely upon Fed. R.Civ. P. 24(a)(2).

As explained more fully below, the Court should not allow Mr. Blackwell to

---

[1] The facts relevant to the case will be more fully described in Defendants' responses to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Be Issued.

intervene and should deny the instant Motion because he has no substantial interest in the litigation that would give him a right to intervene under Rule 24(a)(2), the rule which he relies.[2] In addition, whatever interest he has can be adequately protected by the parties and under the management of the Court.

## **DISCUSSION OF LAW**

## I. **PROPOSED INTERVENOR MR. BLACKWELL HAS NO RIGHT TO INTERVENE UNDER FEDERAL RULE 24(a)(2)**

Under Federal Rule of Civil Procedure 24(a)(2), a "court must permit anyone to intervene who… claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Supreme Court has summarized this Rule's requirements by stating that "Rule 24(a)(2) gives one a right to intervene if (1) he claims a sufficient interest in the proceedings, and (2) that interest is not adequately represented by the existing parties." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 537 (1972). The Sixth Circuit requires a showing of four elements and has stated:

---

[2] Mr. Blackwell argues he is entitled to the right to intervene under Federal Rule of Civil Procedure 24(a)(2), however, mistakenly refers to Rule 24(b)(2) within the Motion itself. Defendants assume that his intention is to argue the right of intervention under 24(a)(2) and not 24(b)(2) as Mr. Blackwell is not government officer and does not represent a government agency as provided for in 24(b)(2).

> We have held that, to intervene as of right under Rule 24(a)(2) a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a <u>substantial legal interest in the subject matter of the case</u>; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) <u>the parties already before the court may not adequately represent the proposed intervenor's interest</u>.

*U.S. v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (emphasis added). A failure to prove any <u>one</u> of these criteria requires a Court to deny the motion to intervene. *U.S. v. Michigan,* 424 F.3d at 443 ("The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.").

### A. Mr. Blackwell Has No Substantial Legal Interest In This Peer Review Dispute

Plaintiff in this case seeks monetary and injunctive relief from Defendants for what he claims was improper decision making relative to his privileges at UMH. This case does <u>not</u> concern public access to judicial records.

"An applicant for intervention has a substantial legal interest in the subject matter of the case if it has a <u>direct and substantial interest</u> in the litigation, such that it is <u>a real party in interest in the transaction which is the subject of the proceeding</u>." *Gulfport Energy Corp. v. Vill. of Barnesville, Ohio*, No. 2:15-CV-780, 2015 WL

3

4068797, at *4 (S.D. Ohio July 2, 2015) (internal citations and quotations omitted; emphasis added).[3]

Mr. Blackwell has no <u>direct and substantial</u> interest in the litigation. Here, Mr. Blackwell has no legally recognized interest in the outcome of a peer review matter conducted at UMH and which involves Plaintiff's conduct and behavior. Mr. Blackwell is in no way connected to the peer review process at UMH, and does not provide any facts to suggest that he has an interest equivalent to that of a peer review body. Likewise, he is unable to identify a single legal interest that he may have in this matter, let alone a "substantial" one. This litigation is not <u>about</u> public records, at all. While this <u>procedural</u> issue arose as a result of Plaintiff's Motions to Seal certain records, it does not mean the litigation itself is one in which Mr. Blackwell has a right of intervention under Fed. R.Civ. P. 24(a)(2). For this reason alone, the Court should deny the request to intervene.

**B. Any Interest This Court May Recognize Is Adequately Represented By The Existing Parties.**

At issue in this action are claims brought by Plaintiff against Defendants that stem from actions taken by the peer review bodies within UMH. Plaintiff seeks relief

---

[3] In determining whether a proposed intervenor has a substantial interest, the court must engage in a fact-specific inquiry. *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.2007).

under 42 U.S.C. § 1983 for alleged violation of the Fourteenth Amendment to the U.S. Constitution and brought various state-law tort and contract claims.

Mr. Blackwell does not profess knowledge of or involvement in the peer review process. His professed interest in ensuring that judicial records are kept public can be adequately represented through the advocacy of the parties and certainly under the management of this Court. Plaintiff is a physician and UMH is a hospital system. Courts have previously recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There is no interest that is better protected by allowing Mr. Blackwell to intervene in this matter.

Mr. Blackwell's reliance on *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, is misplaced. In *Shane Group*, the court considered whether to permit the unsealing of a class action once settlement was reached and certain members of the class objected to the settlement. 825 F.3d 299, 302 (6th Cir. 2016). The court in that case considered the fact that "in class actions - where by definition some members of the public are also parties to the case - the standards for denying public access to the records should be applied with particular strictness." *Id*. at 305.

This heightened standard is far from applicable in the instant case. First, there are no members of the public involved in this case who would appear equivalent to

a large class action group that the court was presented with in *Shane Group*. Further, Michigan law has specifically stated that the documents Mr. Blackwell seeks to unseal are *not public records* and thus not meant to be available to the public. *See* M.C.L.§ 333.21075(b) and the additional discussion, *infra*. Indeed, Michigan case law has expressly stated the importance of keeping the material at issue in a peer review case confidential to ensure the willingness of those in the medical profession to thoroughly and competently regulate their providers. *See Krusac v. Covenant Medical Center, Inc.,* 497 Mich. 251, 256, 865 N.W.2d 908 (2015), where the Michigan Supreme Court stated that, "essential to the peer review process is the candid and conscientious assessment of hospital practices. To encourage such an assessment by hospital staff, the Legislature has protected from disclosure the records, data, and knowledge collected for, or by, peer review committees." (internal quotations and citations omitted).  Plaintiff's Motion should be denied.

### C. If Mr. Blackwell is Allowed to Intervene, The Court Should Restrict Him From Service of Sealed Papers Or Limit His Intervention Solely to Litigating the Instant Motion

Defendants anticipate that future filings in this matter will require the sealing of certain documents related to the peer review process and/or possibly information protected from disclosure by the physician-patient privilege or the Health Insurance Portability and Accountability Act ("HIPAA").

6

According to Wright and Miller, "[u]nless conditions have been imposed, the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties." § 1920 Status of Intervenor, 7C Fed. Prac. & Proc. Civ. § 1920 (3d ed.). As a result, Defendants are concerned that, if Mr. Blackwell is allowed to intervene, he would be entitled to service of sealed papers. Given that this is a matter in which he has no legal interest or involvement, his intervention could therefore become highly problematic and present legal conflicts for all existing parties.

Thus, even if Mr. Blackwell is allowed to intervene, the Court should impose a condition on the intervention that he not be entitled to service of any sealed filings. See 7C Fed. Prac. & Proc. Civ. (3d ed.), Conditions on Intervention, § 1922 ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application."). Alternatively, the Court could allow Mr. Blackwell to intervene solely for the purpose of a determination on whether to unseal the records at issue in the instant Motion.

## II. ALL EXHIBITS RELATED TO THE PEER REVIEW PROCESS SHOULD BE KEPT UNDER SEAL

As set forth more fully below, Defendants strongly disagree with most of what Mr. Blackwell proposes to have this Court unseal. Thus, even if Mr. Blackwell is allowed to intervene, Defendants submit that the following documents should

7

remain sealed:

1. <u>The Following Exhibits to Plaintiff's Complaint Should Remain Sealed</u>:

   Exhibit B (3/27/21 Notice)

   Exhibit C (Plaintiff's 4/27/2021 Request)

2. <u>The Following Exhibits to Plaintiff's Motion for Temporary Restraining Order and to Show Cause Should Remain Sealed:</u>

   Exhibit C (3/27/21 Notice)

   Exhibit D (4/20/21 Letter)

   Exhibit E (Plaintiff's 4/27/2021 Request)

   Exhibit F (Email From Surgery Scheduler)

In light of the substantial protections and privileges set forth in Michigan law, an order from this Court granting the relief sought by Mr. Blackwell would be improper. While Mr. Blackwell is correct that there is a strong presumption towards the openness provided in the judicial process, Michigan law specifically states that peer review documents are *not* to be considered public records and are *not* to be "discoverable and shall not be used as evidence in a civil action or administrative proceeding. M.C.L. § 331.533. Thus Mr. Blackwell, as a member of the public, has no right to view and "closely observe" matters that are deliberately not meant to be public.

Local Rule 5.3(b)(3)(C) states that this Court may grant a motion to seal "upon a finding of a compelling reason why certain documents or portions thereof should be sealed." Relevant to this action, Michigan's peer review law provides that:

> The records, data, and knowledge collected for or by individuals or committees assigned a professional review function in a health facility or agency, or an institution of higher education in this state that has colleges of osteopathic and human medicine, are confidential, shall be used only for the purposes provided in this article, <u>are not public records, and are not subject to court subpoena.</u>

M.C.L. §333.20175(8) (emphasis added); *see also* M.C.L. §333.21515, stating that "[t]he records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena. Michigan law further provides:

> Except as otherwise provided in [this statute], the record of a proceeding and the reports, findings, and conclusions of a review entity under this act are confidential, are not public records, and <u>are not discoverable and shall not be used as evidence in a civil action or administrative proceeding.</u>

M.C.L. § 331.533 (emphasis added).

As this Court (the Hon. Gershwin Drain) previously stated in *Loyd v. St. Joseph Mercy Oakland*, 2013 WL 1120040 (March 18, 2013):

> "<u>[T]he peer review statutory regime protects peer review from intrusive general public scrutiny.</u> All the peer review communications are protected from discovery and use in any form of legal proceedings." *Armstead v. Diederich,* No. 296512, 2011 Mich.App. LEXIS 1367, *4–5,2011 WL 2936802 (Mich.Ct.App. July 21, 2011).

9

*Id*. at *2 (emphasis added).

As reflected in Defendants' Briefs in Response to Plaintiff's Motion for Temporary Restraining Order and to Show Cause, non-parties affected by the filing of these submissions include patients and staff of UMH and the allegations concern professional, behavioral and patient safety matters. Moreover, as this Court noted in *Loyd*, "peer review statutory regime protects peer review from intrusive <u>general public scrutiny</u>." 2013 WL 1120040 at *2 (emphasis added).

Michigan's peer review statute is read <u>broadly</u> and courts have noted that even objective facts contained within peer review reports remain privileged as there is no exception for their disclosure within the statute. *Krusac*, 407 Mich. at 260.[4] This is supported by the *In re Lieberman* which concluded that the "legislature protected peer review documents <u>in broad terms</u>." 250 Mich.App. 381, 646 N.W.2d 199, 202–03 (Mich. Ct. App. 2002) (emphasis added) (noting that the peer review privilege

---

[4] As stated in Defendant's Motion to Permit filing Certain Documents Under Seal, while federal law controls privilege for Plaintiff's single federal claim in this case, "[c]onsiderations of comity require that we at least consider these 'privileges,' as well as the confidentiality interests otherwise protected...." *Seales v. Macomb Cty.,* 226 F.R.D. 572, 577 (E.D. Mich. 2005) (quoting *Pearson v. Miller*, 211 F.3d 57, 73 (3rd Cir.2000)). See also *In re Grand Jury Subpoena for New York State Income Tax Records*, 468 F. Supp. 575, 577 (N.D.N.Y. 1979) ("[t]he [federal] Courts have nonetheless recognized that policies of comity and federalism require some deference to the objectives intended by the state confidentiality provisions"). The need for comity is particularly relevant in the instant case because all but one of the Plaintiff's claims are brought under state law.

statute "demonstrates that the Legislature has imposed a comprehensive ban on the disclosure of peer review material").

Peer review documents cannot be disclosed even in a criminal investigation with a proper search warrant. *Manzo v. Petrella*, 261 Mich.App. 705, 683 N.W.2d 699, 705 (Mich. Ct. App. 2004). Likewise, Michigan courts have protected these documents from disclosure in civil suits, where the subject of the litigation involved (1) assaults on a hospital patient, (2) medical malpractice claims, or (3) investigations by the Board of Medicine. *Id*.

Michigan's broad protections of peer review documents call for this Court to maintain the sealing of the specific Exhibits listed above. As stated above, Michigan law explicitly states that these documents are not only to be kept privileged and confidential, but that these documents are not even discoverable, or to be considered in any part of a civil or administrative matter. These protections exist because courts recognize that the best, most efficient way to govern the applicable standards of medical providers is to allow the experts in those areas of medicine to discipline those who fall short of a hospital's standards of care.

However, to properly do so, those who serve on these types of committees or other areas of leadership within a hospital rely upon others to provide necessary feedback and openly present their concerns to those who have the power to act on behalf of the patients and other members of the community. Without protections

from lawsuits or fear of exposure because of their statements, it is unlikely that members of the medical profession would feel as if they were able to voice concerns as to negative patient outcomes or treatment of patients and staff. This freedom to speak or communicate honestly and without the need to censor is essential to the peer review process.

The need for the public's knowledge is not outweighed by the strong presumption of privilege provided by Michigan state law. Indeed, Michigan law goes so far as to explicitly state that peer review documents are in no way to be considered public records. Given that these documents are not public records, it cannot be argued that the public should have access to these records.

Because the success of the peer review process, the comity between federal and state law, and the strong need to maintain confidentiality of sensitive records outweigh Mr. Blackwell and the public's potential interest in these records, the Court should keep the above-listed documents under seal.

## III.  PLAINTIFF'S EXHIBITS UNRELATED TO THE PEER REVIEW PROCESS SHOULD BE UNSEALED

Defendants agree with Mr. Blackwell that the following documents should be unsealed, as Plaintiff had no justifiable basis to request that they be sealed:

1. Exhibit A to Plaintiff's Complaint and

2. Exhibits B to Plaintiff's Motion for Temporary Restraining Order and to Show Cause

These exhibits were advertising or otherwise publicly-displayed images of Plaintiff or "his likeness." *Those documents are in no way part of the peer review process*. Mr. Blackwell correctly points out that Plaintiff did not seek permission from this Court to proceed under a pseudonym as he was required to do <u>before</u> filing the Complaint as "John Doe, MD."[5] Plaintiff filed the exhibits listed in this section under seal solely to protect his identity.[6] He offered no authority permitting his name or likeness to be sealed, particularly those which he maintains are public images. Because he has no legal right to protect against the disclosure of his identity and they are not peer-review or otherwise protected from disclosure, those particular records should be unsealed.

Defendants thus agree with Mr. Blackwell that Plaintiff has not identified a single privilege or grant of legal authority to authorize the sealing of these particular exhibits. They should be unsealed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny the Motion for Leave to Intervene and Unseal Records in its entirety.

---

[5] As a result, the Court lacks personal jurisdiction and the Complaint should be dismissed. See Section I of the Discussion of Law in Defendants Marie Lozon, MD, and Justin Dimick, MD's Motion to Dismiss (ECF No. 15, PageID.499).

[6] If the Plaintiff wished to protect his identity and "likeness," he need not have brought this action in federal court, and rather should have continued to abide by the peer review process he explicitly, in writing, agreed to.

Alternatively, if the Court allows Mr. Blackwell to intervene, Defendants request that the Honorable Court:

A. Maintain as sealed:

    1. The following Exhibits to Plaintiff's Complaint:

        Exhibit B (3/27/21 Notice)

        Exhibit C (Plaintiff's 4/27/2021 Request)

    2. The following Exhibits to Plaintiff's Motion for Temporary Restraining Order and to Show Cause:

        Exhibit C (3/27/21 Notice)

        Exhibit D (4/20/21 Letter)

        Exhibit E (Plaintiff's 4/27/2021 Request)

        Exhibit F (Email)

B. Unseal:

    1. Exhibit A to Plaintiff's Complaint; and

    2. Exhibits B to Plaintiff's Motion for Temporary Restraining Order and to Show Cause.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses and will mail the same to Mr. Blackwell to the following address:

22655 Fairmont Dr.
Apt. 102
Farmington Hills, MI 48335

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com

16