UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

    v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, ET AL.,

    Defendants.

Case No. 21-cv-13032

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED [#3] AND SETTING BRIEFING SCHEDULE

On December 29, 2021, Plaintiff John Doe, M.D., filed the instant action against Defendants the Board of Regents of the University of Michigan (the "Board"), Marie Lozon, M.D., and Justin Dimick, M.D., pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. *See* ECF No. 1. Plaintiff also brought state law claims of breach of contract, breach of fiduciary duties, intentional infliction of emotional distress and retaliation under Michigan law. *Id*. Plaintiff alleges he is a tenured professor and world-renowned pediatric plastic surgeon who has been improperly suspended from the medical staff and clinical privileges at the University of Michigan and the University of Michigan Health System (collectively "Mid-Michigan").

1

Presently before the Court is the Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, also filed on December 29, 2021. Plaintiff seeks an order enjoining Defendants from reporting Plaintiff's suspension to the National Practitioner Data Bank ("NPDB"), the State Board of Medicine or any other similar entity, as well as requiring Defendants to immediately reinstate Plaintiff's privileges to practice medicine at Mid-Michigan "unless a formal investigation, replete with due process, concludes with a finding that his continued practice would constitute a threat to patient safety." ECF No. 3, PageID.50–53. After reviewing Plaintiff's submissions, the Court will DENY Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.

I.

Plaintiff is a tenured professor of surgery in the Section of Plastic and Reconstructive Surgery at the University of Michigan Medical School. ECF No. 1, PageID.4. He also serves as a member of the University of Michigan medical staff. *Id*.

In his Complaint, Plaintiff alleges that after raising "concerning administrative practices" related to transparency and accountability at Mid-Michigan, the Board disciplined him for three "non-event matters." *Id*. at

2

PageID.10. The Board allegedly suspended Plaintiff's clinical privileges indefinitely due to the "non-event matters." *Id*. at PageID.11. In March of 2021, Dr. Lozon advised Plaintiff of his right to request a hearing and that his continued suspension triggered Mid-Michigan's statutory responsibility to report Plaintiff's suspension to Michigan's Department of Licensing and Regulatory Affairs ("LARA"). ECF No. 10, PageID.27. The Board also advised Plaintiff that it would report him to the NPDB, which Plaintiff alleges it subsequently did. ECF No. 1, PageID.11. Plaintiff requested a hearing on March 30, 2021. ECF No. 3, PageID.259.

Plaintiff further claims the Board reopened the "non-event matters" and conducted a peer-reviewed determination of Plaintiff's future at Mid-Michigan. *Id*. Plaintiff states that the Board compelled him to complete a program in Kansas to address his behavioral concerns. *Id*. The program purportedly serves troubled physicians with substance addiction illnesses and abusive behavioral issues. *Id*.

Plaintiff's clinical privileges have been suspended for over nine months. *Id*. Plaintiff has yet to receive his requested hearing and he fears his suspension can last for two years, without a hearing until 2023. *Id*.

Plaintiff filed suit on December 29, 2021. ECF No. 1, PageID.36. Along with his Complaint and present motion, Plaintiff filed two Motions for Leave to File Exhibits under Seal, which were granted by the district judge previously assigned to

3

this case. ECF Nos. 2, 4, 7. That same day, proposed intervenor Charles Blackwell filed a Motion for Leave to Intervene and Unseal Judicial Records. ECF No. 8, PageID.201. On January 4, 2022, Defendants Dr. Lozon, Dr. Dimick, and the Board, filed their respective Motions to Dismiss. ECF Nos. 14, 15.

II.

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending a lawsuit's final resolution. *See University of Texas v. Camenisch*, 451 U.S. 390 (1981). Courts may only issue temporary restraining orders when the moving party "clearly show[s] that immediate and irreparable injury, loss or damage will result" absent judicial intervention. FED. R. CIV. P. 65(b)(1)(A). Courts consider four factors before issuing a temporary restraining order: (1) the party's likelihood of success on the merits of his claim; (2) whether the injunction will save the party from irreparable injury; (3) whether the injunction will substantially harm others; and (4) whether the injunction serves the public interest. *S. Glazier's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017); *Summit Cnty. Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004); *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the

4

merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). The Court reiterates that preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries his burden of proving the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Applying these factors, the Court does not find injunctive relief is appropriate at this juncture.

III.

**A. Likelihood of Success**

As a threshold matter, the Court may lack jurisdiction over Plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."). The Sixth Circuit Court of Appeals has reasoned that failing to seek permission to proceed under a pseudonym can prove fatal to a plaintiff's case because "federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (citation omitted). While Plaintiff recites the applicable law for proceeding anonymously in this circuit, he does so in a cursory fashion. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); ECF No. 1, PageID.2; ECF No.3, PageID.62.

Next, Plaintiff argues likely success on his Fourteenth Amendment procedural due process claim because he has a property interest in his medical staff privileges and salary. ECF No. 1, PageID.21. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property rights are not created by the Constitution itself, but by "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id*.

Based on *Roth* and subsequent cases, the Court finds Plaintiff unlikely to prevail on his federal claim. The "independent source" Plaintiff relies on in support of his property interest is the University of Michigan Hospital's bylaws. However, the bylaws do not grant Plaintiff a contractual right to practice medicine. *See Bhan v. Battle Creek Health Systems*, 579 F. App'x 438, 448 (6th Cir. 2014) (finding "no cases in Michigan where a state court held that Medical Staff Bylaws create a contractual relationship with a physician who … is granted clinical staff privileges."). Indeed, case law discussing property interests in medical staff privileges reaches the exact opposite conclusion to Plaintiff's argument. *See Clark v. West Shore Hosp.*, 16 F. App'x 421, 427 n.8 (6th Cir. 2001) (explaining that "no

6

other court has recognized the 'effective termination' of medical staff privileges as a possible violation of a protected property interest."). Without evidence or authority suggesting otherwise, the Court declines to find Plaintiff likely to succeed on his federal claim.

Additionally, even if Plaintiff retained a property interest in his staffing privileges and salary, he has not plead facts indicating how each Defendant violated Plaintiff's constitutional protections. For example, Dr. Lozon communicated to Plaintiff that his suspension would be reported to the NPDB, the State of Michigan Board of Medicine and LARA. ECF No. 1, PageID.12. But those communications do not amount to any constitutional violation. Likewise, with Dr. Dimick, Plaintiff's allegations suffer from the same deficiency. The Court also denotes Plaintiff may have sued the incorrect Board because the Hospital's Board exercises control over medical staff and privileging decisions, not the Board of Regents. *See* MICH. COMP. LAWS § 333.21513.

Even assuming Plaintiff identified the correct Board, his brief fails to address affirmative defenses available to public officials and entities, such as the Eleventh Amendment of the United States Constitution and qualified immunity. The Court cannot conclude Plaintiff is likely to succeed when his briefing lacks discussion concerning the applicability of these defenses.

7

Accordingly, for all the aforementioned reasons, the Court finds Plaintiff unlikely to prevail on his federal claim.

### B. Irreparable Harm

Plaintiff has likewise not established an irreparable injury absent injunctive relief. He has not demonstrated that the harm here is "certain and immediate," rather than "speculative or theoretical." *See Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). "[A] plaintiff *must* present the existence of an irreparable injury to get a preliminary injunction." *D.T. v. Sumner County Schools*, 942 F.3d 324, 327 (6th Cir. 2019) (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Plaintiff does not present any caselaw demonstrating that loss of medical staff privileges is an irreparable injury. Moreover, the record belies Plaintiff's claims of irreparable harm. After Defendants informed Plaintiff in March of 2021 that his continued suspension triggered reporting responsibilities to LARA and other entities, Plaintiff submitted a request for a hearing on March 30, 2021. Roughly nine months later, and *after* Defendant already allegedly reported the suspension to NDPB, Plaintiff filed the instant suit. Based on these considerations, the Court finds this factor favors denying temporary injunctive relief.

### C. Remaining factors

Because the Court finds that Plaintiff has not shown a likelihood of success on the merits or irreparable harm at this juncture, entry of a temporary restraining order is unwarranted. *Gonzales*, 225 F.3d at 625.

IV.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued [#3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff file Responses to Defendants' Motions to Dismiss [#14, #15] no later than January 25, 2022. Plaintiff's Responses shall include, but not necessarily be limited to, a discussion of each factor under *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

IT IS FURTHER ORDERED that Defendants submit their Replies to Plaintiff's Responses no later than February 1, 2022.

IT IS FURTHER ORDERED that Plaintiff and Defendants submit Responses to the Motion for Leave to Intervene and Unseal Judicial Records [#8] no later than January 17, 2022.

**IT IS SO ORDERED.**

Dated: January 14, 2022  /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 14, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager