# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

    Defendants.

CASE NO. 21-cv-13032
Hon. Gershwin A. Drain

_____/

MIDWEST LEGAL PARTNERS, PLLC
By: **SAIF R. KASMIKHA** (P74320)
42705 Grand River Avenue
Suite 201
Novi, MI  48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.
By: **RONALD G. ACHO**  (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
By: David A. French (P31944)
Attorneys for Defendant
101 W. Big Beaver Rd., Ste. 745
Troy, MI 48084
dfrench@hallrender.com

_____/

# PLAINTIFF'S MOTION FOR PROTECTIVE ORDER FOR PERMISSION TO PROCEED PSEUDONYMOUSLY, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT

**NOW COMES** Plaintiff, DR. JOHN DOE, M.D., by and through his attorneys, MIDWEST LEGAL PARTNERS, PLLC, by SAIF R. KASMIKHA, and CUMMINGS, McCLOREY, DAVIS & ACHO, PLC by RONALD G. ACHO, and for his Motion for Leave to Proceed Pseudonymously, or in the Alternative, for Leave to Amend the Complaint, states as follows:

1. As a general matter, a complaint must state the names of all the parties. Fed.R.Civ.P. 10(a).

2. However, courts within the Sixth Circuit will excuse plaintiffs from identifying themselves in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

3. Several considerations factor into a court's determination whether a party's privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.*

4. These considerations include: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal procedure; and (4) whether the plaintiff is a child. *Id.*

5. In the instant matter, Plaintiff is suing to challenge governmental activity. Michigan Medicine has suspended his clinical privileges indefinitely and reported the suspension to the State of Michigan Board of Medicine and the National Practitioner Data Bank in violation of his procedural Due Process Rights and Property and Liberty Interests in violation of the Fourteenth Amendment to the United States Constitution.

6. As a result of this governmental activity, Plaintiff Doctor will have these public blemishes on his record, before the matters are even thoroughly investigated, and before there is a determination of any wrongdoing. Further, Plaintiff has been unable to practice medicine, and currently cannot practice during this time frame.

7. Additionally, Plaintiff needs to disclose extremely sensitive information to pursue his claims. Plaintiff's stellar reputation is a critical component to ensuring the public's trust for him to operate on their children for complex procedures, and Defendants' threat to report his suspension to the National Practitioner Data Bank and the State of Michigan Board of Medicine would cause irreparable damage to his reputation and career.

8. Without permission to proceed, pseudonymously, Plaintiff's private information will be made public knowledge, not only through the Court's public records, but also through numerous websites that report and collect information relating to filings in federal courts.

9. Plaintiff is willing to privately disclose his identity to the Court and Defendants so as not to create any appearance of prejudice by his proceeding pseudonymously.

10. In fact, Plaintiff has been involved in an administrative procedure with Defendants and their counsel, and his identity is known to them.

11. In the alternative, should this Court deny Plaintiff's request to proceed pseudonymously, Plaintiff seeks leave to amend his Complaint under Fed.R.Civ.P. 15(a) in order to identify himself.

12. Concurrence in the relief requested in this Motion was sought on January 17, 2022, but was not provided, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court enter an order permitting Plaintiff to proceed pseudonymously. In the alternative, Plaintiff would request leave of this Court to amend his Complaint in order to identify

4

himself. Plaintiff further requests that this Honorable Court award to Plaintiff any other relief this Court deems appropriate.

                                      Respectfully submitted,

Dated: January 17, 2022

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorney for Plaintiff
Email: racho@cmda-law.com
P-23913

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

    Defendants.

CASE NO. 21-cv-13032
Hon. Gershwin A. Drain

_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: **SAIF R. KASMIKHA** (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com<br><br>CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C.<br>By: **RONALD G. ACHO** (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>By: David A. French (P31944)<br>Attorneys for Defendant<br>101 W. Big Beaver Rd., Ste. 745<br>Troy, MI 48084<br>dfrench@hallrender.com |

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER FOR PERMISSION TO PROCEED PSEUDONYMOUSLY, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT**

# **TABLE OF CONTENTS**

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................. iii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................. 1

    I.    Plaintiff Should Be Granted Permission Leave
          to Proceed Pseudonymously. ................................................................. 1

    II.   In the Alternative, Plaintiff seeks leave to Amend
          His Complaint Pursuant to Fed.R.Civ.P. 15(a). ................................... 3

LOCAL RULE CERTIFICATION ............................................................................ 5

CERTIFICATE OF SERVICE .................................................................................... 6

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

I.     SHOULD PLAINTIFF BE GRANTED PERMISSION TO PROCEED PSEUDONYMOUSLY?

> **Plaintiff says "Yes".**

> **Defendants would say "No".**

II.     IN THE ALTERNATIVE, SHOULD PLANTIFF BE GRANTED LEAVE TO AMEND HIS COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a)?

> **Plaintiff says "Yes".**

> **Defendants would say "No".**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## Cases

*Doe v. Mitchell*, 2020 WL 6882601, slip opinion at * 4 (S.D. Ohio, Nov. 24, 2020; Report and recommendation adopted 2021 WL 2313436 (S.D. Ohio June 7, 2021) ................................................................................................. 3

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ................................................................. 1

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................ 3

## Court Rules

Fed.R.Civ.P. 10(a) ....................................................................................................... 1

Fed.R.Civ.P. 15(a) .................................................................................................. 1, 3

Fed.R.Civ.P. 15(a)(2) .................................................................................................. 3

## INTRODUCTION

As a general matter, a complaint must state the names of all the parties. Fed.R.Civ.P. 10(a). However, courts within the Sixth Circuit will excuse plaintiffs from identifying themselves in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). With this Motion, Plaintiff seeks a Protective Order for permission from this Honorable Court to proceed with this case pseudonymously. In the alternative, Plaintiff seeks to amend his Complaint under the provisions of Fed.R.Civ.P. 15(a) in order to identify himself.

## ARGUMENT

I. **Plaintiff Should Be Granted Permission Leave to Proceed Pseudonymously.**

Several considerations factor into a court's determination whether a party's privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter, supra.* These considerations include: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal procedure; and (4) whether the plaintiff is a child. *Id.*

In the instant matter, Plaintiff is suing to challenge governmental activity. Michigan Medicine has suspended Plaintiff's clinical privileges indefinitely and

1

reported the suspension to the State of Michigan Board of Medicine and the National Practitioner Data Bank in violation of his procedural Due Process Rights and Property and Liberty Interests in violation of the Fourteenth Amendment to the United States Constitution.

As a result of this governmental activity, Plaintiff Doctor will have these public blemishes on his record, before the matters are even thoroughly investigated, and before there is a determination of any wrongdoing. Further, Plaintiff has been unable to practice medicine, and currently cannot practice during this time frame.

Additionally, Plaintiff needs to disclose extremely sensitive information to pursue his claims. Plaintiff's stellar reputation is a critical component to ensuring the public's trust for him to operate on their children for complex procedures, and Defendants' threat to report his suspension to the National Practitioner Data Bank and the State of Michigan Board of Medicine would cause irreparable damage to his reputation and career.

Without permission to proceed, pseudonymously, Plaintiff's private information will be made public knowledge, not only through the Court's public records, but also through numerous websites that report and collect information relating to filings in federal courts.

Plaintiff is willing to privately disclose his identity to the Court and Defendants so as not to create any appearance of prejudice by his proceeding

2

pseudonymously. In fact, Plaintiff has been involved in an administrative procedure with Defendants and their counsel, and his identity is known to them.

The instant Motion is timely because courts have found that a complaint should not be dismissed for lack of jurisdiction because there is no jurisdictional bar to the action unless, and until, the court denies the plaintiff leave to proceed under a pseudonym. See *Doe v Mitchell*, 2020 WL 6882601, slip opinion at * 4 (S.D. Ohio, Nov. 24, 2020) (slip opinion attached as Exhibit 1), report and recommendation adopted, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

## II. In the Alternative, Plaintiff seeks leave to Amend His Complaint Pursuant to Fed.R.Civ.P. 15(a).

Federal Rule of Civil Procedure governs Plaintiff's motion for leave to amend the Complaint. According to the Rules, "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). *Foman v. Davis*, 371 U.S. 178 (1962). This Rule has been interpreted to facilitate the liberal amendment of pleadings except in circumstances where substantial prejudice to the opposing party would result. See *Foman*, 371 U.S. at 182. The determination of when "justice so requires" is within the discretion of the Court. *Id.*, at 181.

Further, as explained in *Doe v. Mitchell, supra*, if the Court denies a plaintiff's request to proceed pseudonymously, the Plaintiff should be given the opportunity to amend his complaint in order to identify himself. Accordingly, should this

3

Honorable Court deny Plaintiff's request to proceed pseudonymously, Plaintiff would request the opportunity amend his complaint in order to identify himself.

**WHEREFORE,** Defendant respectfully requests this Honorable Court enter an order permitting Plaintiff to proceed pseudonymously. In the alternative, Plaintiff would request leave of this Court to amend his Complaint in order to identify himself. Plaintiff further requests that this Honorable Court award to Plaintiff any other relief this Court deems appropriate.

Respectfully submitted,

Dated: January 17, 2022

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorney for Plaintiff
Email: racho@cmda-law.com
P-23913

4

## **LOCAL RULE CERTIFICATION**

I, Saif R. Kasmikha, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                    Respectfully submitted,

Dated: January 17, 2022

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record via the Court's e-filing system.

                         Respectfully submitted,

Dated: January 17, 2022

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com