## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

      Plaintiff,

v.

                                    CASE NO. 21-cv-13032
                                    Hon. Gershwin A. Drain

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

      Defendants.

_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: **SAIF R. KASMIKHA** (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>By: David A. French (P31944)<br>Attorneys for Defendant<br>101 W. Big Beaver Rd., Ste. 745<br>Troy, MI 48084<br>dfrench@hallrender.com |
| CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C.<br>By: **RONALD G. ACHO** (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

_____/

## PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE
## TO INTERVENE AND UNSEAL JUDICIAL RECORDS

    **NOW COMES** Plaintiff, DR. JOHN DOE, M.D., by and through his

attorneys, MIDWEST LEGAL PARTNERS, PLLC, by SAIF R. KASMIKHA, and

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC by RONALD G. ACHO, and

for his Response to Motion for Leave to Intervene and Unseal Judicial Records,

states as follows:

In support of this Response, Plaintiff relies upon the attached Brief and any

other documents attached as exhibits. The Proposed Intervenor seeks leave of this

Court to unseal the exhibits to the Complaint (Doc. 1) and Motion for Temporary

Restraining Order. (Doc. 3). Further, he also seeks an order of this Court requiring

Plaintiff Doctor be publicly named. For the reasons stated in the attached Brief, the

Proposed Intervenor has not met his burden, and accordingly his Motion should be

denied. Accordingly, Plaintiff respectfully requests that this Honorable Court deny

the Motion for Leave to Intervene and Unseal Judicial Records in its entirety.

**WHEREFORE,** Defendant respectfully requests this Honorable Court deny

the Motion for Leave to Intervene and Unseal Judicial Records, and award to

Plaintiff any such other relief this Court deems appropriate.

Respectfully submitted,

/s/ Saif R. Kasmikha
Saif R. Kasmikha (P74320)
Dated: January 17, 2022       Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

2

Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI  48152
(734) 261-2400
Attorney for Plaintiff
Email: racho@cmda-law.com
P-23913

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

      Plaintiff,

v.                                                                    CASE NO. 21-cv-13032
                                                                      Hon. Gershwin A. Drain

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

      Defendants.

_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: **SAIF R. KASMIKHA** (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI  48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>By: David A. French (P31944)<br>Attorneys for Defendant<br>101 W. Big Beaver Rd., Ste. 745<br>Troy, MI 48084<br>dfrench@hallrender.com |
| CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C.<br>By: **RONALD G. ACHO**  (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO MOTION
## FOR LEAVE TO INTERVENE AND UNSEAL JUDICIAL RECORDS

# **TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................ 1

ARGUMENT ................................................................................ 4

   I.     STANDARD OF REVIEW. ................................................ 4

   II.    THIS COURT HAS SUBJECT MATTER JURISDICTION
         TO SEAL PLAINTIFF'S EXHIBITS ................................ 6

   III.   PLAINTIFF'S PRIVACY INTERESTS WOULD BE
         HARMED BY UNSEALING THE DOCUMENTS ................ 6

LOCAL RULE CERTIFICATION .............................................. 9

CERTIFICATE OF SERVICE .............................................. 9, 10

# <u>INDEX OF AUTHORITIES</u>

## <u>Cases</u>

*Ashworth v Bagley,* 351 F.Supp2d 786, 789 (S.D. Ohio 2005)..................................7

*Blout v Zelman,* 636 F3d 278, 297-288 (6th Cir. 2011) ..............................................4

*Brown & Williamson Tobacco Corp. v Federal Trade Commission,*
710 F.2d 1165, 1179 (6th Cir. 1983) .......................................................................7

*Doe v. Community Medical Center*, 353 Mont. 378, 382, fn4;
221 P.3d 651 (Mont. 2009)......................................................................................2

*Doe v. Mitchell*, 2020 WL 6882601, slip opinion at * 4 (S.D. Ohio,
Nov. 24, 2020; Report and recommendation adopted 2021 WL 2313436
(S.D. Ohio June 7, 2021) ..........................................................................................6

*Flynt v. Lombardi,* 782 F.3d 963, 967 (8th Cir. 2015) ...............................................5

*Jessup v. Luther,* 227 F.3d 993, 999 (7th Cir. 2000).................................................5

*Nixon v Warner Communications, Inc.,* 435 U.S. 589,598 (1978) ...........................7

*In re The Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 474
(6th Cir. 1983)..........................................................................................................7

*U.S. v Beckham,* 789 F.2d 401, 409 (6th Cir. 1986)...............................................7

*U.S. v. City of Detroit*, 712 F.3d 925, 931-932
(6th Cir. 2013)..........................................................................................................4

## <u>Court Rules</u>

Fed.R.Civ.P. 24............................................................................................................4

Fed.R.Civ.P. 24(a) .......................................................................................................5

Fed.R.Civ.P. 24(a)(2)...................................................................................................5

Fed.R.Civ.P. 24(b) .......................................................................................................5

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.   DOES THIS COURT HAVE SUBJECT MATTER JURISDICTION TO SEAL PLAINTIFF'S EXHIBITS?

   **Plaintiff says "Yes".**

   **Intervenor would say "No".**

II.  WOULD PLAINTIFF'S PRIVACY INTERESTS BE HARMED BY UNSEALING THE DOCUMENTS?

   **Plaintiff says "Yes".**

   **Intervenor would say "No".**

# MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## Cases

*Ashworth v Bagley,* 351 F.Supp2d 786, 789 (S.D. Ohio 2005)...................................7

*Blout v Zelman,* 636 F3d 278, 287-288 (6th Cir. 2011) ..............................................4

*Brown & Williamson Tobacco Corp. v Federal Trade Commission,*
710 F.2d 1165, 1179 (6th Cir. 1983) ..........................................................................7

*Doe v. Community Medical Center,* 353 Mont. 378, 382, fn4;
221 P.3d 651 (Mont. 2009)...........................................................................................2

*Doe v. Mitchell,* 2020 WL 6882601, slip opinion at * 4 (S.D. Ohio,
Nov. 24, 2020; Report and recommendation adopted 2021 WL 2313436
(S.D. Ohio June 7, 2021) ..............................................................................................6

*Flynt v. Lombardi,* 782 F.3d 963, 967 (8th Cir. 2015) ...............................................5

*Jessup v. Luther,* 227 F.3d 993, 999 (7th Cir. 2000).................................................5

*Nixon v Warner Communications, Inc.,* 435 U.S. 589,598 (1978) ...........................7

*In re The Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 474
(6th Cir. 1983)................................................................................................................7

*U.S. v Beckham,* 789 F.2d 401, 409 (6th Cir. 1986)..................................................7

*U.S. v. City of Detroit,* 712 F.3d 925, 931-932
(6th Cir. 2013).................................................................................................................4

## Court Rules
Fed.R.Civ.P. 24.............................................................................................................4

Fed.R.Civ.P. 24(a) .......................................................................................................5

Fed.R.Civ.P. 24(a)(2)...................................................................................................5

Fed.R.Civ.P. 24(b) .......................................................................................................5

## STATEMENT OF FACTS

The matter currently before the Court arises because of Plaintiff's mistreatment by University of Michigan Medical School (hereinafter "Michigan Medicine"), despite his impressive educational, clinical, and research accomplishments. Plaintiff is a man of integrity performing lifesaving and life changing procedures for children. See Doc. No. 1: Complaint, ¶ 36. Page ID 10.

Plaintiff is a world-renowned pediatric plastic surgeon with an impeccable reputation. *Id.*, at ¶11, Page ID 4. He is a Tenured Professor of Surgery in the Section of Plastic & Reconstructive Surgery, holds an endowed chair in the Department of Surgery, and holds a joint appointment as a Professor of Neurosurgery at Michigan Medicine. *Id.*, at ¶12, Page ID 4. Plaintiff has practiced for 33 years as a surgeon, with 28 years as a plastic surgeon, specializing in craniofacial surgery, craniofacial anomalies, cleft lip, cleft palate, and craniosystosis. *Id.*, at ¶13.

On more than one occasion, Plaintiff Dr. Doe reported concerns about certain administrative practices, primarily relating to transparency and accountability, to leadership within Michigan Medicine. *Id.*, at ¶ 38, Page ID 10. Shortly after the Plaintiff Doctor raised these concerns, Michigan Medicine suspended his clinical

1

privileges indefinitely and reported the suspension to the State of Michigan Board of Medicine and the National Practitioner Data Bank[1] based on three recent non-event matters, none of which had a negative outcome or harmful consequence. *Id.,* at ¶s 39-40, Page ID 10-11. Each of the three matters were reviewed and investigated and determined to be non-issues. *Id.,* at ¶ 41, Page ID 11.

Instead of restoring the Plaintiff Doctor's privileges, a separate department of Michigan Medicine, the Office of Clinical Affairs, reopened the three matters, conducting a peer reviewed determination of the Plaintiff Doctor's future, along with the future of his patients. *Id.,* at ¶ 42. In so doing, Michigan Medicine has violated its own administrative best practices and policies. *Id.,* at ¶ 43.

Based upon information and belief, the report to the NPDB and State of Michigan Board of Medicine could stay on the public record for at least two years, because the matter could take another year to go through Michigan Medicine's internal processes and Peer Review. This means that Plaintiff Doctor will have these public blemishes on his record, before the matters are even thoroughly investigated, and before there is a determination of any wrongdoing. *Id.,* at ¶ 48, Page ID 11. Further, Plaintiff cannot practice during this time frame.

---

[1] The National Practitioner Data Bank ("NPDB") is a national repository for notices of all malpractice settlements, adverse actions, against hospital privileges and state licensure actions against physicians. *Doe v. Community Medical Center,* 353 Mont. 378, 382, fn4. A facility that suspends a physician for a period of thirty days or more must report the suspension to the NPDB. *Id.*

On December 29, 2021, Plaintiff filed suit in part to challenge Michigan Medicine's suspension of his clinical privileges indefinitely and reporting of the suspension to the State of Michigan Board of Medicine and the National Practitioner Data Bank. Among his claims, Plaintiff is alleging violations of his procedural Due Process Rights and Property and Liberty Interests in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff provided under seal the following Exhibits to his Verified Complaint:

Exhibit A:   Promotional Materials with Plaintiff's Likeness

Exhibit B:   3/27/21 Notice

Exhibit C:   Plaintiff's 4/27/21 Request

Additionally, Plaintiff provided the following the following exhibits under seal, along with his Motion for Temporary Restraining Order:

Exhibit B:   Promotional Materials with Plaintiff's Likeness

Exhibit C:   3/27/21 Notice

Exhibit D:   4/20/21 Letter

Exhibit E:   Plaintiff's 4/27/21 Request

Exhibit F:   Email

On January 3, 2022, the Proposed Intervenor sought leave to intervene for the purpose of unsealing these Exhibits. Further, he also sought an order of this Court requiring Plaintiff Doctor be publicly named.

Plaintiff concurs with the arguments of Defendants with respect to Exhibits B and C of his Verified Complaint and Exhibits C through F of his Motion for Temporary Restraining Order remaining under seal and addresses additional reasons why the promotional materials with Plaintiff's likeness (Exhibit A to the Complaint and Exhibit B to the Motion for Temporary Restraining Order) should likewise remain sealed.

## **ARGUMENT**

### I.   **Standard of Review**

Intervention is governed by Fed.R.Civ.P. 24. Intervention is a matter over which the district court exercises discretionary control. *U.S. v. City of Detroit*, 712 F.3d 925, 931-932 (6th Cir. 2013). *Blout v. Zelman*, 636 F.3d 278, 287-288 (6th Cir. 2011). Rule 24 recognizes "intervention by right" and "permissive intervention and states in pertinent part:

> (a)   Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) Is given unconditional right to intervene by a federal statute; or
>
> (2) Claims an interest that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.

(1) In General. One timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

As a starting point, the Proposed Intervenor seeks intervention by right pursuant to Fed.R.Civ.P. 24(a). Yet, nowhere in his motion does he identify "an interest in the transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent his interest" as is required under Fed.R.Civ.P. 24(a)(2). He merely represents that, as a member of the public, this Court must allow him to intervene for the limited purpose of unsealing records. Accordingly, he has identified no interest whatsoever which entitles him to invoke intervention by right under Fed.R.Civ.P. 24(a)(2). Using the Proposed Intervenor's logic, he could review every single file of the Defendant University, including personnel records, which are protected by confidentiality.

However, courts have held that permissive intervention under Rule 24(b) is the appropriate vehicle for non-parties seeking to intervene for the limited purpose of unsealing or obtaining judicial records. See *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015), citing *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000).

5

## II.    This Court Has Subject Matter Jurisdiction to Seal Plaintiff's Exhibits.

The Proposed Intervenor first argues that Plaintiff is not entitled to proceed pseudonymously because he failed to seek a Protective Order at the time he filed his initial Complaint. However, Plaintiff has now filed his Motion for Protective Order for Permission to Proceed Pseudonymously, or in the Alternative, for Leave to Amend the Complaint. That Motion is timely because courts have found that a complaint should not be dismissed for lack of jurisdiction because there is no jurisdictional bar to the action unless, and until, the court denies the plaintiff leave to proceed under a pseudonym. See *Doe v Mitchell*, 2020 WL 6882601, slip opinion at * 4 (S.D. Ohio, Nov. 24, 2020) (slip opinion attached as Exhibit 1), report and recommendation adopted, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

As a proposed intervenor for the limited purpose of unsealing records, the Proposed Intervenor cannot petition the Court to request that the Plaintiff Doctor be publicly named. As explained in *Doe v. Mitchell, supra,* if the Court denies a plaintiff's request to proceed pseudonymously, the Plaintiff should be given the opportunity to amend his complaint. Accordingly, this Honorable Court has subject matter jurisdiction.

## III.   Plaintiff's Privacy Interests Would Be Harmed By Unsealing the Documents.

The Supreme Court has recognized the common-law right to inspect and copy judicial records and documents, but "the right to inspect and copy judicial records is

6

not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Supreme Court did not precisely define the contours of the common-law right. *Id.*, at 599. However, it is widely accepted that there are "important exceptions which limit the public's right of access to judicial records." *In re The Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6ᵗʰ Cir. 1983). "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweighs the public's right to know." *Id.*, at 474 (citing *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6ᵗʰ Cir. 1983).

The factors for a trial court to weigh include the following:

> "[T]he interests to be weighed include (1) the Court's supervisory powers over its own documents; (2) the benefit to the public from the incremental gain in knowledge that would result from access to the materials in question; (3) the degree of danger to the petitioner or other persons mentioned in the materials; (4) the possibility of improper motives on the part of the media; and (5) any special circumstances in the case. *Ashworth v. Bagley*, 351 F.Supp.2d 786, 789 (S.D. Ohio 2005) citing *U.S. v. Beckham*, 789 F.2d 401, 409 (6ᵗʰ Cir. 1986).

Here, the above factors weigh in favor of the Plaintiff Doctor Doe. This Honorable Court "has supervisory power over its own documents and files, and has the power, if not the duty, to restrict access to those materials where they might be used improperly." *Ashworth, supra*, 351 F.Supp.2d at 789. Second, there is no incremental gain in knowledge to the public to be had by releasing the seal exhibits, which contain his likeness can be used to identify Plaintiff Dr. Doe.

Third, the degree of potential harm to Plaintiff is substantial if the information is released. The information includes identifying information such as his likeness. Should these Exhibits be unsealed, this identifying information would be available, not only through the Court's public records, but also through numerous websites that report and collect information relating to filings in federal courts. Finally, there are no exceptional circumstances that weigh of the request to unseal these Exhibits. Accordingly, the Motion should be denied.

**WHEREFORE,** Defendant respectfully requests this Honorable Court deny the Motion for Leave to Intervene and Unseal Judicial Records, and award to Plaintiff any such other relief this Court deems appropriate.

Respectfully submitted,

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Dated: January 17, 2022        Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorney for Plaintiff
Email: racho@cmda-law.com
P-23913

8

## <u>LOCAL RULE CERTIFICATION</u>

I, Saif R. Kasmikha, certify that this document complies with Local Rule

5.1(a), including: double-spaced (except for quoted materials and footnotes); at

least one-inch margins on the top, sides, and bottom; consecutive page numbering;

and type size of all text and footnotes that is no smaller than 10-1/2 characters per

inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify

that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Dated: January 17, 2022          Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2022, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification

of such filing to the attorneys of record via the Court's e-filing system. I further

certify that a copy of the foregoing was mailed to Mr. Charles Blackwell via United

States mails to the following address:

9

22655 Fairmont Dr., Apt. 102
Farmington Hills, MI 48335

Respectfully submitted,

Dated: January 17, 2022

*/s/ Saif R. Kasmikha*
Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com