UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                                          Case No.: 21-13032

                                                       Hon Judge: Gershwin A. Grain

          Plaintiff,


-vs-


THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,


          Defendants,

_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: SAIF R. KASMIKHA (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C<br> By: RONALD G. ACHO (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com |
| HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com | Charles Blackwell<br>22655 Fairmont Dr<br>Apt 102<br>Farmington Hills, MI, 48335<br>313-739-3597<br>cblack618@gmail.com<br>Proposed Intervenor |

_____/

**1**

## MOVANT CHARLES BLACKWELL REPLY TO DEFENDANT'S REPONSE (#ECF 27) TO MOVANT MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS

### INTRODUCTION

Plaintiff, Dr "John Doe", a world renowned and tenured plastic surgeon who had his clinical privileges suspended for "non-event matters" that apparently was significant enough the Defendant compelled him to complete a program in Kansas to address his behavioral concerns. On January 15th, 2021, the Defendant Board of Regents fired University of Michigan President Mark Schlissel for inappropriate behavior and having a romantic affair with a subordinate. This cements the Movant's position that the public deserves openness and transparency with public academic intuitions such as the Defendant considering substantial allegation and proof of malfeasance and abuse of power at the highest level of its hierarchy. The last thing a scandal induced university needs is secrecy.

### A. Michigan "Peer Review" Privilege Is Not Recognized By Federal Statue Or Common Law And Not Applicable

Defendant rests their sole argument for the basis to restricts the public's right to access judicial records in this matter on Michigan's peer review law privilege set forth in M.C.L. § 331.533 (ECF #27, PageID.722-726). The burden of establishing privilege rests with the party asserting it. See, e.g., _In re Columbia/HCA Healthcare Corp. Billing Practices Litig._, 293 F.3d 289, 294 (6th Cir. 2002), cert. dismissed, 539 U.S. 977 (2003); _United States v. Dakota_,

197 F.3d 821, 825 (6th Cir. 1999). Where federal law supplies the rule of decision, "[t]he common law-as interpreted by United States courts in the light of reason and experience-governs a claim of privilege" unless otherwise provided by the United States Constitution, a federal statute, or rules prescribed by the Supreme Court. Fed. R. Evid. 501.

Several federal courts have recognized the lack of a medical peer review privilege in the HCQIA and have deemed this omission a policy choice by Congress. See, e.g., _In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc._, 400 F.Supp.2d 386, 391-92 (D.Mass.2005); _Nilavar v. Mercy Health Sys. - W. Ohio_, 210 F.R.D. 597 (S.D.Ohio 2002); _Teasdale v. Marin Gen. Hosp_., 138 F.R.D. 691, 694 (N.D.Cal. 1991). One court emphasized that "Congress spoke loudly with its silence in not including a privilege against discovery of peer review materials in the HCQIA." _Teasdale_, 138 F.R.D. at 694.

The weight of authority in the Sixth Circuit and elsewhere is that no medical peer review privilege exists under federal common law. _Guinn v. Mount Carmel Health Sys.,_ No. 2:09CV0226, 2010 WL 2927254, at *2 (S.D. Ohio Jul 23, 2010). _See also Adkins v. Christie,_ 488 F.3d 1324, 1328-1330 (11th Cir. 2007), _cert. denied,_ 552 U.S. 1131 (2008) (medical peer review process does not warrant extraordinary protection of privilege in federal civil rights cases); _Virmani v. Novant Health Inc.,_ 259 F.3d 284, 289 (4th Cir. 2001); _KD ex rel. Dieffenbach v._

3

*United States,* 715 F.Supp.2d 587, 592 (D. Del. 2010) (balance of authority weighs

against recognition of medical peer review privilege); *Nilavar v. Mercy Health*

*Sys., W. Ohio,* 210 F.R.D. 597, 601 (S.D. Ohio 2002);

Michigan's peer review privilege does not apply in this case. Because this is

a civil rights case brought under § 1983, federal law supplies the rule of decision,

and Rule 501 applies. Indeed, "[t]he claims made here are federal constitutional

claims .. . It thus appears particularly inappropriate to allow the use of state

evidentiary privileges." *Leon v. Cnty. of San Diego,* 202 F.R.D. 631, 636 (S.D. Cal.

2001); see also *Agster v. Maricopa Cnty.,* 422 F.3d 836, 839 (9th Cir. 2005) ("But

we are not bound by Arizona law. . . ."). "State privilege doctrine, whether derived

from statutes or court decisions, is not binding on federal courts in these kinds of

cases." *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987). Although

"Rule 501 has been recognized as allowing the adoption of existing state

evidentiary codes to govern federal cases where the state rules are not in conflict

with the federal rules," Michigan's medical peer review privilege conflicts with and

harms "federal substantive and procedural policy" when applied in a § 1983

deliberate indifference case. See *Leon,* 202 F.R.D. at 635 (explaining that

California's peer review privilege conflicts with liberal discovery rules applicable

in federal courts in § 1983 deliberate indifference case). Indeed, "[t]he absolute bar

on discovery provided by [Michigan's peer review privilege] conflicts with the

liberal discovery rules applicable in federal courts, and it conflicts with the

necessity of finding state action inherent in the federal civil rights law." *Id.* at 636.

Accordingly, Michigan's peer review privilege is inapplicable to this case.

The overwhelming majority of federal courts agree that there is not a federal

common law peer review privilege. See, e.g., <u>Leon</u>, 202 F.R.D. at 637 ("[T]his

Court rejects the idea that a peer review privilege exists in federal common

law."); <u>Weiss v. Cnty. of Chester</u>, 231 F.R.D. 202, 205 (E.D. Pa. 2005) ("Privileges

can be created by statute or by common law. Unlike Pennsylvania's legislature,

Congress has not statutorily enacted a medical peer review privilege under which it

could be argued that PrimeCare's Mortality Review report is protected. Nor does

such a privilege exist under federal common law."); see also *Nilavar v. Mercy*

*Health Sys. -Western Ohio,* 210 F.R.D. 597, 604 (S.D. Ohio 2002) (collecting

cases). As stated by another court, the majority of federal court cases, "along with

the Supreme Court's recognition that a peer review privilege has no historical basis

in the common law of the federal courts, <u>University of Pa. v. E.E.O.C.</u>, 493 U.S.

182, 195 (1990), persuades this Court that a physician peer review privilege does

not exist in the federal common law." *Nilavar,* 210 F.R.D. at 604-05.

In sum, Defendant as the party asserting the peer review privilege, has failed

to meet their burden to establish this privilege because no such privilege is

recognized under Federal statute or federal common law. Defendant cites a

plethora of Michigan case law <u>but has failed to cite a single federal case authority</u> <u>which recognizes such privilege in federal court.</u>

**B. Movant Interest Are Not Already Adequately Represented By The Existing Parties.**

Movant made perfectly clear in his motion to intervene and unseal that it was for the limited purposes of unsealing exhibits (ECF #8, PageID.202). Movant and the Plaintiff/Defendant have a vastly different view of what motions/exhibits should be sealed or unsealed. Example, Plaintiff and Defendant is heavily relying on a state law privilege that is not recognized by Federal Court as their basis for sealing a substantial number of judicial records. These legal positions and theories are contrary to the Movant's and thus there is no party representing the Movant's core purpose in bringing this motion.

Defendant also disagree with the Movant that <u>Shane Grp., Inc. v. Blue</u> <u>Cross Blue Shield of Michigan</u>, 825 F.3d 299 (6th Cir. 2016) is the controlling authority in which the Court is guided to weight and handle motions to seal in all matters before the Court whether it be criminal, civil, or in class action type matters (See ECF#27, PageId.719) *Shane Grp* has also told us, "in civil litigation, only trade secrets, <u>information covered by a recognized privilege (such as the</u> <u>attorney-client privilege)</u>, and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308

(citation and quotations omitted). Defendant argument fails under *Shane Grp* because there is no recognized peer review privilege under federal statue or common law.

/s/CharlesBlackwell

Respectfully Submitted

## CONCLUSION

**WHEREFORE** Movant, Charles Blackwell, respectfully asks this Court to grant his motion to intervene for the limited purposes to unseal exhibits.

## PROOF OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on January 16th, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.