UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                                              Case No.: 21-13032
                                                           Hon Judge: Gershwin A. Grain
         Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

         Defendants,
_____/

| MIDWEST LEGAL PARTNERS, PLLC | CUMMINGS, McCLOREY, DAVIS |
| --- | --- |
| By: SAIF R. KASMIKHA (P74320) | & ACHO, P.L.C |
| 42705 Grand River Avenue | By: RONALD G. ACHO (P23913) |
| Suite 201 | 17436 College Parkway |
| Novi, MI 48375 | Livonia, MI 48152 |
| (248) 344-4570 | (734) 261-2400 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| skasmikha@midwestlegalpartners.com | racho@cmda-law.com |
| | |
| HALL, RENDER, KILLIAN, HEATH & LYMAN, PC | Charles Blackwell |
| David A. French (P31944) | 22655 Fairmont Dr |
| Jonathon A. Rabin (P57145) | Apt 102 |
| Larry R. Jensen (P60317) | Farmington Hills, MI, 48335 |
| Attorneys for Defendants | 313-739-3597 |
| 101 W. Big Beaver Rd., Suite 745 | cblack618@gmail.com |
| Troy, MI 48084 | Proposed Intervenor |
| dfrench@hallrender.com | |
| jrabin@hallrender.com | |
| ljensen@hallrender.com | |

# MOVANT CHARLES BLACKWELL REPLY TO PLAINTIFF REPONSE (#ECF 30) TO MOVANT MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS

## INTRODUCTION

An open courtroom and access to judicial records has been a fundamental feature of the American judicial system, common law, and First Amendment. A reputation is like an opinion: everyone has one. Plaintiff alleged impeccable reputation is an insufficient basis to shield judicials records from the public. Under this logic, every public figure, celebrity would be entitled to shield judicial records to protect their reputation. The judicial system does not operate in such fashion. The public deserves the right to access the documents to ascertain the truth and severity of each party's position and allegations.

### A. Plaintiff Cannot Overcome The Heavy Burden To Seal Exhibits

There is "a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation and citation omitted). The party seeking to seal court records bears the burden of overcoming the presumption and can only do so by demonstrating compelling reasons for why the records should be sealed. *Id.* After painstakingly combing through Plaintiff's complaint, no reason exists, let alone a

compelling one, to seal the exhibits.  The only flimsy argument that the Plaintiff has provided so far is that the Plaintiff has a right to protect his reputation. That argument fails woefully short of the heavy burden to seal judicial records. "[N]either harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009). This Court has already denied Plaintiff motion for a TRO and found that the Plaintiff cannot articulate any irreparable injury (ECF#28, PageID 738). Plaintiff's speculative or theoretical injury to his reputation is insufficient basis to seal.  Furthermore, Plaintiff is a world renowned plastic surgeon and the Defendant is a world renowned academic university. This heightens the public interest in this matter and increases the parties burden in order to seal records. Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. See *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "`A naked conclusory statement that disclosure will injure a producing party falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.'" *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d at 915 (citing Joy v. North, 692 F.2d 880, 884 (2d Cir.1982)). Plaintiff should have no fears of the public accessing the

3

exhibits in a lawsuit he initiated. He has stated the events in these matters were only three non-event matters which had no negative or harmful consequences.

## CONCLUSION

**WHEREFORE** Movant, Charles Blackwell, respectfully asks this Court to grant his motion to intervene for the limited purposes to unseal exhibits.

/s/CharlesBlackwell

Respectfully Submitted

## PROOF OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on January 17th, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.

4