UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

    Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

_____

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: Saif R. Kasmikha (P74320)<br>42705 Grand River Avenue, Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com |
| CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Ronald G. Acho (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | |

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER FOR PERMISSION TO PROCEED
PSEUDONYMOUSLY, OR IN THE ALTERNATIVE, FOR
LEAVE TO AMEND THE COMPLAINT**

NOW COME Defendants, by and through their attorneys, HALL, RENDER, KILLIAN, HEATH & LYMAN, PC, and for the reasons set forth in the Brief attached hereto, respectfully request that this Honorable Court deny, in its entirety, Plaintiff's Motion for Protective Order for Permission to Proceed Pseudonymously, or in the Alternative, for Leave to Amend the Complaint.

        Respectfully submitted,

        HALL RENDER KILLIAN HEATH & LYMAN, PC

        /s/ Jonathon A. Rabin
        Jonathon A. Rabin (P57145)
        Attorneys for Defendants
        101 W. Big Beaver Road, Suite 745
        Troy, MI 48084
        (248) 740-7505
        jrabin@hallrender.com

Dated: January 27, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

    Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

_____

MIDWEST LEGAL PARTNERS, PLLC
By: Saif R. Kasmikha (P74320)
42705 Grand River Avenue, Suite 201
Novi, MI 48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

CUMMINGS, MCCLOREY, DAVIS &
ACHO, P.L.C.
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60317)
Attorneys for Defendants
101 W. Big Beaver Rd., Suite 745
Troy, MI 48084
dfrench@hallrender.com
jrabin@hallrender.com
ljensen@hallrender.com

_____

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER FOR PERMISSION TO PROCEED
PSEUDONYMOUSLY, OR IN THE ALTERNATIVE, FOR
LEAVE TO AMEND THE COMPLAINT**

# **TABLE OF CONTENTS**

**CONCISE STATEMENT OF THE ISSUE PRESENTED** ................................. ii

**CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT** ........................................................................................................... iii

**STATEMENT OF FACTS** ..................................................................................1

**DISCUSSION OF LAW** ......................................................................................2

  **I. THE COURT SHOULD DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO SEEK PRIOR PERMISSION TO PROCEED PSEUDONYMOUSLY** ................................................................2

  **II. THE COURT SHOULD DENY PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO AMEND THE COMPLAINT** ......................7

**CONCLUSION** ....................................................................................................8

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

1. Should the Court deny Plaintiff's request to for a protective order to proceed pseudonymously.

   Defendants answer "yes."

   Plaintiff would answer "no."

2. Should the Court deny Plaintiff's alternative request for leave to amend the Complaint.

   Defendants answer "yes."

   Plaintiff would answer "no."

# CONTROLLING OR MOST APPROPRIATE
# <u>AUTHORITY FOR RELIEF SOUGHT</u>

Cases

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) ............... 2, 8

*Doe v. Milwaukee Cty.*, No. 18-CV-503, 2018 WL 3458985 (E.D. Wis. July 18, 2018) ........................................................................................................................ 6

*Doe v. Mitchell*, 2020 WL 6882601 (S.D. Ohio, Nov. 24, 2020) ............................ 7

*Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724 (W.D. Va. 2012) ...................... 5

*Doe v. Porter,* 370 F.3d 558 (6th Cir. 2004) .................................................. passim

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) ........................................................ 4, 5

*Doe v. U.S. Dep't of Just.*, 93 F.R.D. 483 (D. Colo. 1982) ....................................... 8

*K.S. v. Detroit Pub. Sch.,* No. 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015) ........................................................................................................................ 7

*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240 (10th Cir.1989) ......................................................................................................... 2

**Statutes**

42 U.S.C. § 1983 ....................................................................................................... 6

**Rules**

Rule 10(a) Federal Rules of Civil Procedure .......................................................... 7

## **STATEMENT OF FACTS**

Plaintiff is a physician employed by the University of Michigan who held medical staff privileges at the University of Michigan Hospitals ("UMH") until November 2021. Plaintiff filed his Complaint under the name "John Doe, MD," without first obtaining permission from the Court to proceed under a pseudonym.

On January 4, 2022, Defendants filed Motions to Dismiss Plaintiff's Complaint. (ECF # 14 and # 15). Those Motions rest, in part, on Plaintiff's failure to seek permission from the Court to proceed pseudonymously prior to initiating the filing of the Complaint. Those Motions also seek dismissal for failure to state claims on which relief can be granted. On January 14, 2022, this Court denied Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Be Issued. (ECF # 28). In denying the Motion, the Court also directed Plaintiff to respond to Defendants' Motions to Dismiss by January 25, 2022 and stated that such responses, "shall include, but not necessarily be limited to, a discussion of each factor under *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004)." (ECF # 28, PageID.739).

## DISCUSSION OF LAW

I. **THE COURT SHOULD DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO SEEK PRIOR PERMISSION TO PROCEED PSEUDONYMOUSLY**

Rule 10(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. ***The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side***, may refer generally to other parties. (emphasis added).

The Sixth Circuit has held that, under certain circumstances, a court may excuse plaintiffs from identifying themselves. *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004). However, the Sixth Circuit has also said:

> ***Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them*.**"

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989)).

In the instant case, Plaintiff did not seek permission to proceed pseudonymously. Instead, he did so ***unilaterally*** and stated in his Complaint: "Plaintiff files this case anonymously…" (Complaint, ECF # 1, ¶ 2).

2

After Defendants filed Motions to Dismiss which relied in part on Plaintiff's failure to seek prior permission to proceed pseudonymously, and after this Court directed Plaintiff to respond to that argument, Plaintiff now seeks that permission.

In *Doe v. Porter*, the Sixth Circuit held that "[s]everal considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." 370 F.3d at 560 (emphasis added).

Plaintiff's does not even purport to base his request on the third or fourth factors. Instead, Plaintiff focuses on a challenge to "governmental activity" and states that his lawsuit requires him to "disclose extremely sensitive information." (Plaintiff's Brief, p. 2).

***Plaintiff's Challenge to "Governmental Activity" is Merely Coincidental to His Work***

In addressing this consideration, Plaintiff states that UMH "suspended Plaintiff's clinical privileges indefinitely and reported the suspension to the State of Michigan Board of Medicine and the National Practitioner Data Bank in violation

3

of his procedural Due Process Rights and Property and Liberty Interests in violation of the Fourteenth Amendment to the United States Constitution." (Pl's Brief, p. 2).

Plaintiff's suit against the Board of Regents is simply a coincidence of where he works, a fact which hardly supports the "governmental activity" consideration listed in *Porter*.[1] In outlining the four considerations, the Sixth Circuit in *Porter* relied upon one case: *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). *Porter,* 370 F.3d at 560. *In Stegall,* the Court noted, "*of course, in only a very few cases challenging governmental activity can anonymity be justified.*" *Stegall*, 653 F. 2d at 180 (emphasis added). "The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).

Even if it were true that UMH's action would impact the public's perception of Plaintiff's plastic and reconstructive surgery (the specialty listed in his Complaint), it is virtually irrelevant. As the Court stated in *Stegall, supra,* "*[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great*

---

[1] The "governmental activity" Plaintiff seeks to challenge is not a law, regulation or policy which threatens the public at large such that protecting his unanimity avoids chilling the rights of others. Instead, it is a matter involving what he claims involves his *personal* reputation, a matter he placed in dispute by initiating this lawsuit. Notably, as shown in Defendants' Motion to Seal their responses to Plaintiff's Motion for Temporary Restraining Order and to Show Cause, Plaintiff did not exhaust his administrative remedies as he was required to do before initiating this lawsuit. See e.g., ECF No. 16-2, PageID.557.

4

*rarity warrant public anonymity*." 653 F.2d at 180 (emphasis added). Compare this matter to *Doe v. Porter*, where the plaintiff children sought to enjoin a school board practice affecting religious freedom and noting that "religion is perhaps the quintessentially private matter." Finally, Plaintiff failed even to plead factual allegations sufficient to state a claim challenging the "governmental activity" at issue. In short, Plaintiff's claim about UMH's "governmental action" hardly rises to the level that justifies anonymity.[2]

***Plaintiff's Supposedly "Sensitive Information" is Not "Of the Utmost Intimacy"***

Plaintiff's Motion does not even claim that his prosecution of this case will compel him to "disclose information of the utmost intimacy." 370 F.3d at 560 (internal quotations omitted). Instead, he asserts that his "private information will be made public knowledge, not only through the Court's public records, but also through numerous websites that report and collect information relating to filings in federal courts." He fails to state what "private information" this case will require him to disclose. This case is ***no different*** from any other claim brought by a physician or employee who challenges action taken against them for misbehavior or misconduct.

---

[2] As set forth in Defendants Board of Regents' Motion to Dismiss, that body is not even a "person" subject to suit under the law through which Plaintiff challenges the "governmental action." (ECF # 14, PageID.288). And, his claims against the individual defendants fail because, *inter alia*, the Complaint does not even include factual allegations about their wrongdoing. (ECF. # 15, PageID.504).

5

An analogous case is *Doe v. Milwaukee Cty.*, No. 18-CV-503, 2018 WL 3458985 (E.D. Wis. July 18, 2018), where the plaintiff physician filed under a pseudonym claiming that the defendants made a wrongful report to the National Practitioner Data Bank (NPDB), thereby harming his reputation. The plaintiff argued that "revealing his identity will prevent him from being able to obtain employment in the future." He further argued that if he prevailed, "it would be a mere hollow victory if his Data Bank entry was removed but there was a public record containing the facts and circumstances of the Data Bank entry." The Court rejected this argument and held:

> As expressed by the Seventh Circuit Court of Appeals, the public has a right to open judicial proceedings and to know who is using our courts. Only under exceptional circumstances is a plaintiff allowed to proceed anonymously. A plaintiff understands that is part of the deal when choosing to proceed in court. The present situation is not one in which the party seeking anonymity was haled into court against his will. The plaintiff brought this lawsuit, and having done so must proceed under his real name. *Id.* at *2.

Compare *K.S. v. Detroit Pub. Sch.,* No. 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015), in which the Hon. David Lawson allowed the plaintiff to continue proceeding under a pseudonym where the complaint alleged under 42 U.S.C. § 1983 that the defendants violated his 14th Amendment rights by permitting the defendant (Charles Pugh) to sexually abuse and harass him, even though it appeared at the point Judge Lawson ruled that most of the instances of abuse occurred when the plaintiff had turned 18. The Court can also compare the instant case to the one

6

attached to his Motion, in which the district court authorized a protective order because the plaintiff was making accusations of rape. *Doe v. Mitchell*, 2020 WL 6882601 (S.D. Ohio, Nov. 24, 2020). Both of these latter cases involved matters of utmost intimacy, whereas the case at bar does not.

Plaintiff has utterly failed to adequately address this consideration pursuant to the court's holding in *Porter*. Further, Plaintiff does not even attempt to address the third and fourth considerations. His request to proceed pseudonymously should be denied.

## II. THE COURT SHOULD DENY PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff's failure to seek and obtain permission to proceed pseudonymously ***prior*** to filing the Complaint means that "no case has been commenced with respect to" Plaintiff. *Marsh, supra*. See also *Doe v. U.S. Dep't of Just.*, 93 F.R.D. 483, 484 (D. Colo. 1982) ("I hold that this civil action has not been commenced and it will not be commenced unless and until it is filed in full compliance with Rule 10(a) of the Federal Rules of Civil Procedure which requires that the title of the action shall include the names of all of the parties"). Thus, Plaintiff's request for leave to amend should be denied, particularly in light of Plaintiff's unilateral action in attempting to proceed pseudonymously without prior approval.

7

However, even if the Court determines that it would be appropriate to allow the amendment, such an amended pleading: a) would properly be limited solely to the substitution of Plaintiff's actual name throughout the pleading in the place of the pseudonym; and b) would be futile in any event inasmuch as Plaintiff's Complaint fails to state a claim upon which relief can be granted against any Defendant and should be dismissed pursuant to Defendants' respective 12(b)(6) motions.[3]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny, in its entirety, Plaintiff's Motion for Protective Order for Permission to Proceed Pseudonymously, or In the Alternative, for Leave to Amend the Complaint.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
jrabin@hallrender.com

---

[3] In addition, the document attached to Plaintiff's Complaint as Exhibit A (which Plaintiff sought to seal merely because it discloses his identity) should be unsealed. The same is true of Exhibit B to Plaintiff's Motion for Temporary Restraining Order and to Show Cause (which is the same document).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
jrabin@hallrender.com