# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

    Defendants.

CASE NO. 21-cv-13032-GAD-CI
HON. GERSHWIN A. DRAIN

_____/

| | |
|---|---|
| CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By: **RONALD G. ACHO** (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | HALL, RENDER, KILLIAN, HEATH & LYMAN, PC<br>By: David A. French (P31944)<br>Attorneys for Defendant<br>101 W. Big Beaver Rd., Ste. 745<br>Troy, MI 48084<br>dfrench@hallrender.com |
| MIDWEST LEGAL PARTNERS, PLLC<br>By: **SAIF R. KASMIKHA** (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI   48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | |

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

**NOW COMES** Plaintiff John Doe, M.D., by and through his attorneys,

Cummings, McClorey, Davis & Acho, and for his Motion for Leave to Amend the

Complaint, prays that this Honorably Court grant the instant Motion and Plaintiff to file his attached First Amended Verified Complaint, see Exhibit 1.

Concurrence in the relief requested in this Motion was sought by email on January 27, 2022, but was not provided, necessitating the filing of this Motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order granting Plaintiff leave to Amend the Complaint, and to permit Plaintiff to file his attached First Amended Verified Complaint, attached hereto as Exhibit 1.

Respectfully Submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com
Dated: January 28, 2022          (P 23913)

Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Dated: January 28, 2022          Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.                                                    CASE NO. 21-cv-13032-GAD-CI
                                                      HON. GERSHWIN A. DRAIN

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

    Defendants.

_____/

| | |
|---|---|
| CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. <br> By: **RONALD G. ACHO** (P23913) <br> 17436 College Parkway <br> Livonia, MI 48152 <br> (734) 261-2400 <br> Attorneys for Plaintiff <br> racho@cmda-law.com | HALL, RENDER, KILLIAN, HEATH & LYMAN, PC <br> By: David A. French (P31944) <br> Attorneys for Defendant <br> 101 W. Big Beaver Rd., Ste. 745 <br> Troy, MI 48084 <br> dfrench@hallrender.com |
| MIDWEST LEGAL PARTNERS, PLLC <br> By: **SAIF R. KASMIKHA** (P74320) <br> 42705 Grand River Avenue <br> Suite 201 <br> Novi, MI  48375 <br> (248) 344-4570 <br> Attorneys for Plaintiff <br> skasmikha@midwestlegalpartners.com | |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## <u>FOR LEAVE TO AMEND THE COMPLAINT</u>

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................... ii

Issue Presented .......................................................................................... iii

Most Controlling Authority ........................................................................ iv

Introduction ................................................................................................. 1

Law and Argument ....................................................................................... 2

    I.     Standard of Review ......................................................................... 2

    II.    Leave Should Be Granted Given the Additional Factual
         Allegations Against Individual Defendants Lozon and
         Dimick and the Newly Added Defendant Mulholland .............................. 3

    III.   Leave Should Be Granted to Allow An Amendment
         to Plaintiff's Complaint Because the Proposed Amendment
         Does Not Fit Into Any of The Particularized Reasons for Denial ............. 4

Conclusion ................................................................................................... 6

# INDEX OF AUTHORITIES

## CASES

*Foman v. Davis*, 371 U.S. 178; 83 S.Ct.227; 9 L.Ed.2d 222 (1962)......................2, 5

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013) ...........................2, 5

*Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417 (6th Cir. 2000) .....................6

*Tucker v. Union of Needletrades, Indus, & Textile Emples*,
407 F.3d 784 (6th Cir. 2005)......................................................................................2

## RULES

Fed. R. Civ. P. 12(b)(6)................................................................................................6

Fed. R. Civ. P. 15(a)....................................................................................................2

Fed. R. Civ. P. 20(a)(2)...............................................................................................3

## ISSUES PRESENTED

**I. SHOULD LEAVE TO AMEND THE COMPLAINT BE GRANTED TO PLAINTIFF GIVEN THE ADDITIONAL FACTUAL ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS LOZON AND DIMICK AND THE NEWLY ADDED DEFENDANT MULHOLLAND?**

Plaintiff Answers: Yes
Defendants Would Answer: No.

**II. SHOULD LEAVE TO AMEND THE COMPLAINT BE GRANTED TO ALLOW AN AMENDMENT TO PLAINTIFF'S COMPLAINT BECAUSE THE PROPOSED AMENDMENT DOES NOT FIT INTO ANY OF THE PARTICULARIZED REASONS FOR DENIAL?**

Plaintiff Answers: Yes
Defendants Would Answer: No.

## <u>MOST CONTROLLING AUTHORITY</u>

1.  Fed. R. Civ. P. 15(a)

## **INTRODUCTION**

Plaintiff Dr. John Doe, M.D. has presented significant facts to support his claims against the named Defendants. But, leave to amend the Verified Complaint has been necessitated for two compelling reasons. First, there are new facts that have come to light, which require an amendment to the Complaint. Secondly, a material misrepresentation has been made to the Court by the Defendants, which is being addressed in the First Amended Verified Complaint. (Exhibit 1: 1st Amended Complaint, without proposed exhibits).

New information has surfaced which supports the addition of Defendant Michael Mulholland, M.D., who was Plaintiff Dr. Doe's superior. Defendant Mulholland is the one, based upon information and belief, who orchestrated the retaliatory actions perpetrated against Dr. Doe. Some of this information relating to the timeline of events was discovered as a result of the Defendants' recent filings, including information proffered in supporting declarations.

Additional factual allegations have also been included against individual Defendants Marie Lozon, M.D. and Justin Dimick, M.D. This includes facts that address Defendants' misrepresentations and show that, contrary to Defendants' representations, Dr. Doe cannot work at St. Joseph's and the Veterans Affairs Hospitals, as the Court was led to believe.

Lastly, Dr. Doe would request the opportunity to file this First Amended

1

Verified Complaint and have an evidentiary hearing and have an opportunity to conduct full discovery.

## LAW AND ARGUMENT

### I.     Standard of Review

A motion for leave to amend a pleading is governed by Fed. R. Civ. P. 15(a). An amendment "shall be freely given when justice so requires" and provides this Court broad discretion to permit amendments. *Tucker v. Union of Needletrades, Indus, & Textile Emples*, 407 F.3d 784, 788 (6th Cir. 2005). When considering a motion to amend, a Court will consider several factors in making its determination: "undue delay, bad faith or dilatory motive on the part of the movant,  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182; 83 S.Ct.227; 9 L.Ed.2d 222 (1962)).

Plaintiff's proposed First Amended Verified Complaint provides additional factual allegations against individual Defendants Lozon and Dimick, and proposed newly added party Defendant Michael Mulholland, M.D. These facts come from the same set of common facts as the counts pled through Plaintiff's initial Complaint.

As to proposed Defendant Mulholland, persons may be joined as defendants if there are asserted against them a right to relief arising out of the same transaction,

occurrence, or series of occurrences, and if a question of law or fact common to all

defendants will arise in the action. See Fed. R. Civ. P. 20(a)(2). Here, the individual

Defendants, including acted in concert to deprive Plaintiff Dr. Doe of his property

interest in his medical staff and his salary and his liberty interest in his good name,

reputation, honor, integrity, character and in pursuing his chosen profession, without

due process of law, in violation of the Fourteenth Amendment.

**II.     Leave Should Be Granted Given the Additional Factual Allegations Against Individual Defendants Lozon and Dimick and the Newly Added Defendant Mulholland.**

The proposed First Amended Verified Complaint contains factual allegations

against Defendant Lozon detailing the "precautionary suspension" she imposed on

Plaintiff Dr. Doe effective March 8, 2021and the resulting violations of the Medical

Bylaws. (See **Exhibit 1**: 1st Amended Complaint, ¶s 103-129, 240-243). The

proposed First Amended Verified Complaint also contains factual allegations

against Defendant Dimick detailing the 60% salary cut he imposed on Plaintiff Dr.

Doe and the resulting violations of the Medical Bylaws. (See **Exhibit 1**: 1st Amended

Complaint, ¶s 131-149, 240-242.)

Additional facts have been added to address Defendants' misrepresentation

that Plaintiff Dr. Doe's ability to work at St. Joseph's Hospital in Ann Arbor and the

Veteran Affairs Hospital shows that he can have a productive clinical practice. In

fact, Dr. Doe is being prevented by Defendants from working at these Hospitals.

As Chair for the Department of Surgery at Michigan Medicine, and Plaintiff

Dr. Doe's supervisor, Defendant Dimick is responsible for assigning cases to both

St. Joseph's Hospital in Ann Arbor and the Veteran Affairs Hospital. Defendant

Dimick has admitted that he could assign cases to Plaintiff Dr. Doe at these two

hospitals, but he has chosen not to do so. While Plaintiff still has his license to

practice medicine, the suspension, coupled with the ongoing delays which triggered

reporting, etc., makes it difficult for him, or anybody in his position, to obtain

staffing privileges at any other hospital. Plaintiff Dr. Doe cannot just simply get

staffing privileges at other hospitals while he awaits the Fair Hearing. Furthermore,

as an employee of Michigan Medicine, even if he could do that he would have to

obtain their permission. (See **Exhibit 1**: 1st Amended Complaint, ¶s 150-154).

Plaintiff also asserts additional factual allegations that Defendant Mulholland

retaliated against Plaintiff Dr. Doe after he raised concerns about certain

administrative decisions made by the Defendant. (See **Exhibit 1**: 1st Amended

Complaint, ¶s 44-47, 213-236, 243).

**III.   Leave Should Be Granted To Allow An Amendment to Plaintiff's Complaint Because the Proposed Amendment Does Not Fit Into Any of the Particularized Reasons For Denial.**

The factors relevant when considering a motion to amend include: "undue

delay, bad faith or dilatory motive on the part of the movant,  repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer,*

*supra,* 704 F.3d at 458, (quoting *Foman, supra,* 371 U.S. at 182.) Here, these factors

favor allowing Plaintiff to amend his Complaint.

There is no undue delay in Plaintiff's seeking leave to amend his Complaint.

The instant Motion is being filed, in part, in follow up to Plaintiff's Response to

Defendant Board of Regents of University of Michigan's Motion to Dismiss, *(***Dkt.**

**No. 34**, PAGE ID 827-864) and Plaintiff's Response to Defendant Marie Lozon,

M.D., and Defendant Justin Dimick, M.D.'s Motion to Dismiss. *(***Dkt. No. 35**, PAGE

ID 865-898). Further, as no discovery has been conducted, there is ample time for

the parties to create legal and factual theories and defenses.

There is no bad faith or dilatory motive by Plaintiff in seeking leave to amend

his Complaint as the instant case is in the initial stages. Plaintiff currently has a

pending request to amend his Complaint as an alternative to identify himself should

the Court deny his request to proceed pseudonymously. (**Dkt. No. 29**, Plaintiff's

Motion for Protective Order for Permission to Proceed Pseudonymously, Page ID

741-769). While this may be Plaintiff's second request to amend his Complaint,

there have been no repeated failure to cure deficiencies by previous amendments.

There is no prejudice to Defendants in allowing this amendment.

This amendment is not futile, although Plaintiff anticipates Defendants to

argue as such given that they have already once tried to prematurely have the claims

against Plaintiff Dr. Doe dismissed. "The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). Here, Plaintiff Dr. Doe's claims are viable, and the claims asserted are well-plead and are grounded in fact and law.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order granting Plaintiff leave to Amend the Complaint, and to permit Plaintiff to file his attached First Amended Verified Complaint, attached hereto as Exhibit 1.

Respectfully Submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com
Dated: January 28, 2022    (P 23913)

Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Dated: January 28, 2022    Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

6

## LOCAL RULE CERTIFICATION

I, Ronald G. Acho, certify that this document complies with Local Rule 5.1(a),

including: double-spaced (except for quoted materials and footnotes); at least one-

inch margins on the top, sides, and bottom; consecutive page numbering; and type

size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for

non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is

the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com
(P 23913)

Dated: January 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, which will send notification

to all parties of record. I hereby certify that I have mailed by United States Postal

Service the paper to the following non-ECF participants: None.

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400

7

Attorneys for Plaintiff
racho@cmda-law.com
Dated: January 28, 2022  (P 23913)