UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

     Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

     Defendants.

Case No. 21-cv-13032
Hon. Gershwin Drain
Hon Mag. Judge Curtis Ivy, Jr

_____

MIDWEST LEGAL PARTNERS, PLLC
By: Saif R. Kasmikha (P74320)
42705 Grand River Avenue, Suite 201
Novi, MI 48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

CUMMINGS, MCCLOREY, DAVIS &
ACHO, P.L.C.
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60317)
Attorneys for Defendants
101 W. Big Beaver Rd., Suite 745
Troy, MI 48084
dfrench@hallrender.com
jrabin@hallrender.com
ljensen@hallrender.com

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

NOW COME Defendants, BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, JUSTIN DIMICK, MD, and MARIE LOZON, MD, by and through their attorneys, HALL, RENDER, KILLIAN, HEATH & LYMAN, PC, and for the reasons set forth in the Brief attached hereto, respectfully request that this Honorable Court deny, in its entirety, Plaintiff's Motion for Leave to Amend the Complaint.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ David A. French
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60317)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com
jrabin@hallrender.com
ljensen@hallrender.com


Dated: February 4, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

      Plaintiff,

                                    Case No. 21-cv-13032

v.                                    Hon. Gershwin Drain
                                        Hon Mag. Judge Curtis Ivy, Jr

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE
LOZON, M.D., and JUSTIN DIMICK,
M.D., Individually,

      Defendants.

_____

MIDWEST LEGAL PARTNERS, PLLC
By: Saif R. Kasmikha (P74320)
42705 Grand River Avenue, Suite 201
Novi, MI 48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

CUMMINGS, MCCLOREY, DAVIS &
ACHO, P.L.C.
Ronald G. Acho (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

HALL, RENDER, KILLIAN, HEATH &
LYMAN, PC
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60317)
Attorneys for Defendants
101 W. Big Beaver Rd., Suite 745
Troy, MI 48084
dfrench@hallrender.com
jrabin@hallrender.com
ljensen@hallrender.com

_____

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

# TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUE PRESENTED ..................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR
   RELIEF SOUGHT ...................................................................................iv

INTRODUCTION ...........................................................................................1

STATEMENT OF FACTS ...............................................................................1

*THE INITIAL COMPLAINT* ..........................................................................1

*THIS COURT FINDS THAT PLAINTIFF IS UNLIKELY TO SUCCEED ON
   THE MERITS, AND DENIES HIS REQUEST FOR PRELIMINARY
   RELIEF* ....................................................................................................3

*THE PROPOSED AMENDED COMPLAINT* .....................................................4

STATEMENT OF LAW...................................................................................5

I.  PLAINTIFF'S PROPOSED CLAIMS AGAINST THE BOARD SUFFER
    FROM BASIC THRESHOLD FAILURES ..................................................6

    A.  The Board is Not a "Person" Under Section 1983 ...................................6

B.  THE BOARD IS IMMUNE FROM *ALL* OF PLAINTIFF'S CLAIMS
    UNDER THE ELEVENTH AMENDMENT...................................................7

    1.  Plaintiff's Section 1983 Claims Are Barred by the Eleventh
        Amendment .......................................................................................7

    2.  Plaintiff's State Law Claims Against the Board Are Barred by The
        Eleventh Amendment ........................................................................8

II.  PLAINTIFF'S SECTION 1983 CLAIMS FAIL AGAINST *ALL*
     DEFENDANTS AND ARE FUTILE BECAUSE HE STILL FAILS TO
     PLEAD THE DEPRIVATION OF PROTECTED PROPERTY OR
     LIBERTY INTEREST.............................................................................8

     A.  Plaintiff Failed to Plead a Protected Property Interest ..............................9

     B.  No Protected Liberty Interest.................................................................10

III.  PLAINTIFF'S PROPOSED SECTION 1983 CLAIMS AGAINST
      DEFENDANTS LOZON AND DIMICK AND PUTATIVE DEFENDANT
      MULHOLLAND ARE FUTILE .................................................................11

A.  Plaintiff Fails to Plead Allegations Sufficient to Hold the Individuals Liable ..................................................................................................11

B.  Plaintiff's Section 1983 Claims Against the Individuals Are Futile Because They Would Be Barred by Qualified Immunity ........................15

IV.  PLAINTIFF'S PROPOSED STATE LAW CLAIMS ARE FUTILE BECAUSE THEY FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED .....................................................................................16

A.  Plaintiff's Proposed Count II (Breach of Contract) Fails to State a Claim ..................................................................................................17

B.  Proposed Count III (Breach Of Fiduciary and Public Duties) Fails to State a Claim.............................................................................................17

C.  Proposed Count IV (Intentional Infliction Of Emotional Distress) Fails To State A Claim ..................................................................................18

D.  Proposed Count V (Retaliation) Fails to State a Claim ...........................19

V.  PLAINTIFF'S TORT CLAIMS ARE BARRED BY STATUTORY GOVERNMENTAL IMMUNITY ................................................................20

A. The Board Has Absolute Immune from Tort Liability Under Michigan Law ........................................................................................................20

B. The Individual Defendants and Putative Defendant Dimick Are Immune from Tort Liability...............................................................................20

VI.  PROPOSED COUNT VI (INJUNCTIVE RELIEF) FAILS BECAUSE THERE IS NO UNDERLYING ACTIONABLE CLAIM ...........................21

VII.  PLAINTIFF'S ENTIRE PROPOSED AMENDED COMPLAINT IS FUTILE BECAUSE PLAINTIFF CANNOT PROCEED UNDER A PSEUDONYM ...........................................................................................22

VIII.  THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO EXHAUST HIS REMEDIES................................................22

CONCLUSION ........................................................................................................23

CERTIFICATE OF SERVICE ...............................................................................24

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

1. Should the Court deny Plaintiff's request for leave to amend the Complaint as futile.

   Defendants answer "yes."

   Plaintiff would answer "no."

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

Cases

*Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc*., 185 F.3d 606 (6th Cir. 1999) ...................................... 13

*Bhan v. Battle Creek Health Systems*, 579 F. App'x 438 (6th Cir. 2014) .............. 3

*Board of Regents v. Roth*, 408 U.S. 564 (1972) ....................................................... 3

*Boxill v. O'Grady*, 935 F. 3d 510 (6th Cir. 2019)................................................... 14

*Campbell v. Republican Cent. Exec. Comm*., No. 05-293, 2006 WL 8445439, at *6 (E.D. Ky. Mar. 29, 2006) ........................................................... 14

*Campbell v. University of Louisville*, 862 F. Supp. 2d 578 (W.D. Ky. 2012)......... 7

*Carney v. Christiansen*, 375 F. App'x 494 (6th Cir. 2010) ............................... 6, 22

*Georgalis v. Facebook, Inc*., 324 F. Supp. 3d 955 (N.D. Ohio 2018)............... 5, 22

*Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2008) ................................................. 9

*Hubbard v. Select Portfolio Servicing, Inc*., No. 16-11455, 2017 WL 3725475 (E.D. Mich. Aug. 30, 2017) aff'd, 736 F. App'x 590 (6th Cir. 2018) ................................................................................................................. 18

*Innovative Environmental Solutions, Inc. v. AIG Domestic Claims, Inc*., 08-13212, 2008 WL 5110589, at (E.D. Mich. Dec. 2, 2008) ................................ 13

*McKenna v. Bowling Green State Univ*., 568 F. App'x. 450 (6th Cir. 2014) ...... 6, 7

*McPike-McDyess v. Regents of the Univ. of Michigan*, No. 14-14658, 2015 WL 626769, at *1 (E.D. Mich. Feb. 12, 2015)............................................... 6, 8

*Muzquiz v. W.A. Foote Memorial Hosp., Inc*., 70 F.3d 422 (6th Cir. 1995) .......... 13

*Nurse Midwifery Associates v. Hibbett*, 918 F.2d 605 (6th Cir.1990), opinion modified on reh'g., 927 F.2d 904, cert. denied, 502 U.S. 952, 112 S.Ct. 406, 116 L.Ed.2d 355 (1991) ........................................................................... 13

*Nurse Midwifery Assocs. v. Hibbett*, 918 F.2d 605 (6th Cir. 1990) ...................... 13

*Saad v. City of Dearborn Heights*, No. 11-10103, 2012 WL 72244, at *3 (E.D. Mich. Jan. 10, 2012).............................................................................. 20

*Salvatierra v. AT&T Servs. Inc*., No. 19-02624, 2020 WL 5702273, at *5 (N.D. Tex. Sept. 24, 2020)................................................................................. 6

*Terrance v. Northville Regional Psychiatric Hosp*., 286 F.3d 834 (6th Cir. 2002) ................................................................................................ 11

*Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div*., 987 F.2d 376 (6th Cir. 1993) .............................................................. 5

*Uduko v. Cozzens*, 975 F. Supp. 2d 750 (E.D. Mich. 2013) ................................. 15

*Weiner v. Klais & Co*., 108 F.3d 86 (6th Cir.1997) .............................................. 10

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ............................................................................. 6

Statutes

42 U.S.C. § 1983 ................................................................................. passim

42 U.S.C. §§ 11131 ...................................................................................... 2

Other Authorities

Medical Staff Bylaws ............................................................................. 9, 10

Mich. Const., Article VIII § 5 .................................................................... 2

Rules

Fed. R.Civ. P. 12(b)(1) ................................................................................ 3

Fed. R.Civ. P. 12(b)(6) ........................................................................ 1, 3, 5

## INTRODUCTION

Already pending before this Court are Rule 12(b)(6) Motions to Dismiss on behalf of Defendant Board of Regents of University of Michigan ("Board") and the individual Defendants, Dr. Marie Lozon and Dr. Justin Dimick. Plaintiff's proposed Amended Complaint, despite its additional numbered paragraphs, fails to overcome the fatal deficiencies from which his original Complaint suffers. The purported amendment is simply a lengthier re-hash of his original Complaint: i.e. he alleges only the restriction of his medical staff privileges and a reduction in his salary, nothing more, which do not give him a claim under the Constitution or federal law. Just as in the original Complaint, these alleged interests are insufficient to state any valid claim against any of the Defendants or putative Defendant.  Nor does the addition of a proposed new Defendant, Dr. Michael Mulholland, nor the deficiently-pleaded allegations of conspiracy, salvage Plaintiff's claims. For these and the other reasons specified herein, the Motion for Leave to Amend should be denied.

## STATEMENT OF FACTS

### *The Initial Complaint*

In the initial Complaint, filed on December 29, 2021, Plaintiff stated that he is a physician member of the medical staff with the University of Michigan Health

System ("UMH"). (ECF # 1, ¶ 3).[1]  According to that initial Complaint, after three "non-event matters," UMH suspended his clinical privileges indefinitely and reported him to the National Practitioner's Data Bank ("NPDB").[2] (ECF # 1, ¶¶39-40). He alleged that an action to recommend the revocation of his clinical privileges was made and that his request for renewal of his clinical privileges was denied. (ECF # 1, ¶¶86, 91).[3] He also complained that his salary was reduced by 60%. (ECF #1, ¶ 93).

Plaintiff claimed that these actions violated 42 U.S.C. § 1983.  Specifically, he claimed that he had property interests in both his salary and his clinical privileges (ECF # 1, ¶ 103),  and that the reduction in his salary and the suspension and non-renewal of his clinical privileges violated his rights under the Fourteenth Amendment to the U.S. Constitution.[4]  In addition to the only federal claim Plaintiff

---

[1] UMH is a hospital and health system operated by the University of Michigan. (ECF #1, ¶ 4). Under the Michigan Constitution, the Regents of the University of Michigan are a body corporate and are charged with the University's general supervision. Mich. Const., Article VIII § 5.

[2] The NPDB is an informational database about healthcare providers established under 42 U.S.C. §§ 11131, et. seq. According to the law, all health care entities must report to the NPDB "a professional review action that adversely affects the clinical privileges of a physician for a period longer than 30 days." *Id.* § 11133(a)(1).

[3] Although the Complaint acknowledges that only a recommendation to revoke his privileges has been made (ECF # 1, ¶ 92), he suggested elsewhere in the Complaint that his clinical privileges are actually "revoked." (ECF # 1, ¶ 63).

[4] He also claimed that Defendants deprived him, without due process, of a liberty interest in his "good name, reputation, honor, integrity, and character, and in pursuing his chosen profession." (ECF # 1, ¶ 108).

alleged, he asserted various claims under state law. These included breach of contract, breach of fiduciary or public duties, intentional infliction of emotional distress and a claim of retaliation. Plaintiff also sought injunctive relief.

### This Court Finds that Plaintiff is Unlikely to Succeed on the Merits, and Denies His Request for Preliminary Relief

On the same date that Plaintiff filed his Complaint, he filed a Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Be Issued. (ECF # 3) (hereafter, Motion for TRO").[5]   On January 14, 2022, this Court denied Plaintiff's Motion for TRO. (ECF # 28). In doing so, the Court first concluded that Plaintiff was not likely to succeed on the merits of his claims. In so ruling with regard to Plaintiff's Fourteenth Amendment claim, the Court considered the Supreme Court's decision in *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), and subsequent cases.

The Court noted that the alleged property interest on which Plaintiff relied was the UMH Medical Staff Bylaws. The Court held that "the bylaws do not grant Plaintiff a contractual right to practice medicine" and recited *Bhan v. Battle Creek Health Systems*, 579 F. App'x 438, 448 (6th Cir. 2014), for the proposition that there

---

[5] On January 4, 2022, Defendants filed Motions to Dismiss. (ECF # 14 and # 15). Those Motions seek dismissal for failure to state claims on which relief can be granted (under Fed. R.Civ. P. 12(b)(6) and for lack of personal jurisdiction (Fed. R.Civ. P. 12(b)(1)) because Plaintiff lacked permission from the Court to proceed pseudonymously prior to filing of the Complaint. As of this filing, those Motions were fully briefed.

were "no cases in Michigan where a state court held that Medical Staff Bylaws create a contractual relationship with a physician who … is granted clinical staff privileges." (ECF # 28, p. 6). As a result, the Court ruled that Plaintiff was not likely to succeed on the merits of his claim for violation of due process under the Fourteenth Amendment. (ECF # 28, pp. 6-7). The Court further held that, even if Plaintiff's clinical privileges and salary qualified as a protected property interest, he did not "plead facts indicating how each Defendant violated Plaintiff's constitutional protections." (ECF # 28, p. 7). Further, Plaintiff's "brief fails to address affirmative defenses available to public officials and entities, such as the Eleventh Amendment of the United States Constitution and qualified immunity." *Id*.

### The Proposed Amended Complaint

In the proposed Amended Complaint, Plaintiff includes **all of the same causes of action** against the Board of Regents and the original individual Defendants.[6] Plaintiff now seeks to name another individual Defendant, Dr. Michael Mulholland, the former Chair of the Department in which Plaintiff works. (ECF # 38-1, ¶ 210). Plaintiff also sprinkles the proposed pleading with additional alleged acts of wrongdoing by the two originally-named individual defendants, some of which he describes as "collusion" or "conspiracy." (ECF # 38-1, ¶¶ 70, 144, 241-243).[7]

---

[6] The claim for breach of contract now seems limited to Defendant Board of Regents.

[7] In the declaration of Dr. Marie Lozon, an unsealed copy of which was served on Plaintiff (the request to seal is pending), Dr. Lozon recounted the long history of

With regard to Plaintiff's sole federal claim, under 42 U.S.C. § 1983, he repeats the already rejected claim that his salary and clinical privileges are property interests protected by the Fourteenth Amendment. (ECF # 38-1, ¶ 164). He also repeats the allegation that he has a liberty interest "in his good name, reputation, honor, integrity, and character." (ECF # 38-1, ¶ 169). Significantly, Plaintiff does not claim that the alleged Fourteenth Amendment violation derives from any source of law not previously relied upon.

## STATEMENT OF LAW

A proposed amendment is futile where the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div*., 987 F.2d 376, 383 (6th Cir. 1993) (plaintiff's proposed claim against the Michigan Department of Treasury would not withstand a motion to dismiss "since as part of the state it is immune under the Eleventh Amendment, and it is not a 'person' within the meaning of section 1983"). A pleading is also futile where the court would lack personal jurisdiction. *Georgalis v. Facebook, Inc*., 324 F. Supp. 3d 955, 962 (N.D. Ohio 2018). Finally, a pleading

---

events involving Plaintiff's improper conduct at UMH. Despite Plaintiff's prolix pleading where he attempts to create the misleading impression that he was somehow a victim, Plaintiff nowhere denies in any material manner the detailed statements contained in Dr. Lozon's declaration. In fact, he admits that he showed a video to a resident containing racially-charged and otherwise offensive language. (ECF # 38, ¶¶ 49c, 234).

is futile where the plaintiff was required but failed to exhaust administrative or contractual remedies. *Carney v. Christiansen*, 375 F. App'x 494, 497 (6th Cir. 2010) (administrative remedies); *Salvatierra v. AT&T Servs. Inc*., No. 19-02624, 2020 WL 5702273, at *5 (N.D. Tex. Sept. 24, 2020) (contractual remedies).

## I.   PLAINTIFF'S PROPOSED CLAIMS AGAINST THE BOARD SUFFER FROM BASIC THRESHOLD FAILURES

Plaintiff's proposed Amended Complaint against the Board is futile because threshold issues dispose of such claims as a matter of law.  The Board is neither a "person" capable of being sued under Section 1983 and the Eleventh Amendment bars all of his proposed federal and state law claims.

### A. The Board is Not a "Person" Under Section 1983

Plaintiff's purported amendment is futile inasmuch as he has no valid claim against the Board under 42 U.S.C. § 1983. The Board is not a "person" subject to suit under that law. See e.g., *McKenna v. Bowling Green State Univ*., 568 F. App'x. 450, 456 (6th Cir. 2014); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *McPike-McDyess v. Regents of the Univ. of Michigan*, No. 14-14658, 2015 WL 626769, at *1 (E.D. Mich. Feb. 12, 2015). Indeed, this Court in *McPike* was careful to note that whether a defendant is a person under Section 1983 is a separate issue from whether Eleventh Amendment immunity applies.  In the words of the Court:

> Even if the Court were to conclude that it had jurisdiction to entertain Plaintiff's Complaint [i.e. that Eleventh Amendment immunity did not apply], the Court would nonetheless find that Plaintiff has failed to state a claim upon which relief may be granted. . . . to the extent that Plaintiff's Complaint can be read as attempting to assert a federal constitutional claim under 42 U.S.C. 1983, it is well-established that states, state entities-such as the University of Michigan Board of Regents-and state officials sued in their official capacities are not 'persons' subject to suit for constitutional violations under 42 U.S.C. § 1983."

*Id*. at n. 2. (citations omitted).[8]  Despite the multiplicity of filings by Plaintiff in the case at bar, his counsel has never addressed this issue, nor attempted to offer any authority or even argument concerning the same.[9]  Due to this undeniable fact and the clear law on this issue, the ineluctable conclusion is that Plaintiff's purported amendment is a frivolous filing and claim.

## B. The Board is Immune from *All* of Plaintiff's Claims Under the Eleventh Amendment

### 1. Plaintiff's Section 1983 Claims Are Barred by the Eleventh Amendment

Defendant Board is protected from Plaintiff's Section 1983 claims by the Eleventh Amendment. See e.g., *McKenna, supra*; *Campbell v. University of Louisville*, 862 F. Supp. 2d 578, 582 (W.D. Ky. 2012). For both the fact that

---

[8] For additional authority on this argument, see ECF # 14, pp. 3-4 & n.4.

[9] Federal Rule of Civil Procedure 11 specifies that an attorney who submits, signs or advocates for a pleading certifies that the claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." See also 28 U.S.C. § 1927.

Defendant Board of Regents is not a person under Section 1983 and Eleventh Amendment Immunity, Plaintiff's Amended Complaint fails to state any valid claim against the Defendant Board, and his request to amend should be denied as futile.

### 2. Plaintiff's State Law Claims Against the Board Are Barred by The Eleventh Amendment

All of Plaintiff's state law claims against the Board, whether for monetary or injunctive relief, are barred by Eleventh Amendment immunity.[10] Those claims (Counts III, IV and V) are therefore futile.

## II. PLAINTIFF'S SECTION 1983 CLAIMS FAIL AGAINST *ALL* DEFENDANTS AND ARE FUTILE BECAUSE HE STILL FAILS TO PLEAD THE DEPRIVATION OF PROTECTED PROPERTY OR LIBERTY INTEREST

Plaintiff's Section 1983 claims rest on the alleged deprivation of his rights under the Fourteenth Amendment without procedural due process. However, Plaintiff has still failed to plead the deprivation of interests protected by the Fourteenth Amendment. That fact disposes of these claims against all Defendants and would-be Defendant Mulholland. His Section 1983 claims are futile.

---

[10] For more, see ECF # 14, p. 4. In responding to the Board's Motion to Dismiss, Plaintiff made the baseless assertion that the Board did not meet its burden to show that it was an "arm of the state." However, Plaintiff ignored settled authority to the contrary, including cases **specifically involving** U of M and other state university-owned hospitals. *Id.* See also *McPike-McDyess v. Regents of the Univ. of Michigan*, No. 14-14658, 2015 WL 626769, at *1 (E.D. Mich. Feb. 12, 2015) (Eleventh Amendment barred Plaintiff's Section 1983 claim against UM Board of Regents).

## A. Plaintiff Failed to Plead a Protected Property Interest

As noted, Plaintiff's proposed Amended Complaint still rests on the Medical Staff Bylaws to support his due process claim for suspension and/or non-renewal of his clinical privileges.[11] This Court already ruled that is not a viable theory. (ECF # 28, pp. 6-7).[12] Plaintiff's claim in the proposed Amended Complaint that his salary was a property interest also rests on the Medical Staff Bylaws and therefore suffers from the same infirmity.[13]

After this Court's ruling, Plaintiff relied in his response to the Motions to Dismiss on *Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2008). However, as shown by Defendant Board of Regents in its Reply Brief, the allegations in this case rest on an entirely different premise and are plainly distinguishable.[14]

Plaintiff also claims that the University of Michigan Regents Bylaws (rather than the Medical Staff Bylaws) were a "contract" that was somehow breached by the suspension of privileges and salary reduction. (ECF # 38-1, ¶ 185a). Plaintiff's

---

[11] A copy of these, as referenced in the Amended Complaint, is attached as Ex. A. The Rules and Regulations to which Plaintiff alludes, and which are referred to in the Medical Staff Bylaws, are attached as Ex. B.

[12] For more, see ECF # 14, pp. 6-11.

[13] For more, see ECF # 39, pp. 2-4 & n.4. Plaintiff's has elsewhere implied that his salary reduction somehow relates to a change in his faculty status, but the Amended Complaint does not (and cannot) allege that his salary reduction relates to anything other than his ***clinical*** (rather than academic) role. See Defendants Lozon and Dimick's Reply Brief, ECF # 39, p. 4 n.4).

[14] ECF # 40, pp. 3-5. Instead, more apposite authorities cited there dispose of Plaintiff's legal theory.

9

insinuation that the suspension of his privileges was somehow impermissible under the Regents' Bylaws is flatly erroneous.  It is the UMH Medical Staff Bylaws, not the Regents' Bylaws, that govern suspension of clinical privileges, and the Medical Staff Bylaws grant the UMH Board final say and complete discretion on any suspension or other action against a physician's privileges.[15]

Finally, ***all*** of these claims – whether based on the Medical Staff Bylaws or the Regents' Bylaws - rest on an alleged contractual obligation and therefore are not actionable under Section 1983.[16]

### B. No Protected Liberty Interest

Plaintiff's claims based on deprivation of a liberty interest in his "good name, reputation, honor, integrity and ability to pursue his chosen profession" are equally

---

[15] Contrary to any claim or other implication by Plaintiff, Regents' Bylaws 5.09 has no import whatsoever for any claim in the case at bar.  By their very terms, those Bylaws pertain to faculty positions at the University, not clinical positions at UMH.  See Regents' Bylaws. (Ex. C). Bylaw 5.09 by its express terms is invoked and only applies when the University initiates dismissal, demotion or terminal appointment of a faculty member's tenured or tenure-track position. *Id.* Plaintiff's purported amendment is entirely bereft of any claim that the University of Michigan has initiated a proceeding against him to dismiss him from his tenured position. As such, it is irrelevant to the case at bar.  Moreover, it is entirely proper for the Court to review the text of the cited Regents' Bylaw on a motion to dismiss.  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir.1997). This protects the defendant, without which "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.*
[16] See ECF # 14, pp. 11-12.

meritless. First, Plaintiff does not claim the inability to pursue his chosen profession but, instead, alleged harm to his current job.[17] Second, the alleged harm to his reputation is insufficient as a matter of law.[18]

## III. PLAINTIFF'S PROPOSED SECTION 1983 CLAIMS AGAINST DEFENDANTS LOZON AND DIMICK AND PUTATIVE DEFENDANT MULHOLLAND ARE FUTILE

As shown above, Plaintiff cannot maintain his Section 1983 claims against any Defendant because he did not plead protected property or liberty interests. Even assuming *arguendo* that he did, however, the claims against the individual Defendants, and putative Defendant Mulholland, are futile for additional reasons.

### A. Plaintiff Fails to Plead Allegations Sufficient to Hold the Individuals Liable

The proposed Amended Complaint would still seek relief under Section 1983 against Defendants Lozon and Dimick, and now Dr. Mulholland, in their individual capacities. (ECF 38-1, caption).[19] However, Plaintiff was required to "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint **and what each defendant did to violate the asserted right**." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis added).

---

[17] For more, see ECF # 14, pp. 12-14.

[18] *Id.*

[19] For the proposition that the relief sought is from them in their individual capacities, see ECF # 15, p. 8 & n.5.

Plaintiff does not attribute either of the challenged actions - a reduced salary or suspension of his clinical privileges – to specific individuals. First, he claims that *Defendant Lozon* initiated only a "precautionary suspension" but it was the Executive Committee on Clinical Affairs ("ECCA") which voted to extend that action just eight days later. *Id*. at ¶¶ 109 & 112. Second, while Plaintiff claims that *Defendant Dimick* reduced his salary, he states that this was the "direct result" of the *ECCA's* vote to continue that suspension. *Id*. at ¶¶ 134 & 144. Third, Plaintiff does not claim that *Defendant Mulholland* reduced Plaintiff's salary or suspended his clinical privileges. In fact, Plaintiff acknowledges that Dr. Mulholland is the *former* Chair of Surgery. (ECF # 38-1, ¶ 210). Plaintiff does not plead sufficient facts that either the named individual Defendants or putative Defendant Mulholland violated his procedural due process rights. In fact, Plaintiff does not allege that any of the individual defendants even had *authority* to afford him a hearing prior to a reduction in his salary or the suspension of his privileges. For these reasons, the proposed claims against them are futile.

Plaintiff's new accusations of "conspiracy" and "collusion" between certain of the Defendants do nothing to turn Plaintiff's Section 1983 claims into viable ones. The proposed Amended Complaint now alleges (¶ 243) that putative Defendant Dr. Mulholland "conspire[ed] with Dr. Lozon directly to paper [Plaintiff's] file and manage incident reports in an effort to remove Dr. Doe from practice - in retaliation

12

of Dr. Doe successfully challenging the improper administrative actions of Dr. Mulholland that violated the guidelines and customs of Michigan Medicine." Further, Plaintiff makes the conclusory assertion (¶ 241) that Dr. Dimick engaged in "collusion" with Dr. Lozon to deprive Plaintiff "of his ability to practice medicine at Michigan Medicine and other facilities where he still maintains clinical privileges."

However, the well-established intra-corporate conspiracy doctrine recognizes that there can be no conspiracy between a hospital and members of its medical staff. *Nurse Midwifery Associates v. Hibbett*, 918 F.2d 605, 614 (6th Cir.1990), opinion modified on reh'g., 927 F.2d 904, cert. denied, 502 U.S. 952, 112 S.Ct. 406, 116 L.Ed.2d 355 (1991); *Muzquiz v. W.A. Foote Memorial Hosp., Inc*., 70 F.3d 422, 429 (6th Cir. 1995). Although the Sixth Circuit once considered an exception for conspiracy among individual members of a medical staff act for an "independent personal stake" in the conspiracy's objective, ***the Sixth Circuit has since declined to recognize this exception***. *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc*., 185 F.3d 606, 619 (6th Cir. 1999) (citing *Nurse Midwifery Assocs. v. Hibbett*, 918 F.2d 605, 611 (6th Cir. 1990)).[20]

---

[20] A federal court sitting in diversity and therefore applying Michigan law may recognize the exception. See *Innovative Environmental Solutions, Inc. v. AIG Domestic Claims, Inc*., 08-13212, 2008 WL 5110589, at * 2 (E.D. Mich. Dec. 2, 2008). However, Plaintiff's proposed Amended Complaint does not allege a basis for diversity jurisdiction. Moreover, even if the exception applied, Plaintiff's

Therefore, Plaintiff fails to plead an actionable conspiracy among the individuals.

Further, even assuming *arguendo* that the intra-corporate conspiracy doctrine somehow did not apply, "a civil conspiracy under § 1983 requires ***"an agreement between two or more persons to injure another by unlawful action***." *Boxill v. O'Grady*, 935 F. 3d 510, 519 (6th Cir. 2019) (internal citations and quotations omitted; emphasis added). Plaintiff "must plead enough facts to support a reasonable inference that there was a ***single plan***, that the alleged coconspirator shared in the general ***conspiratorial objective,*** and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.*

The proposed Amended Complaint contains no factual allegations of a ***single plan***, a conspiratorial objective or any agreement whatsoever. Instead, as noted, Plaintiff merely states that Defendant Lozon initiated a precautionary suspension, that the ECCA continued that suspension, and that Defendant Dimick then reduced Plaintiff's salary based on the ECCA action and with the approval of the Office of Clinical Affairs. (ECF # 38-1, ¶¶ 109, 112, 134, 144 & 210). These bare allegations nowhere show or allege a single plan to achieve any particular objective. See e.g., *Campbell v. Republican Cent. Exec. Comm.*, No. 05-293, 2006 WL 8445439, at *6 (E.D. Ky. Mar. 29, 2006) ("***there are no allegations of any agreement anywhere in***

---

proposed Amended Complaint does not plead facts that either the individual Defendants or putative Defendant Mulholland acted with an independent personal stake in the objectives of reducing his salary or suspending his clinical privileges.

*the amended complaint, only the conclusory language cited above*") (emphasis added). In addition, "it is insufficient to allege that 'the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 773-774 (E.D. Mich. 2013). For this reason, too, the proposed conspiracy claims are futile.

### B. Plaintiff's Section 1983 Claims Against the Individuals Are Futile Because They Would Be Barred by Qualified Immunity

In order for Plaintiff to avoid dismissal based on qualified immunity against these individuals in their individual capacities, the Court must determine that: (a) the facts alleged would establish the violation of a constitutional right; and (b) that the constitutional right alleged was "clearly established" when the alleged misconduct occurred. *Id*.[21]

As shown in Section II, *supra*, Plaintiff has failed to plead the violation of a constitutional right. Further, as shown in Section III.A., *supra*, Plaintiff has failed to plead viable claims of conspiracy. For both of these reasons, Plaintiff has not alleged the deprivation of a constitutionally-protected right.

In addition, Plaintiff cannot demonstrate that the alleged rights were "clearly established" such that existing precedent places the constitutional question "beyond

---

[21] See ECF # 15, pp. 12-13.

debate."[22] No court in the Sixth Circuit (or other appellate court, let alone the Supreme Court) has held that circumstances such as those alleged violate a plaintiff's Fourteenth Amendment rights. It is therefore beyond peradventure that Plaintiff has not and cannot show that any such rights were clearly established and beyond debate. For this reason, too, Plaintiff's proposed Count I is futile.

## IV.   PLAINTIFF'S PROPOSED STATE LAW CLAIMS ARE FUTILE BECAUSE THEY FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED

As noted, Plaintiff seeks to pursue the same state law claims as were contained in the original Complaint. These include claims for: (a) breach of contract against the Board (Count II); (b) breach of fiduciary and public duties against "all Defendants;" (Count III); (c) intentional infliction of emotional distress against "all Defendants" (Count IV); and (d) retaliation against "all Defendants."

As shown above, all of Plaintiff's state law claims against the Board are barred by Eleventh Amendment immunity. In addition, however, each of these state-law claims fails to state claims on which relief can be granted, no matter from which Defendant they seek relief.

---

[22] See ECF # 15, pp. 13-15.

## A. Plaintiff's Proposed Count II (Breach of Contract) Fails to State a Claim

In proposed Count II, Plaintiff alleges that Defendant Board, only, breached the Medical Staff Bylaws which he again asserts constitute a contract.[23] As set forth above, this Court ruled (consistent with many prior decisions) that medical staff bylaws are not contracts.[24] And, although Plaintiff now claims by mere conclusion that the ***Regents'*** Bylaws (in addition to the Medical Staff Bylaws) constitute a contract, he neither alleges any of the elements necessary to the formation of a contract, nor can he allege that any such contract was breached.[25] This claim, no matter whom he names as a Defendant, is futile.

## B. Proposed Count III (Breach Of Fiduciary and Public Duties) Fails to State a Claim

Plaintiff's proposed Count III claims that the unspecified "Defendant" had duties "to its staff and the community at large to operate the hospital in the interest of public health care" and that the same unspecified "Defendant" must "operate the hospital in a manner which permits the staff to meet its professional obligations to patients." (¶¶ 188-189). He then claims categorically that ***all*** Defendants violated these "fiduciary and public duties" in various ways. *Id*. at ¶¶191-197.

---

[23] Although the heading of this Count identifies only "Defendant University of Michigan," numbered paragraphs which follow refer to a breach by "Defendants." (ECF # 38-1, ¶¶ 183-185).

[24] For more, see ECF # 14, pp. 7-10.

[25] See Section II.A, *supra*.

Plaintiff's failure to plead which "Defendant" even owed him the above duties, let alone which Defendants violated the same, means that he has failed to state a claim. *Hubbard v. Select Portfolio Servicing, Inc*., No. 16-11455, 2017 WL 3725475, at \*2-3 (E.D. Mich. Aug. 30, 2017) (adopting report and recommendation that plaintiff "failed to plead which 'Defendant' even owed him the above duties, let alone which 'defendants' violated" the same), aff'd, 736 F. App'x 590 (6th Cir. 2018).

Further, Plaintiff can cite no applicable authority that any defendant owed him the duties alleged; in fact, established Michigan law demonstrates otherwise.[26] Proposed Count III is therefore futile.

### C. Proposed Count IV (Intentional Infliction Of Emotional Distress) Fails To State A Claim

Proposed Count IV alleges intentional infliction of emotional distress. Similar to the careless pleading reflected in the prior claims, Plaintiff fails to identify which "Defendants" intended to cause him severe emotional distress. That alone renders it futile for failure to state a claim.

Moreover, the bare legal conclusions included in this Count are insufficient as a matter of law to support a claim of intentional infliction of emotional distress, particularly where they rely merely on an alleged salary reduction and non-renewal

---

[26] For more, see ECF # 14, pp. 19-21.

of Plaintiff's clinical privileges.[27] For both of these reasons, proposed Count IV is futile.

### D. Proposed Count V (Retaliation) Fails to State a Claim

Proposed Count V asserts "retaliation." The heading of this claim again identifies "ALL DEFENDANTS." In the numbered paragraphs which follow, he refers to specific actions taken by certain individuals and suggests that the individuals took action against him because he "sent two letters that were very critical of how the health system operated along with an editorial criticizing how things were done at the medical center from both an administrative as well as a clinical standpoint." Plaintiff also cited the extent of the involvement of Mike Mulholland, then-Chairman of the Department of Surgery in rearranging staff and leadership. (Proposed Amended Complaint, ¶ 210). He identifies the date of one such letter as having been sent about eight years ago. (*Id.*, ¶ 211). He summarizes the issues as "involving improper conduct in the workplace and his subsequent complaint to the appropriate leadership chain." (*Id.*, ¶ 239).

However, Plaintiff still identifies ***nothing in this proposed claim*** that would give him legal protection from retaliation. Generic allegations of complaining about "how things were done" and unspecified "workplace conduct" are insufficient to

---

[27] For more, see ECF # 14, pp. 21-23.

sustain a retaliation claim.[28] This claim is futile.

This claim (like Plaintiff's general allegations) includes specific but conclusory statements conspiracy and "collusion" among the individuals. However, Plaintiff offers no basis to hold persons individually liable for the alleged "retaliation" (and for conduct which is not protected by law in the first place).[29] Further, as noted, Plaintiff has failed to plead factual allegations supporting a single plan or agreement. The claim is futile.

## V.   PLAINTIFF'S TORT CLAIMS ARE BARRED BY STATUTORY GOVERNMENTAL IMMUNITY

### A. The Board Has Absolute Immune from Tort Liability Under Michigan Law

Proposed Counts III and IV seek relief from the Board in tort. However, Michigan's governmental tort liability act precludes such claims against the Board as a matter of law.[30] Both claims are therefore futile.

### B. The Individual Defendants and Putative Defendant Dimick Are Immune from Tort Liability

Plaintiff's proposed tort claims also seek relief from Defendants Dimick and Lozon, as well as Dr. Mulholland. However, as described in the individual

---

[28] For more, see ECF # 14, pp. 23-24.

[29] "Even improper actions fall within the scope of employment where they are connected with the employer's business." *Saad v. City of Dearborn Heights*, No. 11-10103, 2012 WL 72244, at *3 (E.D. Mich. Jan. 10, 2012).

[30] For more, see ECF # 14, pp. 18-19.

Defendants' Motion to Dismiss, the Court must determine whether: (a) the defendant's acts were undertaken during the course of employment and the employee was acting, or reasonably believed he was acting, within the scope of his authority; (b) the acts were undertaken in good faith, or were not undertaken with malice; and (c) the acts were discretionary, as opposed to ministerial.[31] But, where the complaint contains no factual allegations upon which Plaintiff can avoid governmental immunity for such torts, the claim should be dismissed.[32]

In his proposed Amended Complaint, Plaintiff states that his salary reduction was done in "bad faith" and that Defendant Lozon was "actively involved in facilitating" the suspension of his privileges in "bad faith." (ECF # 38-1, ¶¶ 123, 155). However, Plaintiff pleads no facts to support the bad faith that supposedly motivated them. Further, Plaintiff does not allege that these individuals were not acting, or did not reasonably believe they were acting, in the scope of their authority. Nor, of course, does Plaintiff claim that the actions were ministerial. The claims are therefore futile.

## VI.  PROPOSED COUNT VI (INJUNCTIVE RELIEF) FAILS BECAUSE THERE IS NO UNDERLYING ACTIONABLE CLAIM

Proposed Count VI seeks injunctive relief. However, the absence of

---

[31] ECF # 15, p. 17.

[32] *Id.*

underlying actionable claims renders this claim futile.[33]

## VII.   PLAINTIFF'S   ENTIRE   PROPOSED   AMENDED COMPLAINT IS FUTILE BECAUSE PLAINTIFF CANNOT PROCEED UNDER A PSEUDONYM

Plaintiff's proposed Amended Complaint is futile because the Court lacks

personal jurisdiction. *Georgalis, supra.* Plaintiff cannot proceed under a pseudonym

without having sought and obtained approval by the Court to do so.[34]

## VIII.  THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO EXHAUST HIS REMEDIES

As shown, Plaintiff's claims rest on various alleged violations of the Medical

Staff Bylaws. However, Plaintiff's failure to exhaust the remedies required by

Section 1.1 of the associated Rules and Regulations (which section is entitled,

"Exclusive Remedy") warrants dismissal of all such claims (Ex. B).[35] Those claims

are therefore futile. See e.g., *Carney, supra*.  Moreover, Plaintiff's claim that the

alleged immediacy and irreparability of his injury should outweigh his failure to

exhaust is completely belied by his dilatory filing of a claim for relief in this matter,

as this Court has already found in its Order denying his claim for preliminary relief.

See ECF # 28 p. 8, finding delay in filing and citing other grounds to show that no

irreparable injury exists in the instant case.

---

[33] For more, see ECF # 14, p. 24 & n.22.

[34]  See the Motion to Dismiss brought by the individual Defendants (ECF No. 15) and Defendants' response to Plaintiff's Motion for Protective Order (ECF # 37).

[35] For more, see ECF # 14, pp. 24-25.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Honorable

Court deny, in its entirety, Plaintiff's Motion for Leave to Amend the Complaint.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ David A. French
David A. French (P31944)
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60317)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
dfrench@hallrender.com
jrabin@hallrender.com
ljensen@hallrender.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on February 1, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to attorneys of record at their registered e-mail addresses.

/s/ David A. French
David A. French (P31944)
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
dfrench@hallrender.com