UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                                         Case No.: 21-13032
                                                      Hon Judge: Gershwin A. Grain
       Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

       Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC | CUMMINGS, McCLOREY, DAVIS |
| By: SAIF R. KASMIKHA (P74320) | & ACHO, P.L.C |
| 42705 Grand River Avenue | By: RONALD G. ACHO (P23913) |
| Suite 201 | 17436 College Parkway |
| Novi, MI 48375 | Livonia, MI 48152 |
| (248) 344-4570 | (734) 261-2400 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| skasmikha@midwestlegalpartners.com | racho@cmda-law.com |
| | |
| HALL, RENDER, KILLIAN, HEATH & LYMAN, PC | Charles Blackwell |
| David A. French (P31944) | 22655 Fairmont Dr |
| Jonathon A. Rabin (P57145) | Apt 102 |
| Larry R. Jensen (P60317) | Farmington Hills, MI, 48335 |
| Attorneys for Defendants | 313-739-3597 |
| 101 W. Big Beaver Rd., Suite 745 | cblack618@gmail.com |
| Troy, MI 48084 | Proposed Intervenor |
| dfrench@hallrender.com | |
| jrabin@hallrender.com | |
| ljensen@hallrender.com | |

_____/

1

## MOVANT MOTION FOR REASONABLE ACCOMDATIONS FOR A REMOTE HEARING UNDER THE REHABILATION ACT

NOW COMES Movant Charles Blackwell, proceeding *pro se*, and states at follows:

1. For the reasons set forth in the accompanying brief, Plaintiffs request that this Court grant the Movant a reasonable accommodation of participating in the May 12th, 2022, motion hearing via Zoom or other remote means. (ECF No. 49, PageID.1338)

2. Movant suffers from paraplegia and has no functioning of the lower extremities.

3. Movant would suffer undue hardship due to his paraplegia to attend this Court hearing in person due to a health and logistical standpoint.

4. Movant respectfully requests that this Court grant his request to attend this Court hearing remotely pursuant to section 504 of the Rehabilitation Act of 1973.

5. Pursuant to Local Rule 7.1(a), Movant certifies that he contacted Plaintiff and Defense Counsel expressing nature of the relief sought. Plaintiff counsel denied concurrence in this matter. Defendant Counsel concurred in the relief sought.

## CONCLUSION

For the reasons stated above, Movant respectfully requests that this Court grant his Motion and arrange for the Movant to attend the court hearing remotely.

## CERTIFICATE OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on March 10th, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D               Case No.: 21-13032
                            Hon Judge: Gershwin A. Grain

    Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

    Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: SAIF R. KASMIKHA (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C<br>By: RONALD G. ACHO (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com |
| HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com | Charles Blackwell<br>22655 Fairmont Dr<br>Apt 102<br>Farmington Hills, MI, 48335<br>313-739-3597<br>cblack618@gmail.com<br>Proposed Intervenor |

_____/

**MOVANT BRIEF IN SUPPORT OF MOTION**

4

## **ISSUES PRESENTED**

I. **SHOULD THE MOVANT WHO IS PARALYZED BE GRANTED REASONABLE ACCOMDATIONS UNDER SECTION 504 OF THE REHABILITION ACT?**

        Plaintiff Answers: NO

        Defendant Answers: Yes

        Movant Answers: Yes

## **INTRODUCTION**

Movant, Charles Blackwell ("Movant Blackwell"), suffers from paraplegia and have no functioning of his lower extremities. As an initial matter, Movant would like to bring to the Court's attention the total lack of courtesy by the Plaintiff counsel in this matter by unreasonable withholding concurrence in this motion. Plaintiff Counsel denied concurrence for the present motion before this Court. (**Attached Exhibit A: Acho Email**) Plaintiff Counsel asked this Court for an accommodation of his pre-planned cozy vacation in the sunshine State of Florida (ECF No. 45) Counsel then now refuses to concur to accommodate a party who is paralyzed and seeking remote means to participate in a court proceeding. The Eastern District of Michigan Civility Principles states "In civil actions, we will stipulate to relevant matters if they are undisputed and if no good-faith advocacy basis exist for not stipulating" (**Attached Exhibit B: Civility Principles, Pg. 2, ¶9**) This goes directly against the civility principle of no-good faith advocacy basis exist for not stipulating considering the fact Court proceeding has been held remotely for two years now due to COVID-19. The Court should denounce such discourtesy and callous actions by a member of the bar because no logical reasons exist to withhold concurrence.

## **LAW AND ARGUMEMT**

Under the ADA, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Likewise, the Rehabilitation Act provides that, "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). Any accommodation on the part of the entity only needs to be "reasonable." <u>Johnson v. City of Saline</u>, 151 F.3d 564, 571 (6th Cir.1998). An accommodation is not reasonable if it imposes a fundamental alteration in the nature of the program. See 28 C.F.R. § 35.130. The public entity bears the burden of proving that the accommodation would fundamentally alter the program. <u>Popovich v. Court of Common Pleas Domestic Relations Div</u>., 227 F.3d 627, 639 (6th Cir. 2000), rev'd on other grounds, 276 F.3d 808 (6th Cir.2002) (en banc).

It would be "reasonable" to accommodate the Movant to appear remotely considering the Movant's paralysis and the COVID pandemic. It would place a highly undue burden on the Movant's from a logistical and health perspective to attend this hearing in person. Plaintiff is paralyzed and has no transportation. The

7

Court likely still has Zoom technology, software, and capability to allow the Movant to appear remotely. Movant's request would not fundamentally alter the nature of the functioning of the Court as Zoom proceeding had been a persistent during the early and middle stages of COVID-19.

## **CONCLUSION**

Movant respectfully asks this Court to grant his motion and arrange for the Movant to appear remotely for the hearing scheduled in this matter.

### CERTIFICATE OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on March 10, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.

## INDEX OF EXHIBITS

Exhibit A: Counsel Acho Email

Exhibit B: Eastern District of Michigan Civility Principles

**Exhibit A: Counsel Acho Email**

3/10/22, 4:50 PM
Case 2:21-cv-13032-GAD-CI ECF No. 50, PageID.1350 Filed 03/10/22 Page 11 of 18
Gmail - Doe v. Board of Regents Case 21-13032



Charles Blackwell <cblack618@gmail.com>

## Doe v. Board of Regents Case 21-13032

**Ronald G. Acho** <racho@cmda-law.com>  Thu, Mar 10, 2022 at 4:06 PM
To: Charles Blackwell <cblack618@gmail.com>
Cc: "skasmikha@midwestlegalpartners.com" <skasmikha@midwestlegalpartners.com>, Kathy Ueberroth <kueberroth@cmda-law.com>, "Julie A. Callahan" <jcallahan@cmda-law.com>

I am sorry but I do not concur.

Sent from my iPhone

> On Mar 10, 2022, at 4:01 PM, Charles Blackwell <cblack618@gmail.com> wrote:
>
> Hello
>
> Pursuant to Local Court Rule 7.1(a), I am seeking your concurrence in a motion to allow for me to participate in the May 12th, 2022 hearing via Zoom under the Rehabilitation Act of 1973.
>
> I have lower extremity paralysis and it would place an undue burden for me to attend this hearing in-person.

This email has been scanned for spam and viruses. Click here to report this email as spam.

**Exhibit B: Eastern District of Michigan Civility Principles**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

## CIVILITY PRINCIPLES

### Preamble

An attorney's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as attorneys, we will be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful and efficient manner.

A judge's conduct should be characterized at all times by courtesy and patience toward all participants. As judges we owe all participants in a legal proceeding respect, diligence, punctuality and protection against unjust and improper criticism or attack.

Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct tends to delay, and often deny, justice.

The following standards are designed to encourage us, judges and attorneys, to meet our obligations to each other, to litigants and to the system of justice, and thereby achieve the twin goals of civility and professionalism, both of which are hallmarks of a learned profession dedicated to public service.

We expect judges and attorneys will make a mutual and firm commitment to these standards. Voluntary adherence is expected as part of a commitment by all participants to improve the administration of justice throughout the Eastern District.

These standards shall not be used alone as a basis for litigation, sanctions or penalties. However, nothing in these standards supersedes or detracts from existing disciplinary codes or alters existing standards of conduct against which attorney negligence or misconduct may be determined.

These standards should be reviewed and followed by all judges and attorneys participating in any proceeding in the Eastern District. Copies may be made available to clients to reinforce our obligation to maintain and foster these standards.

Approved February 5, 1996

United States District Court  
Eastern District of Michigan

Civility Principles  
Page 2

## Attorneys' Responsibilities to Other Counsel

1) We will practice our profession with a continuing awareness that our role is to advance the legitimate interest of our clients. In our dealings with others, we will not reflect the ill feelings of our clients. We will treat all other counsel, parties and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications.

2) We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties or witnesses. We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

3) We will not encourage or knowingly authorize any person under our control to engage in conduct that would be improper if we were to engage in such conduct.

4) We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

5) We will not seek court sanctions without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

6) We will adhere to all express promises and agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

7) When we reach an oral understanding on a proposed agreement or stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide other counsel the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

8) We will endeavor to confer early with other counsel to assess settlement possibilities. We will not falsely hold out the possibility of settlement as a means to adjourn discovery or to delay trial.

9) In civil actions, we will stipulate to relevant matters if they are undisputed and if no good-faith advocacy basis exists for not stipulating.

Approved February 5, 1996

United States District Court  Civility Principles
Eastern District of Michigan  Page 3

10) We will not use any form of discovery or discovery scheduling as a means of harassment.

11) We will make good faith efforts to resolve by agreement our objections to matters contained in pleadings, discovery requests and objections.

12) We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

13) We will not request an extension of time solely for the purpose of unjustified delay or to obtain tactical advantage.

14) We will consult other counsel regarding scheduling matters in a good-faith effort to avoid scheduling conflicts.

15) We will endeavor to accommodate previously-scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars or other functions that produce good-faith calendar conflicts on the part of other counsel. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

16) We will notify other counsel and, if appropriate, the Court or other persons, at the earliest possible time when hearings, depositions, meetings or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the Court to use the previously-reserved time for other matters.

17) We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, recognizing that it is the attorney, and not the client, who has the sole discretion to determine the accommodations to be granted opposing counsel in all matters not materially or adversely affecting the client's legitimate rights. We will affirm that in such matters no client has a right to demand that his or her counsel shall be illiberal or that we do anything therein repugnant to our own sense of honor and propriety.

18) We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

19) We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions for the purposes of harassment or to increase litigation expenses.

20) We will not engage in any conduct during a deposition that would not be

Approved February 5, 1996

United States District Court  
Eastern District of Michigan

Civility Principles  
Page 4

appropriate in the presence of a judge.

21) We will not obstruct questioning during a deposition or object to deposition questions unless appropriate under the applicable rules.

22) During depositions, we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action.

23) We will carefully craft document production requests and/or interrogatories so they are limited to those documents we reasonably believe are necessary for the prosecution or defense of an action. We will not design production requests to place an undue burden or expense on a party.

24) We will respond to document requests and interrogatories reasonably and not strain to interpret the requests or interrogatories in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents and information fairly within the scope of the requests or interrogatories. We will not produce documents or answer interrogatories in a manner designed to hide or obscure the existence of particular documents or information.

25) We will base our discovery objections on a good-faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information.

26) When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the Court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the Court.

27) We will not ascribe a position to another counsel that counsel has not taken or otherwise seek to create an unjustified inference based on counsel's statements or conduct.

28) Unless specifically permitted or invited by the Court, or unless otherwise necessary, we will not send copies of correspondence between counsel to the Court.

## Attorneys' Responsibilities to the Court

1) We will speak and write civilly and respectfully in all communications with the Court.

2) We will be punctual and prepared for all Court appearances so that all hearings, conferences and trials may commence on time; if delayed, we will notify the Court and counsel, if possible.

Approved February 5, 1996

United States District Court Civility Principles
Eastern District of Michigan Page 5

3) We will be considerate of the time constraints and pressures on the Court and Court staff inherent in their efforts to administer justice.

4) We will not engage in conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in Court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5) We will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication.

6) We will not send letters to the Court (whether addressed to the Court or copies of letters to opposing counsel) that contain argument or criticize counsel in connection with a pending action, unless invited or permitted by the Court or as appropriate exhibits to Court filings, in which event a copy shall be provided to opposing counsel in such a manner as to insure delivery to opposing counsel on that same day that it is delivered to the Court.

7) Before dates for hearings or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the Court of any likely problems.

8) We will act and speak civilly to marshals, clerks, court reporters, secretaries and law clerks with an awareness that they, too, are an integral part of the judicial system.

### Court's Responsibilities to Attorneys

1) We will endeavor to be courteous, respectful and civil to attorneys, parties and witnesses. We will maintain control of the proceedings, recognizing that judges have both the obligation and the authority to insure that all litigation proceedings are conducted in a civil manner.

2) We will not employ hostile, demeaning or humiliating words in opinions or in written or oral communications with attorneys, parties or witnesses.

3) We will be punctual in convening hearings, meetings and conferences; if delayed, we will notify counsel, if possible.

4) The Court, recognizing the existence of family and business obligations of parties, witnesses and attorneys, will attempt, in scheduling all hearings, meetings and conferences, to be considerate of time schedules of attorneys, parties and

Approved February 5, 1996

        witnesses.

5) We will make reasonable efforts to decide promptly matters presented to us for decision.

6) While endeavoring to resolve disputes efficiently, we will be considerate of the time constraints and pressures imposed on attorneys.

7) We recognize that an attorney has a right and a duty to present a cause fully and properly, and that a litigant has a right to fair and impartial consideration.

8) We will not impugn the integrity or professionalism of any attorney on the basis of the clients whom, or the causes which, an attorney represents.

9) We will do our best to insure that Court personnel act civilly toward attorneys, parties and witnesses.

10) We will not adopt procedures that needlessly increase litigation expense.

11) We will bring to an attorney's attention uncivil conduct which we observe.

### Judges' Responsibilities to Each Other

1) We will be courteous, respectful and civil in opinions, ever mindful that a position articulated by another judge is the result of that judge's earnest effort to interpret the law and the facts correctly.

2) In all written and oral communications, we will abstain from disparaging personal remarks or criticisms, or sarcastic or demeaning comments about another judge.

3) We will endeavor to work with other judges in an effort to foster a spirit of cooperation in our mutual goal of enhancing the administration of justice.

Approved February 5, 1996