UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                               Case No.: 21-13032
                                            Hon Judge: Gershwin A. Grain
        Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

        Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: SAIF R. KASMIKHA (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C<br> By: RONALD G. ACHO (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com |
| HALL, RENDER, KILLIAN, HEATH & LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com | Charles Blackwell<br>22655 Fairmont Dr<br>Apt 102<br>Farmington Hills, MI, 48335<br>313-739-3597<br>cblack618@gmail.com<br>Proposed Intervenor |

_____/

1

## MOVANT CHARLES BLACKWELL MOTION TO ALTER JUDGMENT/OPINION

COMES NOW Movant Charles Blackwell, proceeding pro se, hereby moves this Court to Alter Its June 16th, 2022, Opinion and Order pursuant to Fed. R. Civ. P 59(e)

## BACKGROUND

Non-Party Charles Blackwell filed a motion to intervene and motion to unseal on January 3rd, 2022 (ECF# 8). This motion was centered on the principle that the public has a common law and First Amendment right to access court records and that the Plaintiff had improperly sealed exhibits to its Complaint and Motion for TRO. On June 16th, 2022, this Honorable Court entered a final opinion and order dismissing the Plaintiff Compliant; and dismissing non-party Blackwell motion to intervene and to unseal as moot.

## ARGUMENT

Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based. See McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( banc). This Court has made a palpable error that makes this motion to reconsider proper and appropriate. The Court denied non-party Blackwell motion to unseal on the doctrine of mootness.

As an initial matter, the party seeking to seal records bears the burden of showing why the Court should seal them. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. See *Shane Grp.*, 825 F.3d at 306. A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (1983). This case was initially assigned to Honorable Judge Edmunds. Judge Edmunds granted the Plaintiff motion to seal in two text-only orders on December 30th, 2021. Judge Edmunds actions to grant a motion to seal did not comply with *Shane Grp* requirement that a District Judge "set forth specific findings and conclusions "which justify nondisclosure to the public." Movant brought up this issue in (ECF #8 Page ID. 214). Text only orders put forth zero findings and conclusions. "[A] court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary," is itself sufficient ground to vacate the seal. *Shane Grp., 825 F.3d at 306*; *see also Goodman v. Fuller,* 960 F.2d 149 (6th Cir. 1992) (unpublished table decision) ("Where there is a challenge to the propriety of such a seal, however, and the district court, after

3

weighing the conflicting interests, remains of the view that curtailment of the public's right of access to the records of its court system is justified, it is essential for the court to present a reasoned analysis explaining why.").

This Court not only had the authority but had the obligation to revisit Honorable Judge Edmunds decision to improperly seal the Plaintiff exhibits. First, the court was fully within its authority to revisit its prior order. *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." (internal citations omitted)). In *RUDD EQUIPMENT v. JOHN DEERE CONST. & FORESTRY* 834 F. 3d 589, 594 (6th Cir) the Court stated:

> "The public's focus is not only on the litigation's result, but "also on the conduct giving rise to the case," and in both circumstances, "the public is entitled to assess for itself the merits of judicial decisions."

This binding appellate court opinion makes clear that the public has a right to be informed about not only the facts of the case but also the litigation results as well. The public cannot assess the merits of the Court's judicial decision if it does not have access to the exhibits in which it viewed and considered to help arrive at that decision. The "court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Shane Grp.,* 825 F.3d at 307. *Shane Group* keep makes clear that the Court has an obligation to keep its records

4

open for public inspection. (emphasis added) This Court seemingly put a closing period on the access of public records at the adjudication stage. That is contrary to the holding in Shane Group which puts an indefinite open period on the public right to access public records. The burden is on the Court and the Plaintiff to supply case authority to support its conclusion that the issue of court records are moot at the adjudication stage. For example, quite often cooperating criminal defendant's plea agreements and sentencing memorandums are sealed by the Court until they have been sentenced and all other co-defendants have been sentenced. Under the Court's decision in this case, the public would be prohibited from unsealing a Defendant's improperly sealed sentencing memorandum after they have been sentenced under the mootness doctrine since they have already been sentenced. Such legal conclusion is at odds with the First Amendment and common law.

    In sum, the issue of mootness was a clear error. The public records were improperly sealed by Honorable Judge Edmunds; they are still currently sealed from the public. This creates an actual controversy which gives the Court Article III jurisdiction to consider the motion on its merit. The court has an independent "obligation to consider the rights of the public." Knoxville News-Sentinel, 723 F.2d 470, 475 (1983). Judge Edmund failed to consider the rights of the public by granting the Plaintiff motion to seal without placing onto the record

the factual and legal basis that warranted disclosure. Then, this Court had an obligation to de novo revisit Judge Edmunds order to seal once Plaintiff filed a motion to unseal challenging that motion to unseal.

/s/CharlesBlackwell

Respectfully Submitted

## CONCLUSION

**WHEREFORE** Movant, Charles Blackwell, respectfully asks this Court to grant his motion to unseal exhibits.

## PROOF OF SERVICE

I hereby certify that I uploaded this motion and brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on June 16th, 2022, which will file this Motion With The Court Through the ECF/CM system and send notification to all attorneys of record.