UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D                                    Case No.: 21-13032
                                                 Hon Judge: Gershwin A. Grain

    Plaintiff,

-vs-

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, MARIE LOZON,
M.D., and JUSTIN DIMICK, M.D., Individually,

    Defendants,
_____/

| | |
|---|---|
| MIDWEST LEGAL PARTNERS, PLLC<br>By: SAIF R. KASMIKHA (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI 48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C<br>By: RONALD G. ACHO (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com |
| HALL, RENDER, KILLIAN, HEATH &<br>LYMAN, PC<br>David A. French (P31944)<br>Jonathon A. Rabin (P57145)<br>Larry R. Jensen (P60317)<br>Attorneys for Defendants<br>101 W. Big Beaver Rd., Suite 745<br>Troy, MI 48084<br>dfrench@hallrender.com<br>jrabin@hallrender.com<br>ljensen@hallrender.com | Charles Blackwell<br>22655 Fairmont Dr<br>Apt 102<br>Farmington Hills, MI, 48335<br>313-739-3597<br>cblack618@gmail.com<br>Proposed Intervenor |

_____/

1

## MOVANT CHARLES BLACKWELL REPLY TO THE DEFENDANT

**COMES NOW** Movant Charles Blackwell, proceeding pro se, hereby submits this reply to the Defendant ECF #64

## ARGUMENT

As the United States Second Circuit Court of Appeals succinctly stated: "The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court." *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 141 (2d Cir. 2004). The Court further stated:

> A district court that concludes that there is a public right of access to judicial documents thus acts within its jurisdiction when it modifies or vacates a protective order to allow that access, irrespective of whether it does so before or after a stipulation of dismissal has been filed.
>
> *Id*. at 142

Lastly, the Court in *Gambale* stated "parties to litigation nevertheless "cannot expunge the public interest by the simple expedient of filing a [withdrawal of action] with the court. The public's stake in the propriety and particulars of the court's adjudication does not evaporate upon the parties' subsequent decision to settle." Id. at 140.

2

This published authority from a sister circuit makes clear that the mootness doctrine does not apply regarding sealed public records even when the case has been dismissed or settled. Accordingly, "[a]s long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990), *cert. denied,* 498 U.S. 1073, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991).

Movant filed his motion to intervene and motion to unseal before the Defendant filed their motion to dismiss. (See ECF #8 and ECF #14). The public's stake in its right to obtain access to improperly sealed public records cannot be evaporated or mooted by the Court's decision to dismiss the Plaintiff's complaint.

Respectfully Submitted

## CONCLUSION

**WHEREFORE** Movant, Charles Blackwell, respectfully asks this Court to grant his amend its judgment and grant Movant motion to intervene and unseal.

## PROOF OF SERVICE

I hereby certify that I uploaded this reply brief to the Eastern District of Michigan Temporary Pro Se Upload Portal on June 21st, 2022, which will file this brief With The Court Through the ECF/CM system and send notification to all attorneys of record.