## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

     Plaintiff,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

     Defendants.

CASE NO. 21-cv-13032-GAD-CI
HON. GERSHWIN A. DRAIN

_____/

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.
By: **RONALD G. ACHO**  (P23913)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Plaintiff
racho@cmda-law.com

MIDWEST LEGAL PARTNERS,
PLLC
By: **SAIF R. KASMIKHA** (P74320)
42705 Grand River Avenue
Suite 201
Novi, MI  48375
(248) 344-4570
Attorneys for Plaintiff
skasmikha@midwestlegalpartners.com

HALL, RENDER, KILLIAN,
HEATH &
LYMAN, PC
By: David A. French (P31944)
Attorneys for Defendant
101 W. Big Beaver Rd., Ste. 745
Troy, MI 48084
dfrench@hallrender.com

_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF
### JUNE 16, 2022 ORDER (ECF 61) AND JUDGMENT (ECF 62)

Plaintiff, by and through its undersigned legal counsel, hereby files this motion pursuant to E.D.Mich. LR 7.1(h), Fed. R. Civ. P. 59(e), and Fed. R. Civ. P. 60(b)(1), asking the Court to grant Plaintiff reconsideration of the Court's June 16, 2022 Order Granting Defendants' Motions to Dismiss [#14, #15], Denying Plaintiff's Motion for Leave to Amend the Complaint [#38], and Dismissing as Moot the Remaining Motions [#3, #8, #16, #29, #33, #36, and #50] (ECF 61) (hereinafter "June 16, 2022 Order") and to reverse the Judgment entered on June 16, 2022 (ECF 62).

Specifically, Plaintiff is respectfully requesting that this Court vacate the Order that granted Defendants' motions for summary judgment and closed this case. Plaintiff is also seeking that this Court grant Plaintiff's motions to amend the Complaint and for injunctive relief. The Court's analysis specifically referenced arguments that the June 16, 2022 Order claimed were omitted from Plaintiff's pleadings and motion practice--but were, in fact, included, and public reports that the June 16, 2022 Order claimed did not exist, but, in fact, do exist and were specified. These errors are puzzling since they were clear and unambiguous and are pivotal to the case. These arguments are critical because, according to the Court's June 16, 2022 Order, Plaintiff's case could have survived the motions for summary judgment and the case could have continued in Federal Court.

This instant Motion is being filed in a timely manner pursuant to E.D.Mich. LR 7.1(h), and Fed. R. Civ. P. 59(e), to alter or amend a final order or judgment issued by this Court on June 16, 2022, within the 28 day time window afforded under the Federal Court Rules.

Plaintiff relies upon the attached Brief in Support and incorporates by reference herein, the law, facts, argument and authority cited therein. Concurrence in the relief requested in this Motion was requested by Plaintiff's counsel on July 12, 2022, but was not received, necessitating the filing of this Motion.

**WHEREFORE**, Plaintiff specifically requests that the June 16, 2022 Order and Judgment be set aside, that the case be reopened, and the parties be allowed to continue pursuing this matter in Federal Court.

Respectfully Submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Defendant
racho@cmda-law.com
Dated: July 13, 2022     (P 23913)

Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Dated: July 13, 2022     Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOE, M.D.,

     Plaintiff,

v.

THE BOARD OF REGENTS OF
THE UNIVERSITY OF MICHIGAN,
MARIE LOZON, M.D., and
JUSTIN DIMICK, M.D., Individually,

     Defendants.

CASE NO. 21-cv-13032-GAD-CI
HON. GERSHWIN A. DRAIN

_____/

| | |
|---|---|
| CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By: **RONALD G. ACHO**  (P23913)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Attorneys for Plaintiff<br>racho@cmda-law.com | HALL, RENDER, KILLIAN, HEATH & LYMAN, PC<br>By: David A. French (P31944)<br>Attorneys for Defendant<br>101 W. Big Beaver Rd., Ste. 745<br>Troy, MI 48084<br>dfrench@hallrender.com |
| MIDWEST LEGAL PARTNERS, PLLC<br>By: **SAIF R. KASMIKHA** (P74320)<br>42705 Grand River Avenue<br>Suite 201<br>Novi, MI   48375<br>(248) 344-4570<br>Attorneys for Plaintiff<br>skasmikha@midwestlegalpartners.com | |

_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF JUNE 16, 2022 <u>ORDER (ECF 61) AND JUDGMENT (ECF 62)</u>

# **TABLE OF CONTENTS**

Preamble..................................................................................................................1

Law and Argument................................................................................................1

Standard of Review..............................................................................................1

I.    Plaintiff's Response Did, In Fact, Unequivocally Address Defendants' Immunity Defense, Yet the Court's June 16, 2022 Order Did Not Seriously Consider The Facts Or Case Law Plaintiff Presented. ....................................................................3

II.    *Gunasekara* Applies As Plaintiff Alleged That Defendants' Actions Were Not Only Egregious, But Unprecedented, And Because It Is Analogous To the Liberty And Property Interests Created Here...................................................................6

6

III.    Plaintiff Proffered Evidence To Satisfy The Five Factors To Show The Deprivation Of An Individual's Liberty Interests Under the Due Process Clause. ..............................................9

Conclusion ...........................................................................................................13

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.    Did Plaintiff's Response Unequivocally Address Defendants' Immunity Defense, and Yet Did the Court's June 16, 2022 Order Did Not Seriously Consider The Facts Or Case Law Plaintiff Presented?

Plaintiff says "Yes".

Defendants would say "No".

II.    Does *Gunasekara* Apply As Plaintiff Alleged That Defendants' Actions Were Not Only Egregious, But Unprecedented, And Because It Is Analogous To the Liberty And Property Interests Created Here?

Plaintiff says "Yes".

Defendants would say "No".

III.    Did Plaintiff Proffer Evidence To Satisfy The Five Factors To Show The Deprivation Of An Individual's Liberty Interests Under the Due Process Clause?

Plaintiff says "Yes".

Defendants would say "No".

# CONTROLLING OR MOST APPROPRIATE
# AUTHORITY FOR THE RELIEF SOUGHT

## CASES

*Bank of California, N.A. v Arthur Andersen & Co.*, 709 F.2d 1174
(7th Cir. 1983)................................................................................2

*Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998) ............................................3

*Cacevic v City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000)....................................2

*DeVere v. State,* 149 N.H. 674, 872 A.2d 997 (2003) .......................................11, 12

*Dietrich v 2010-1-CRE-MI Retail, LLC*, No. 15-cv-13820,
2016 WL 3753560 (E.D. Mich. July 14, 2016) .......................................................1

*Doe v. Community Medical Center*, 353 Mont. 378;
221 P.3d 651 (Mont. 2009) ........................................................................9

*Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684 (6th Cir. 2012) ..............2

*Fleet Eng'rs, Inc. v. Mudguard Tech.*, LLC, No. 1:12-CV-1143,
2013 WL 12085183, (W.D. Mich. Dec. 31, 2013)....................................................2

*Gencorp, Inc. v American Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999) ..........1

*Gunasera v. Irwin*, 551 F.3d 461 (6th Cir. 2009) ......................................................6

*Hafer v. Melo*, 502 U.S. 21 (1991) .......................................................................4, 5

*Kentucky v. Graham*, 473 U.S. 159 (1985)..............................................................4

*Knapik v. Mary Hitchcock Mem'l Hosp.*,
90 F. Supp. 3d 292 (D. Vt. 2015).........................................................................9, 11

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404 (6th Cir. 2002)................................8

*Quinn v. Shirey*, 293 F.3d 315 (6th Cir. 2002) ......................................................10

*Schirrick v. AU Sable Valley Cmty. Auth.,* No. 04-10367,
2006 U.S. Dist. LEXIS 9069, (E.D. Mich. Feb. 16, 2006)......................................10

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)......................................5

## STATUTES

42 U.S.C. § 1983 ...............................................................................................3, 4, 5

## COURT RULES

E.D. Mich. Local Rule 7.1(h) ...............................................................................1

E.D. Mich. Local Rule 7.1(h)(1).............................................................................1

Fed. R. Civ. P. 59(e).............................................................................................1

Fed. R. Civ. P. 60(b) ...........................................................................................1

Fed. R. Civ. P. 60(b)(1)........................................................................................2

## PREAMBLE

The undersigned has the highest respect for this Honorable Court. But, courts are human and make mistakes. That is what occurred in the Court Order that was issued on June 16, 2022. There were material errors which can be rectified by granting Plaintiff's Motion.

## LAW AND ARGUMENT

**Standard of Review.**

A party may move for reconsideration of a final order or judgment under E.D. Mich. Local Rule 7.1(h). Local Rule 7.1(h)(1) states:

> *"Final Orders and Judgments. Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule."*

A party may move for reconsideration of a Court's prior ruling under Fed. R. Civ. P. 59(e). *Dietrich v 2010-1-CRE-MI Retail, LLC*, No. 15-cv-13820, 2016 WL 3753560 at *1 (E.D. Mich. July 14, 2016). "Reconsideration is generally warranted under Rule 59(e) 'if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.'" *Id.* (quoting *Gencorp, Inc. v American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted)). Rule 59(e) further provides that motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

1

Additionally, under Fed. R. Civ. P. 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b)(1) is appropriate "when a judge has made a substantive mistake of law or fact in [a] final judgment or order." *Cacevic v City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000. It is intended to allow clear errors to be corrected without the delay and cost of an appeal. *Id.* (quoting *Bank of California, N.A. v Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983).

The decision to grant or deny a motion for reconsideration under this Local Rule falls within the District Court's discretion. See *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012). A motion for reconsideration presents an opportunity for this Court to address an erroneous factual conclusion, because the Court overlooked or misconstrued the record, or to correct a misunderstanding of the law, because the Court applied the wrong standard, wrong test, relied on bad precedent, or something similar. It is also appropriate to otherwise prevent manifest injustice. *Fleet Eng'rs, Inc. v. Mudguard Tech*., LLC, No. 1:12-CV-1143, 2013 WL 12085183, at *1 (W.D. Mich. Dec. 31, 2013).

The Court's June 16, 2022 Order (ECF 61) erroneously contends that Plaintiff either waived, failed to address, or failed to satisfy certain elements of claims presented. (ECF 61: June 16, 2022 Order, pp. 9-10, 6-10, 17-18). However, a more

thorough and careful review of the submitted pleadings and motion practice establishes that Plaintiff specifically asserted those arguments and did so successfully, and in a manner that defeated Defendants' motions. Thus, the Court's June 16, 2022 Order contains clear errors of substantive law, the correction of which would result in the denial of Defendants' Motions to Dismiss, and granting Plaintiff leave to amend the Complaint.

## I. Plaintiff's Response *Did*, In Fact, Unequivocally Address Defendants' Immunity Defense, Yet The Court's June 16, 2022 Order Did Not Seriously Consider The Facts or Case Law Plaintiff Presented.

In Plaintiff's Response to Defendants Lozon and Dimick's Motion to Dismiss, Plaintiff argued that he had sufficiently alleged that the Individual Defendants acted in concert to initiate and extend his suspension and to significantly reduce his pay, in contravention of Michigan Medicine's own policies and procedures. The Individual Defendants acted under color of state law, deprived Plaintiff of his due process rights. (See ECF 35, Plaintiff's Response Brief, pp. 10-12). Yet, the Court, puzzlingly, simply ignored the facts and law Plaintiff presented. (ECF 61: June 116, 2022 Order, pp. 8-9.)

Plaintiff asserted a Fourteenth Amendment due process violation as is made actionable by 42 U.S.C. § 1983. To survive a motion to dismiss a claim under § 1983, the plaintiff only needs to allege two elements in its complaint: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived

the plaintiff of rights secured under federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Plaintiff, here, did this! (*See* ECF 1, Complaint ¶ 157 where Plaintiff alleges: "At all times relevant hereto, Defendants acted under color of state law to deprive Plaintiff of property interest protected by the Constitution of the United States of America."

In *Hafer v. Melo*, 502 U.S. 21 (1991), Pennsylvania's new auditor general fired 18 employees who preceded her tenure. Several of the fired employees filed suit against the auditor, alleging that they were fired because of their affiliation with the Democratic party, and seeking monetary damages and reinstatement. The district court consolidated the cases, and then dismissed them. Holding in pertinent part that "the § 1983 claims against Hafer were barred because, she could not be held liable for employment decisions made in her official capacity as auditor general. *Hafer*, 502 U.S. at 23. The Third Circuit Court of Appeals reversed this last portion of the district court's ruling.

The U.S. Supreme Court then granted certiorari, "to address the question of whether state officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities." *Id*. at 24. The Court sought to clarify the difference between personal capacity and official capacity lawsuits brought against state officials. The Court, citing *Kentucky v. Graham*, 473 U.S. 159 (1985), emphasized that "official-capacity suits 'generally represent only another way of

pleading an action against an entity of which an officer is an agent.'" *Hafer*, 502

U.S. at 25. As it relates to personal capacity suits the Court held that:

> Personal-capacity suits, on the other hand, *seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right*. While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Hafer*, 502 U.S. at 25 (internal citations omitted) (emphasis added).

The *Hafer* ruling applies with full force here, where Plaintiff alleges that the

individual Defendants acting in concert with others, conspired to deprive the

Plaintiff of his rights. Such rights include suspending him, prolonging his

suspension, causing him to be reported to various administrative agencies and

docking his pay. The *Hafer* court distinguished *Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58 (1989), holding that:

> Of course, the claims considered in Will were official-capacity claims; the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury. To the extent that *Will* allows the construction *Hafer* suggests, however, we now eliminate that ambiguity. *Hafer*, 502 U.S. at 26–27.

These arguments are not merely being restated to rehash arguments previously

presented to this Court. Rather, they are included to illustrate Plaintiff's position that

the issue was, contrary to the Court's June 16, 2022 Order, never ignored by

Plaintiff, and should now be considered by this Court and the Order and Judgment should be set aside.

## II. *Gunasekera*[1] **Applies as Plaintiff Alleged That Defendants' Actions Were Not Only Egregious, But Unprecedented, And Because It Is Analogous To The Liberty And Property Interests Created Here.**

### (a) **Plaintiff Showed, In An Unrebutted Fashion, That Defendants' Actions Were Unprecedented And Deviated From The Norm.**

Plaintiff presented facts to the Court that during the Grievance Hearing (which occurred after the filing of the Complaint but before motion practice on the issues ruled upon by this Court), that Michigan Medicine's representatives admitted that while other physicians have had their clinical privileges suspended, <u>Plaintiff was the first to have his clinical pay reduced and eliminated while awaiting a Fair Hearing or any other matter of due process</u>. (ECF 38-1, Plaintiff's Proposed First Amended Complaint and ECF 57, Plaintiff's Reply Brief, pp. 2-3.) Plaintiff advised the Court as follows:

> "*This continues while Plaintiff's clinical salary has been reduced from high six figures to zero! Defendants did this while forcing Dr. Doe to fight for his reputation, career, and livelihood in multiple venues with a clinical salary cut to $0 USD in a move that even Defendants admitted during the grievance proceedings was unprecedented for someone in Dr. Doe's position going through "due process" and a "fair hearing" to internally adjudicate these matters.*" See ECF 57, Plaintiff's Reply, p. 3.

Plaintiff also made similar allegations in his proposed Amended Complaint:

---

[1] *Gunasera v. Irwin*, 551 F.3d 461 (6th Cir. 2009).

> *"Defendant Dimick's actions are manifestly unfair, capricious, arbitrary and discriminatory because other surgeons that are tenured professors in the Medical School who are undergoing the same fair hearing process were not subject to a salary reduction."* (See ECF 38-1: Plaintiff's Proposed Amended Complaint ¶ 145, p. 28.)

This Court plainly ignored the facts that Plaintiff presented, and that were without any contradiction, that showed that Defendants' actions were both egregious and unprecedented.

### (b)   Plaintiff Alleged In Its Complaint, Proposed Amended Complaint, and Response Briefs That Certain Reports Exist, and Have Existed.

Despite the fact that Plaintiff has repeatedly and clearly advised the Court that that Defendants have issued unfair, fraudulent and damaging reports about Plaintiff to the National Practitioner Data Bank (NPDB), the Court erroneously stated in its June 16, 2022 Order:

> *"Instead, Plaintiff claims "an upcoming scathing and defamatory report to the State of Michigan Board of Medicine and [National Practitioner's Data Bank]" will irreparably harm his reputation. ECF No. 1, PageID.23. But no such report currently exists. ECF No. 38-1, PageID.955. And if no report exists, it is not publicly disseminated. For this reason as well, Plaintiff's liberty interest claim fails.* (ECF 61: Order, p. 18.)

Contrary to the Court's inaccurate conclusions, parts of Plaintiff's Complaint, proposed Amended Complaint, Motion for Injunctive Relief, and recent reply briefs indicated that such reports currently exist, and have, in fact, been issued multiple times by Defendants. At the time that his Complaint was first filed, Plaintiff was not

aware that Defendants had made these reports. He became aware after he was

notified after the initial filings, but around the time of the motion practice.

> *"Defendants also just recently issued another report to the NPDB indicating that he "allowed his clinical privileges to lapse while under investigation." (Emphasis added). This is a falsehood that can also be debunked by documentation and other evidence. It is a false statement filed in the National Practitioner Data Bank and Dr. Doe was notified of its filing just one day after the first day of the hearing, despite the fact that it references events from October and December of 2021, despite the fact that these filings are usually issued much sooner after the dates of action. This is not a coincidence."* (ECF 57: Plaintiff's Reply, p. 3).

Plaintiff informed the Court of these reports through his filings.

### (c)  This Court Erred By Concluding Defendants' Decision to Terminate Plaintiff's Clinical Privileges Was Wholly Discretionary.

This Court stated that the Sixth Circuit has held "that a party cannot possess

a property interest in the receipt of a benefit when the state's decision to award or

withhold the benefit is wholly discretionary." *Med Corp., Inc. v. City of Lima*, 296

F.3d 404, 409 (6th Cir. 2002).  (See ECF 61: June 16, 2022 Order, p. 15). However,

the Court erred by concluding that Defendants' decision to terminate Plaintiff's

clinical privileges was wholly discretionary because Defendants' powers to

terminate those privileges were not wholly discretionary in this case.

The bylaws are meant to hold the institution accountable and provide certain

rights to the provider. The Medical Staff Bylaws are not the only university policies

in play and not the only ones outlined by Plaintiff that were violated. This was also specified in the Complaint. (ECF 1: Plaintiff's Complaint, ¶s 147-149). This also addresses the issue of whether any documents, express or implied, prevent Defendants from reducing Plaintiff's salary. They do, and this was cited in the Grievance Hearing as well. A condition of Plaintiff's employment with Michigan Medicine requires both parties to adhere to these policies to the extent each specific section assigns duties, rights, and obligations to the respective party. Furthermore, there is also precedent involving the violation of bylaws being sufficient to grant injunctive relief. *See Knapik v. Mary Hitchcock Mem'l Hosp.*, 90 F. Supp. 3d 292 (D. Vt. 2015) and *Doe v. Community Medical Center*, 353 Mont. 378; 221 P.3d 651 (Mont. 2009), cited in Plaintiff's Motion for Injunctive Relief, ECF 3, pp. 3, 5, 15-16.

### III.    Plaintiff Proffered Evidence To Satisfy The Five Factors To Show The Deprivation Of An individual's liberty interests under the Due Process Clause.

This Court noted that the Plaintiff must plead five factors to state a claim for deprivation of a liberty interest: (1) the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment; (2) a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty, or malfeasance; (3) the stigmatizing statements or charges must be made public; (4) the plaintiff must claim

that the charges made against him were false; and (5) the public dissemination must have been voluntary. (See ECF 61: June 16, 2022 Order, p. 17, quoting *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002)).

The Court's misapplication of the facts to these criteria was critical in the decision to grant Defendants' motions. First, this Court stated that Michigan Medicine never terminated Plaintiff, which is the first element necessary to state a Due Process Clause claim concerning a deprivation of a liberty interest. See *Schirrick v. AU Sable Valley Cmty. Auth.,* No. 04-10367, 2006 U.S. Dist. LEXIS 9069, at *11 (E.D. Mich. Feb. 16, 2006) (dismissing a plaintiff's claim for deprivation of a liberty interest because "the defendant did not actually terminate her[.]"). However, Plaintiff suspension was a de facto termination, which has required him to go through an internal process to challenge this decision.

By all measures, if Plaintiff were "formally terminated" tomorrow, nothing would change. He cannot operate on patients. He cannot even see patients in a clinic or talk to them. Defendants reduced the clinical portion of Plaintiff's pay completely to zero—effectively eliminating it. Defendants did not renew Plaintiff's clinical privileges when the time came, and while this matter was pending, meaning Plaintiff is effectively not part of the medical staff. Defendants removed Plaintiff from the website that involves clinical staff (not faculty). Plaintiff is being deprived of

everything that accompanies being a clinician at Michigan Medicine while this matter is pending.

Second, this Court erroneously indicated there are no public "stigmatizing statements". (ECF 61: June 16, 2022 Order, p. 18). As stated and specified earlier, such a report *does* exist and this portion of the Court's June 16, 2022 Order must be revisited.

Third, the Court asserted in the June 16, 2022 Order that Plaintiff failed to argue that Plaintiff has been deprived of a hearing, and only argued that one has yet to occur. (ECF 61: June 16, 2022 Order, pp. 18). However, just because a hearing will occur does not mean that Plaintiff was granted a name-clearing hearing that will take place. Plaintiff sufficiently identified the various issues with the hearing. Furthermore, it is not a "name-clearing" hearing, because Plaintiff has been specifically ordered by the Hearing Officer not to address issues regarding loss of reputation or to bolster his case with any testimony from witnesses regarding loss of reputation or damage to his good name, or anything of that nature.

Further, futility is an exception to the exhaustion doctrine. *See DeVere v. State,* 149 N.H. 674, 872 A.2d 997, 999 (2003). In *Knapik, supra,* the plaintiff argued that exhaustion should not be required in her case because defendants failed to follow its own policy. That court found this argument to be persuasive. To establish futility, a plaintiff must show that the administrative tribunal lacked power to grant the relief

11

sought, or that the process *was so marked by delay or bias* that enforcement of the internal process is unreasonable. See *DeVere, supra,* (holding that petitioner's declaratory judgment petition seeking release of license plate records from state department of safety was not barred by exhaustion rule due to petitioner's failure to file formal application, where matter had been pending for five years and state conceded it would have rejected formal application as well). This argument was outlined in the motion for injunctive relief, but it also addresses the Court's ruling that merely holding a hearing is not sufficient to defeat this third prong.

Even if this Honorable Court accepted the argument that clinical privileges at Michigan Medicine do not create a protected liberty or property interest in any way – an argument that is still erroneous under these circumstances, Defendants have restricted Plaintiff's right to practice as a surgeon and to earn a living from operating. The revocation of his clinical privileges, along with the public report, jeopardizes his ability to work elsewhere. Furthermore, Defendants' counsel specifically cited Plaintiff's clinical privileges at St. Joseph's and the VA, but those privileges are directly tied to the relationship with Michigan Medicine, and Defendant Dimick admitted in the Grievance Hearing that he has the power to assign cases at both institutions and is refusing to assign Plaintiff any cases at those hospitals. (ECF 38: Plaintiff's Motion for Leave to Amend the Complaint, p. 4).

Furthermore, Michigan Medicine's policy specifically dictates that Plaintiff is not allowed to work at other hospitals and earn money from operating while being employed at the University of Michigan. There is a clear dispute of fact as to the allegation that Defendants' actions are preventing Plaintiff from practicing ang earning a living as a surgeon – a clear liberty and property interest (the ability to practice and earn a living under one's learned profession).

The fourth and fifth requirements, which the June 16, 2022 Order did not address, were clearly met because Dr. Doe is alleging the charges against him are false, and it is clear that Defendants have voluntarily disseminated these statements.

## <u>CONCLUSION</u>

Because the decision to deny Plaintiff's motions (Motion to Amend Complaint and Motion for Injunctive Relief) were predicated on those arguments relied upon in granting the motions to dismiss, Plaintiff also requests that the Court reconsider, amend, and ultimately alter in its entirety the June 16, 2022 Order (ECF 61). Plaintiff further requests that the case be reopened back to the Court's docket, and this matter proceed accordingly in Federal Court for the reasons stated herein.

**WHEREFORE**, Plaintiff specifically requests that the Judgment and June 16, 2022 Order and Judgement be set aside, that the case be reopened, and the parties be allowed to continue pursuing this matter in Federal Court.

Respectfully Submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Defendant
racho@cmda-law.com
Dated: July 13, 2022        (P 23913)

Saif R. Kasmikha (P74320)
Midwest Legal Partners, PLLC
Attorney for Plaintiff
42705 Grand River Avenue, Suite 201,
Novi, MI 48375
Dated: July 13, 2022        Office: (248) 344-4570
E-mail: skasmikha@midwestlegalpartners.com

## <u>LOCAL RULE CERTIFICATION</u>

I, Ronald G. Acho, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400

Attorneys for Defendant
racho@cmda-law.com

Dated: June 13, 2022          (P 23913)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Defendant
racho@cmda-law.com

Dated: June 13, 2022          (P 23913)

15