UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, M.D.,

    Plaintiff,

    v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, ET AL.,

    Defendant.

Case No. 21-cv-13032

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER DENYING NON-PARTY CHARLES BLACKWELL'S MOTION TO ALTER JUDGMENT/OPINION [#63] AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#66]**

**I. INTRODUCTION**

On June 16, 2022, this Court entered an Order granting Defendants, the University of Michigan Board of Regents, and Doctors Marie Lozon M.D., and Justin Dimick M.D.'s, (collectively, the "Defendants") Motions to Dismiss. ECF No. 61, PageID.1452. That same day, non-party Charles Blackwell filed a Motion to Alter Judgment/Opinion. ECF No. 63, PageID.1475. Defendants submitted their Response in Opposition to non-party Mr. Blackwell's Motion on June 21, 2022. ECF No. 64, PageID.1481. Plaintiff submitted a Motion for Reconsideration on July 13, 2022. ECF No. 66, PageID.1494. For the reasons that follow, the Court will **DENY** Mr. Blackwell and **DENY** Plaintiff's motion for reconsideration.

1

## II. LAW AND ANALYSIS

### A. Motion to Alter Judgment/Opinion

Non-party Mr. Blackwell requests that this Court revisit its June 16, 2022, decision pursuant to Fed. R. Civ. P. 59(e), finding his Motion to Intervene and Unseal Judicial Records [#18] moot. He also seeks a Court order "grant[ing] his motion to unseal exhibits." ECF No. 63, PageID.1480.

The Court declines to revisit Mr. Blackwell's requests. He provides no basis in his Motion to Alter Judgement/Opinion demonstrating why his intervention is proper. Instead, he argues "this Court had an obligation to de novo revisit Judge Edmunds order to seal" Plaintiff's filings. ECF No. 63, PageID.1480. While the parties may make such a request, Mr. Blackwell is not one of them. Additionally, both parties oppose the relief Mr. Blackwell seeks. The Court will therefore **DENY** Mr. Blackwell's Motion to Alter Judgment/Opinion.

### B. Motion for Reconsideration

Local Rule 7.1(h)(1) of the Eastern District of Michigan directs parties seeking reconsideration of final orders and judgments to file a motion under Fed. R. Civ. P. 59(e) or 60(b). Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] motion for reconsideration is not properly

used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Because Rule 60(b) is restricted by "public policy favoring finality of judgments and termination of litigation," the moving party must prove mistake, inadvertence, or excusable neglect by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). But a motion for reconsideration should be granted if the movant satisfies this burden.

Plaintiff requests this Court vacate its June 16, 2022 decision because it "erroneously contends that Plaintiff either waived, failed to address, or failed to satisfy certain elements of claims presented." ECF No. 66, PageID.1503. He offers three arguments in support. First, that the Court erred in its analysis of Defendants' immunity defense. Second, that the Sixth Circuit's decision in *Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009) applies to his case. And third, that Plaintiff plead facts to satisfy each factor to establish a liberty deprivation claim under the Due Process Clause of the Fourteenth Amendment. The Court addresses each argument in turn.

1. **Defendants' Immunity**

Plaintiff first argues the Court failed to "seriously consider" his argument challenging Defendants' immunity.[1] ECF No. 66, PageID.1504. He contends that 42 U.S.C. § 1983 claimants need only allege two elements to survive a motion to dismiss, irrespective of a party's immunity: (1) that the defendant acted under color of state law, and (2) that defendant's conduct deprived the claimant of rights protected under federal law. ECF No. 66, PageID.1504–05. That is incorrect.

Government officials sued in their individual capacity can "assert *personal* immunity defenses" like qualified immunity or absolute prosecutorial immunity. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (emphasis added). Unlike lawsuits against officers sued in their official capacity, the real party at interest in individual capacity actions is the named officer, not the office or government entity they represent. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, simply because someone sues a government official individually, does not mean the official loses their immunity defenses.

Plaintiff fails to engage with the language in the Court's June 16, 2022 Order explaining "[h]is Response in Opposition does not respond to Defendant Doctors' qualified immunity defense." ECF No. 61, PageID.1460. It does not; the phrase "qualified immunity" is not mentioned in his Response. *See* ECF No. 35,

---

[1] Plaintiff does not dispute that Eleventh Amendment immunity applies, so the Court focuses on the Doctor Defendants' personal immunity.

4

PageID.881–83. Nor does Plaintiff challenge Defendant Doctors' qualified immunity defense in his Motion for Reconsideration. Instead, Plaintiff largely copies his same discussion about *Hafer*, where the Supreme Court reasoned "immunity from suit under § 1983 is 'predicated upon a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it." 502 U.S. at 28–29. Plaintiff never disputed the Defendant Doctors' entitlement to qualified immunity, which constitutes a waiver. *See Ritchie v. Coldwater Cmty. Schools*, 947 F. Supp. 2d 791, 825 (W.D. Mich. 2013). Even if Plaintiff challenged Defendant Doctors' immunity, he does not plead that they deprived him of a federally protected right.

A motion for reconsideration that recycles the same facts and legal arguments previously asserted and considered is generally improper. *See Fischer v. United States*, No. 19-cv-13020, 2022 U.S. Dist. LEXIS 10234, at *2 (E.D. Mich. Jan. 19, 2022). This Court already explained how Plaintiff's failure to respond to Defendant Doctors' qualified immunity defense entitles them to the immunity shield. Finding no mistake in that issue's disposition, the Court declines to depart from its prior finding.

2. **Plaintiff's Property Interest Claim**

Next, Plaintiff argues the court erred in declining to recognize a property interest in his clinical privileges. ECF No. 66, PageID.1507. He contends that the

5

Court ignored facts plead in his Complaint and Proposed Amended Complaint demonstrating that he has a property interest in his clinical privileges.

The June 16, 2022 Order cited *Gunasekera* in support of its finding that Plaintiff did not plead a property interest in his clinical privileges. 551 F.3d at 467–68. The Court explained that *Gunasekera* recognized tenure as "a right intrinsic," *Id.* at 467., to the employee if he met four specific factors his employer defined. Those criteria established a "custom and practice" when satisfied, supporting the employee's argument that he sufficiently plead a property interest in his tenured professorship. *Id.*

Plaintiff does not plead facts identifying a custom or practice supporting his property interest claim in clinical privileges. First, he suggests that a statement made in his Proposed Amended Complaint about clinical tenured professors who also underwent the same hearing process did not receive salary reductions, which makes his case "unprecedented." ECF No. 66, PageID.1508. The Court recognized that a university taking an unprecedented action against an employee can support a party's "custom and practice" argument. ECF No. 61, PageID.1464. But Plaintiff does not plead specific facts distinguishing his case from other tenured professors with clinical privileges. More facts are needed to plead a claim entitling him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

6

do.'"). Moreover, "conclusory statements" like Plaintiff's claim that no other clinical instructor faced a salary reduction "do not suffice" to overcome a Rule 12(b)(6) motion to dismiss. *Id.* Factual allegations comparing Plaintiff's experience to similarly situated individuals is needed for a well plead complaint. *Id.* at 679.

Second, Plaintiff suggests the Court incorrectly determined Defendants have not publicly disseminated a report about his alleged misconduct. ECF No. 66, PageID.1508–09. He makes no citation to either his Complaint or Proposed Amended Complaint indicating when Defendants made a report about his misconduct public. *Id.* Plaintiff cites a single statement from a Reply brief suggesting "around the time of the motion practice" Defendants shared a report with National Practitioner's Data Bank ("NPDB") about Plaintiff's alleged misconduct. *Id.* at PageID.1509. The June 16, 2022 Court Order acknowledged that action, adding that hospitals are required by law to report "a professional review action" to the NPDB. 42 U.S.C. § 11133(a)(1). Plaintiff cites no authority supporting the proposition that mandatory reporting to a professional review board constitutes public dissemination. Again, he fails to identify an error in support of reconsideration.

7

Third, Plaintiff disagrees with the Court's analysis that Medical Staff Bylaws do not provide a contractual property interest supporting his claim.[2] Specifically, Plaintiff argues the Court misapplied *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002), which held "that a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." According to Plaintiff, the Medical Staff Bylaws are not wholly discretionary, so he can assert a property right under them. The Court disagrees. Plaintiff again cites no authority for this proposition that appears contrary to established Sixth Circuit precedent. *Id.* At a minimum, he fails to identify by clear and convincing evidence an error warranting reconsideration of his property interest claim. The Court will therefore deny reconsideration on this issue as well.

### 3. Plaintiff's Liberty Interest Claim

Finally, Plaintiff argues the Court erred in determining that he failed to establish a liberty interest under the Fourteenth Amendment's Due Process Clause. ECF No. 66, PageID.1511. He posits that his clinical privileges suspension is "a de facto termination," that "public stigmatizing statements" exist from the report to

---

[2] Plaintiff suggests the Court ignored other unspecified "university policies" in the Complaint. No other policies are discussed on the Complaint pages Plaintiff references in his Motion for Reconsideration. ECF No. 66, PageID.1510 (citing ECF No. 1, PageID.28.). Moreover, the paragraphs Plaintiff cites fall under his state law retaliation claim.

NPDB, and the fact a "name-clearing" hearing is scheduled does not cut against his due process deprivation claim. *Id.* at PageID.1511–12. These arguments cite no authority, and conflict with the caselaw cited in the Court's June 16, 2022 Order. *See* ECF No. 61, PageID.1468–71. Because Plaintiff identifies no mistakes or excusable neglect, the Court will DENY Plaintiff's Motion for Reconsideration.

### III. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Mr. Blackwell's Motion to Amend the Judgment/Opinion [#63].

IT IS FURTHER ORDERED that the Court will **DENY** Plaintiff's Motion for Reconsideration [#66].

**IT IS SO ORDERED.**

Dated: November 18, 2022  /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 18, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

9